UNITED STATES DISTRICT COURT
District of Columbia

Colin Andrew
As Class Representative
v.                                                    Civil Action No 1:16-cv-01775

Mark Herring et al

Defendants

FIRST AMENDED COMPLAINT

**Nature of Action**

1.      This class action arises out of the Defendants' violations of the constitutional right of the Plaintiff and the Class to have the judgments they may obtained or will obtain in District of Columbia or other courts outside of the Commonwealth of Virginia enforced within. Defendants incorrectly interpret a statutory scheme so as to favor judgments of the Commonwealth of Virginia over judgments of other states, thereby unconstitutionally depriving those such as the plaintiff class of the right to obtain judgments outside of the Commonwealth of Virginia and wish to have them enforced in Virginia.

2.      Defendants' statutory scheme creates a fund administered by the Commonwealth which will pay for unsatisfied judgments for fraud issued against Virginia auto dealers. The statute applies whenever any person is awarded a final judgment in a court of competent jurisdiction in the Commonwealth   As interpreted (incorrectly)  by the Commonwealth, this excludes foreign judgments recorded in Virginia and then issued by a Virginia Court.

3.      Thus, individuals such as the plaintiff, who are or are considering suing a Virginia Auto

Dealer, must sue in Virginia court if the dealer ultimately does not satisfy any judgment

4.    Plaintiff asserts individual and class claims under 28 USC 1983 for an injunction barring enforcement of the scheme, plus attorneys fees and expenses.

**Parties**

5.    Plaintiff Colin Andrew is a citizen of Maryland.  He was a citizen of Washington DC when the transaction leading to this litigation took place. .

6.    Defendant Mark Herring, is the Attorney General of the Commonwealth of Virginia.  He is being sued in his official capacity.

7.    Defendants Larry T. Bailey,  Roy E. Boswell, M. Gardner Britt, David P. Duncan, L. Steve Farmer, David Gripshover, Rick Holcomb, Clay Huber, William "Art" Hudgins, Brian P. Hutchens, Ronald Kody, Chip Lindsay, Chris Maher, Matthew McQueen, Jacques J. Moore, Jr, George R. Peltonand Joe Tate are members of the Virginia Motor Vehicle Board (the "Board").

**Jurisdiction**

9.    The court has subject matter jurisdiction as this case is grounded entirely on claims brought exclusively under 28 USC Section 1983 seeking enforcement of constitutional rights under the Full Faith and Credit Clause of the United States Constitution.

10.    Venue is proper because the incident out of which the instant action arose, the sale of the vehicle in question to plaintiff, took place within this district.

11.    Personal jurisdiction is appropriate over the defendants because the Board acts as a de facto guarantor of the debts of numerous Virginia Auto Dealers who derive a significant

2

portion of revenues from sales to residents of the District of Columbia.  Further, the

damage caused when the Board refuses to honor judgments obtained in DC Courts by DC

citizens takes place in this jurisdiction.

12.     See D.C. Code Ann. § 13-423 "Personal jurisdiction based upon conduct "

(a) A District of Columbia court may exercise personal jurisdiction over a person, who
    acts directly or by an agent, as to a claim for relief arising from the person's --

(4) causing tortious injury in the District of Columbia by an act or omission outside the
District of Columbia if he regularly does or solicits business, engages in any other
persistent course of conduct, or derives substantial revenue from goods used or
consumed, or services rendered, in the District of Columbia;
' ' ' ' ' ' '

(6) contracting to insure or act as surety for or on any person, property, or risk, contract,
obligation, or agreement located, executed, or to be performed within the District of
Columbia at the time of contracting . . .

13.     A large number of Dealers who are either on the Board or or pay fees for the Board's

suretyship (and other) services regularly solicit business from DC Residents, issue

paperwork for a substantial number of DC license plates and derive substantial revenues

from the District of Columbia.

14.     Notably among the dealerships owned by Board members in this regard are Ted Britt

Ford of Alexandria and Lindsay Cadillac Company.  Discovery will be served on these

Board Members to confirm the number of DC sales from Virginia Auto Dealers.

15.     The case law is clear on this point.  *See, e.g*, Automotive Finance v. Aberdeen Auto

Sales, 2007 U.S. Dist. LEXIS 60136 (S.D. Ind. 2007) (subjecting out of state guarantor to

personal jurisdiction); See also .  *The State Bank of The Alleghenies v. Hudnall*, 62 F.3d

1415 (4th Cir 1993, unpublished).  *See, e.g, General Electric Company v.  Deutz*, 270 F.

3

3d 144, 152 (3rd Cir. 2001); *Continental Bank v. Everett*, 964 F.2d 701, 701 (7th Cir.

1002).   Therefore, by agreeing to guarantee the potential obligations of businesses that

regularly subject themselves to the jurisdiction of the District of Columbia, the Board has

subjected itself to the jurisdiction of the District of Columbia.1

16.   To the extent any named Defendant is not subject to personal jurisdiction under the above

argument, they are subject to jurisdiction as an indispensable party, located within 100

miles of the Court.

RIPENESS

17.   The VMVDB has repeatedly affirmed its policy that it will refuse judgments from out-of-

state court.  On July 18, 2009, it denied the Claim of one Mashara Sato which claim

originated in a DC Superior Court. In its denial letter (Exhibit A to Complaint), the Board

stated

 "[Va Code 46.2-1527-3 set forth what claims are compensable from the fund.  First, the

retail consumer must initiate a lawsuit against a licensed Motor Vehicle Dealer <u>in</u>

<u>Virginia</u>" (emphasis added).

Id at page 4.

18.   Even further, in seeking dismissal as an indispensable party from the Superior Court

action Mr. Andrew filed against AIC, , the Board made this position even clearer:

> "[plaintiff] stated that the Board has a fund that pays up to $20,000
> for judgments which the dealer does not satisfy. However, the
> Virginia Statute which allows for recovery, Va. Code Sec
> 4212.1527.3, requires that a claimant be awarded a final judgment
> on a court in Virginia for fraud against a Dealer.  The case before
> this court is obviously not in Virginia

Exhibit B to Complaint at 2-3.

19.   The Board therefore has clearly stated to not just the current plaintiff but a former that that it will not honor out of state judgment.

20.   The next issue to be determined is when an aggrieved plaintiff is injured by such a constitutional violation.

21.   In 2009, the undersigned brought on behalf of Mr. Andrew and the Class a similar 1983 action in Virginia Federal Court. In dismissing the case, Judge Henry Hudson noted "t]he Amended Complaint filed in the case assumes that class plaintiffs will prevail in their out of state lawsuits and obtain a judgment which could form the basis of or a claim against the Fund." Exhibit C to Complaint at 4-5.  Therefore, Judge Hudson viewed the case as ripe as soon as a plaintiff had an actionable judgment against the fund.

22.   Therefore, as Mr. Andrew has an unsatisfied judgment for fraud against a Virginia Auto Dealer, the instant case is ripe for adjudication

**Class Action Allegations**

23.    This Action is brought as a class action seeking injunctive and declaratory relief, pursuant to FRCP 23(b).

24.    Mr. Andrew is not aware of any pending litigation concerning the claims herein except as follows:

25.   On December 23 2015, Mr. Andrew obtained a judgment in DC Superior Court against a defunct Virginia Auto dealer.  Mr. Andrew is currently filing a claim with the Virginia Motor Vehicle Board for payment under the Board's fund.  The Board 's website, and the other activities described above, make it clear that it will not honor out of state

judgments, a patent violation of the Full Faith and Credit Clause of the US Constitution.

26.     This Court is the most appropriate forum for adjudicating the claims at issue, which arise under the enforcement of a Virginia statute, which deprives those who obtain judgments against Virginia Auto Dealers outside of the Commonwealth of Virginia of their constitutional right to have such judgments honored in Virginia in the same fashion as a judgment issued by courts of other jurisdictions.

27.     The defendants are the Attorney General of Virginia, in his professional capacity, nd the individual members of the Board, and the Board.

28.     None of the individual defendants have qualified immunity.

29.      Mr. Andrew does not anticipate any difficulty in the management of this action as a Class action.

30.     There are many questions of law and fact common to the Class which may affect individual members.

31.     These include:  whether the statute of question, which compels those individuals who are contemplating suing or are suing, Virginia auto dealers to bring their claims in Virginia Courts if they wish to avail themselves of the benefits of the Dealer Board Fund.

32.     Whether the statute unconstitutionally discriminates against judgments of other jurisdictions by requiring that any unsatisfied judgment brought to the board for reimbursement be issued by a Virginia Court.

33.     Whether such discrimination violations the Full Faith and Credit Clause of the Tenth Amendment to the United States Constitution by unconstitutionally distinguishing between judgments of different states.

6

34.     Whether Mr. Andrew and the Class are entitled to equitable and injunctive relief against the Defendants.

35.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

36.     The importance of proceeding as a class is demonstrated by the fact that in 2011, the undersigned bought a prior action in Virginia federal court for the same plaintiff (dismissed by the court on the grounds as Mr. Andrew had not yet obtained a judgment against the dealer) against the Board.

37.     The Board failed to report that lawsuit in its minutes, clearly concerned that auto buyers might take note of their unlawful activity.

**Factual Allegations**
**Background**

38.     Article IV, Section 1 of the United States Constitution, commonly known as the Full Faith and Credit Clause, addresses the duties that states within the United States have to respect judgments of other states:

> "Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state. And the Congress may by general laws prescribe the manner in which such acts, records, and proceedings shall be proved, and the effect thereof"..

39.     This law is codified in 28 U.S.C. § 1738, which states:

> "Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the US and it Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."

7

40.     The Commonwealth of Virginia Motor Vehicle Dealer Board (MVDB or Board)

        regulates enforcement of the regulations to which Virginia Auto Dealers must comply

        with

41.     An important component of the MVDB is enforcement of the Fund, VA Code § 46.2-

        1527.3. "Recovery from Fund, generally."

> Except as otherwise provided in this chapter, whenever any person is awarded a final judgment **in a court of competent jurisdiction in the Commonwealth** for (i) any loss or damage in connection with the purchase or lease of a motor vehicle by reason of any fraud practiced on him or fraudulent representation made to him by a licensed or registered motor vehicle dealer participating in the Motor Vehicle Transaction Recovery Fund . . . may file a verified claim with the Board, requesting payment from the Fund of the amount unpaid on the judgment subject to the following conditions:

> 3. If **the final judgment from a court of competent jurisdiction includes**, as part of the judgment, an award of attorney fees and court costs, the Fund may include those in its payment of the claim if (i) the claimant had previously submitted to **the trial court** a detailed and itemized affidavit by counsel for the judgment creditor seeking such fees and costs, including a breakdown of the hours worked and the subject matter of those hours; (ii) said itemized affidavit formed the basis of **the court's award of** such fees; and (iii) a copy of such affidavit is provided to the Board with the judgment creditor's claim. If the award of attorney fees and costs by t**he trial court** was not based on a detailed and itemized affidavit from counsel for the judgment creditor with a breakdown of the hours worked, then the Board may review and limit any claim for attorney fees to those attorney fees directly attributable to that portion of the final judgment that is determined to be a compensable claim by the Board against the Fund, and the Board may require a detailed itemization from counsel before considering such claim for attorney fees.

(emphasis added).

42.  The statute references the importance of the final judgment coming from a "court of competent jurisdiction in the Commonwealth."

43.  However, the references to the "trial court" without any qualifier as to its location indicates the legislature intended to permit consumers to bring cases in courts outside the Commonwealth, then register them within the Commonwealth pursuant to the Uniform Enforcement of Foreign Judgments Act, § 8.01-465.1.

44.  Once so registered, "[a] judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a circuit court of any city or county of this Commonwealth and may be enforced or satisfied in like manner". VA. Code  § 8.01-465.2.

45.  Such treatment is consistent with the Full Faith and Credit Clause of the United States Constitution, which provides: Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."

46.  Even further, the Supreme Court has made it clear that the legislature cannot create a cause of action and limit the courts in which it may be enforced.  See, *Tennessee Coal Iron & RR Co v. Georgia*, 223 U.S. 354 (1914) (Permitting enforcement by the Georgia Courts of a cause of action given by Code Ala 1907, § 3910, to a servant for injuries caused by defective machinery, as not denying full faith and credit to provision of section 6115 of that Code, which code specified that all actions brought under § 3910 must be

9

brought in a court of competent jurisdiction in the state of Alabama and commenting:

> The courts of the sister state, trying the case, would be bound to give full faith and credit to all those substantial provisions of the statute which inhered in the cause of action, or which name conditions on which the right to sue depend.  But venue is no part of the right, and a state cannot create a transitory cause of action and at the same time destroy the right to sue on that transitory cause of action in any court having jurisdiction. That jurisdiction is to be determined by the law of the court's creation, and cannot be defeated by the extraterritorial operation of a statute of another state, even though it created the right of action"

233 US at 354.

47.    Another case demonstrating that the Full Faith and Credit Clause trumps efforts of states such as Virginia in the present case to express preference for the judgments of its own courts is *Atchison . S.F.R. Co. v  Sowers*, 213 U.S. 55, 70 (1909).  In *Atchison*, the Supreme Court permitted the enforcement in Texas Courts of a New Mexico statute giving a right of action for personal injuries.  The New Mexico statute provided that such suits be brought after certain form of notice in a particular district and was preceded by the recital that 'it has become customary for persons claiming damages for personal injuries received in this territory to institute and maintain suits for the recovery thereof in other states and territories to the increased cost and annoyance. and manifest injury and oppression of the business interests of business interests of this territory and the derogation of the dignity of the courts thereof"

213 U.S. at 56.

48.    Despite this statement of the public policy of the territory, the <u>Atchison</u> court affirmed the judgment affirmed by the plaintiff in Texas, noting:

10

> `When it is shown that the court in the other jurisdiction observed such conditions and that a recovery was permitted after such conditions had been complied with, the jurisdiction thus invoked is not defeated because of the provision of the statute 'requiring the suit to be brought in the district where the plaintiff resides or where the defendant, if a corporation, has its principal place of business'"

213 US at 50. *See also, Kenney v. Supreme Lodge,* 252 U.S 411, 40 S.Ct 371, 64 L.Ed 638 (1920) ("when the cause of action is created, the invalidity of attempts to limit the jurisdiction of other States to enforce it [is established] by the decisions of this court"). *Id* at 415, citing *Tennesee Coal,* supra.

As noted above, the Board has disregarded the warnings and has vigorously sought to enforce its unconstitutional position.

49.    Representative Plaintiff Colin Andrew has obtained a DC judgment for fraud against a defunct Virginia Auto dealer.

50.    The Board has claimed it must limit honoring judgment to those of Virginia Courts because otherwise victims of Virginia Auto Dealers could sue "anywhere" forcing the Board to appear "anywhere" and intervene to protect its interests.

51.    To the contrary, the due process clause of the United States Constitution, as interpreted in conjunction with state long arm statutes, limits the ability of any prospective plaintiff to sue Virginia auto dealers within the limits of the long arm jurisdiction of that state, as interpreted in the context of the Due Process Clause of the United States Constitution.

52.    In practical terms, this means that a Virginia Auto Dealer is only likely to be sued in either Virginia Maryland or Washington DC; and, in any event, nowhere that is in violation of the Due Process Clause of the United States Constitution.

11

53.     The Board has also claimed that because it has an administrative process to ensure claimants have complied with the statute, such administrative proceeding is unique to Virginia, and therefore, Virginia is entitled to a limited exception to the Full Faith and Credit Clause for administrative proceedings within the state.

54.     To the contrary, the statute in question does not create an administrative proceeding to be heard in Virginia.  Rather, the Commonwealth of Virginia, through the Board, uses the administrative proceedings in question to ensure statutory compliance.  In the present circumstance, through these proceedings, the Board enforces the statute in an unconstitutional manner, unconstitutionally discriminating against out of state judgments.

55.     The Plaintiff Colin Andrew and the Class is entitled to a declaration from this court that the defendants will honor their constitutional right to have judgments from other states honored by the Commonwealth of Virginia.

56.     Therefore, the VMDB's actions, under color of official right, are in violation of the Full Faith and Credit Clause. Mr. Andrew seeks declaratory relief that such interpretation is unconstitutional


Count One
28 USC Section 1983

57.     The allegations in Paragraphs 1 through 38 are incorporated herein by reference.

58.     42 U.S.C. § 1983 : US Code - Section 1983: "Civil action for deprivation of rights"

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws,

12

shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

59.     By failing to honor the judgments of the court of the District of Columbia, and other jurisdictions, the defendants are violating the constitutional rights of the class under the Full Faith and Credit Clause.  The Plaintiff Class may not exercise their right to sue Virginia Auto Dealers in a jurisdiction of the choice of the Plaintiff Class (subject to the limits of personal jurisdiction statutes and Due Process), without the risk their constitutional rights will be violated by the defendants if the Virginia Auto Dealer in question becomes insolvent and the Plaintiff seeks to have the non-Virginia judgment honored by the Board.

Count II
Request for Declaratory Relief and Injunctive Relief

60.     The allegations in paragraphs 1-56 are incorporated herein by reference.

61.     The MVDB incorrectly interprets the Va Code to exclude out of state judgments, whereas the statute, according to a plain reading, only requires that the final judgment be issued by a Court of competent jurisdiction in the Commonwealth.  The Code makes this clear by distinguishing between the court which must issue the judgment (which must be a Virginia court) and the trial court (which the statute does not specify must be a Virginia court).

62.    Mr. Andrew seeks a declaration that the Board is improperly interpreting the Code, and an injunction directing that the Board in the future treat out of state judgements (once registered in Virginia) as identical to those for which the trial court was locate in Virginia.

WHEREFORE, Colin Andrew seeks, on behalf of the class: (1) an injunction barring the defendants from enforcing Section § 46.2-1527.3 in the unconstitutional manner it is now interpreted, and a declaration that the Commonwealth of Virginia, and the Board, will, consistent with the Full Faith and Credit Clause, honor out of state judgments and (2), pursuant to 42 USC § 1988, reasonable attorneys fees and costs incurred in the prosecution of this action, and any other relief this court deems just and proper.

JURY TRIAL DEMANDED ON ALL ISSUES SO TRIABLE

Respectfully submitted

*/s/ Thomas C. Willcox*
Thomas C. Willcox, Attorney at Law
DC Bar No 445135
1717 K Street, N.W., Suite 900
Washington DC 20036
202.338.0818
tcw19law@gmail.com

15

CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document via PACER, and placed copies in the US Mail, first class postage prepaid, addressed to:

| | |
|---|---|
| Larry T. Bailey, Owner<br>Airline Auto Sales/U-Save Auto<br>Rentals<br>1201 Airline Boulevard<br>Portsmouth, Virginia 23707 | Brian P. Hutchens, Owner<br>Hutchens Chevrolet, Inc.<br>12920 Jefferson Avenue<br>Newport News, Virginia 23608 |
| Roy E. Boswell, Owner<br>Boswell Automotive<br>3860 Jeff Davis Highway<br>Stafford, Virginia 22554 | Ronald Kody, Owner<br>Richmond Ford, LLC<br>4600 West Broad Street<br>Richmond, Virginia 23230 |
| M. Gardner Britt, Jr., Owner<br>Ted Britt Ford<br>11165 Fairfax Boulevard<br>Fairfax, Virginia 22030 | Chip Lindsay, President<br>Lindsay Cadillac Company<br>1525 Kenwood Avenue<br>Alexandria, Virginia 22302 |
| David P. Duncan, General Manager<br>Duncan Ford-Lincoln-Mazda<br>125 Jennelle Road<br>Blacksburg, Virginia 24063 | Chris Maher, President<br>Car Credit Nation<br>1467 Front Royal Pike<br>Winchester, Virginia 22602 |
| L. Steve Farmer, Owner<br>Steve Farmer Auto Sales, Inc.<br>1112 Main St, Altavista, VA 24517<br>AltaVista, Virginia 24517 | Matthew McQueen, Vice-President, Government & Industry<br>Relations<br>Northrop Grumman<br>2727 S. Quincy Street<br>Suite 507<br>Arlington, VA 22206 |
| David Gripshover, President<br>Crown Motors<br>15841 Jefferson Davis Highway<br>Colonial Heights, Virginia 23834 | Jacques J. Moore, Jr., President<br>Moore Cadillac Company & Subaru of Richmond<br>9177 W. Broad Street<br>Richmond, Virginia 23294 |
| Clay Huber, Owner<br>Rosner Automotive Group<br>1000 Noble Way<br>Fredericksburg, Virginia 22401 | George R. Pelton, Owner<br>First Team Auto Group<br>6520 Peters Creek Road<br>Roanoke, Virginia 24019 |

| | |
|---|---|
| William "Art" Hudgins, Owner<br>Holiday Chevrolet Cadillac<br>543 Second Street<br>Williamsburg, Virginia 23185 | Joe Tate, Owner<br>Peaks Motors<br>144 West Main Street<br>Bedford, VA 24523 |

Today

September 8, 2016


*/s/ Thomas C. Willcox*
Thomas C. Willcox