IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| COLIN ANDREW, as class representative, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-01775 (TSC) |
| | ) | (Removed from the District of |
| MARK HERRING, in his official capacity | ) | Columbia Superior Court, |
| as Attorney General of Virginia, | ) | Civil Action No. 2016 CA 004456 B) |
| | ) | |
| and | ) | |
| | ) | |
| LARRY T. BAILEY, ROY E. BOSWELL, | ) | |
| M. GARDNER BRITT, JR., DAVID P. | ) | |
| DUNCAN, L. STEVE FARMER, DAVID | ) | |
| GRIPSHOVER, RICK HOLCOMB, CLAY | ) | |
| HUBER, WILLIAM "ART" HUDGINS, | ) | |
| BRIAN P. HUTCHENS, RONALD KODY, | ) | |
| CHIP LINDSAY, CHRIS MAHER, | ) | |
| MATTHEW MCQUEEN, JACQUES J. | ) | |
| MOORE, JR., GEORGE R. PELTON, JOE | ) | |
| TATE, in their professional capacities as | ) | |
| members of the Virginia Motor Vehicle | ) | |
| Dealer Board, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO DISMISS

Defendants Mark Herring, Larry T. Bailey, Roy E. Boswell, M. Gardner Britt, Jr., David

P. Duncan, L. Steve Farmer, David Gripshover, Rick Holcomb, Clay Huber, William "Art"

Hudgins, Brian P. Hutchens, Ronald Kody, Chip Lindsay, Chris Maher, Matthew McQueen,

Jacques J. Moore, Jr., George R. Pelton, and Joe Tate (collectively "Defendants"), by counsel

and pursuant to Rules 12(b)(2), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure,

move to dismiss the claims in Plaintiff's amended complaint.

1

For the reasons stated in the accompanying memorandum of law in support of this motion, Defendants respectfully request that this Court dismiss this case for lack of personal jurisdiction over any of the Defendants.  Alternatively, if the Court finds that it may exercise personal jurisdiction, Defendants request that the Court dismiss this case for improper venue under 28 U.S.C. § 1391.  Finally, if the Court concludes that it has jurisdiction and that venue is proper, the Defendants request that (1) Defendant Herring be dismissed as an improper party under *Ex Parte Young*, and (2) Plaintiff's amended complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted.

Dated: September 19, 2016

Respectfully submitted,

**MARK HERRING,** in his official capacity as Attorney General of Virginia;
**LARRY T. BAILEY,**
**ROY E. BOSWELL,**
**M. GARDNER BRITT, JR.,**
**DAVID P. DUNCAN,**
**L. STEVE FARMER,**
**DAVID GRIPSHOVER,**
**RICK HOLCOMB,**
**CLAY HUBER,**
**WILLIAM "ART" HUDGINS,**
**BRIAN P. HUTCHENS,**
**RONALD KODY,**
**CHIP LINDSAY,**
**CHRIS MAHER,**
**MATTHEW MCQUEEN,**
**JACQUES J. MOORE, JR.,**
**GEORGE R. PELTON,**
**JOE TATE,** in their professional capacities as members of the Virginia Motor Vehicle Dealer Board.

By: _____/s/_____

Stuart A. Raphael, D.C. Bar No. 425071
Solicitor General of Virginia
Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
(804) 786-7240 – Telephone
(804) 371-0200 – Facsimile
sraphael@oag.state.va.us

Mark R. Herring
Attorney General of Virginia

Trevor S. Cox, VSB # 78396
Deputy Solicitor General
E-mail: tcox@oag.state.va.us

Eric K. G. Fiske, VSB #15814
Senior Assistant Attorney General
E-mail: efiske@oag.state.va.us

Matthew R. McGuire, D.C. Bar No. 1016873
Assistant Attorney General
E-mail: mmcguire@oag.state.va.us

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2016, a true and accurate copy of this paper was

filed electronically with the Court's CM/ECF system, which will automatically effectuate service

on:

Thomas C. Willcox
1717 K Street, N.W.
Suite 900
Washington, DC 20036
tcw19law@gmail.com

By: ___/s/_____
Stuart A. Raphael

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| COLIN ANDREW, as class representative, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-01775 (TSC) |
| | ) | (Removed from the District of |
| MARK HERRING, in his official capacity | ) | Columbia Superior Court, |
| as Attorney General of Virginia, | ) | Civil Action No. 2016 CA 004456 B) |
| | ) | |
| and | ) | |
| | ) | |
| LARRY T. BAILEY, ROY E. BOSWELL, | ) | |
| M. GARDNER BRITT, JR., DAVID P. | ) | |
| DUNCAN, L. STEVE FARMER, DAVID | ) | |
| GRIPSHOVER, RICK HOLCOMB, | ) | |
| CLAY HUBER, WILLIAM "ART" | ) | |
| HUDGINS, BRIAN P. HUTCHENS, | ) | |
| RONALD KODY, CHIP LINDSAY, | ) | |
| CHRIS MAHER, MATTHEW | ) | |
| MCQUEEN, JACQUES J. MOORE, JR., | ) | |
| GEORGE R. PELTON, JOE TATE, in | ) | |
| their professional capacities as members of | ) | |
| the Virginia Motor Vehicle Dealer Board, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

## TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ............................................................................................. i

TABLE OF AUTHORITIES ..................................................................................... iii

INTRODUCTION .................................................................................................... 1

STATEMENT OF FACTS ....................................................................................... 2

    A. Virginia's Motor Vehicle Recovery Fund and Motor Vehicle Dealer Board ............ 3

    B. In 2008, Andrew files a lawsuit in the Superior Court for the District of Columbia against a Virginia motor vehicle dealer. ................................................................. 4

    C. In 2010, Andrew files suit on behalf of a putative class in the United States District Court for the Eastern District of Virginia. .......................................................... 5

    D. After obtaining a judgment against a Virginia motor vehicle dealer in December 2015, Andrew re-files this putative class action against the Defendants in D.C. Superior Court ........................................................................................................ 6

STANDARDS OF REVIEW .................................................................................... 7

ARGUMENT ........................................................................................................... 8

    I. This Court lacks personal jurisdiction over Defendants ....................................... 8

        A. Andrew's argument that this Court has personal jurisdiction over Defendants is barred by res judicata. ....................................................................................... 9

        B. The District of Columbia long-arm statute does not extend to Defendants ............ 12

        C. Exercising jurisdiction over Defendants would offend traditional notions of due process. ........................................................................................................... 14

    II. This Court is not a proper venue for this litigation. .......................................... 15

    III. Defendant Herring is not a proper party. ....................................................... 17

    IV. Andrew fails to state a claim that Virginia's statutory scheme violates the Full Faith and Credit Clause of the U.S. Constitution. ................................................. 19

CONCLUSION ........................................................................................................ 24

CERTIFICATE OF SERVICE ............................................ **Error! Bookmark not defined.**

i

EXHIBITS

Exhibit A:  Updated Docket Sheet, *Andrew v. Wells Fargo*, No. 2008 CA 008450.

Exhibit B:  Complaint, *Andrew v. Am. Import Ctr.*, No. 2008 CA 008450
              (D.C. Sup. Ct. Dec. 2, 2008).

Exhibit C:  Motion for Issuance of Summons for the Virginia Motor Vehicle Dealer
              Board to be Brought in as an Indispensable Party, *Andrew v. Wells Fargo*,
              No. 2008 CA 008450 (D.C. Sup. Ct. Sept. 14, 2009).

Exhibit D:  Motion to Dismiss, Presenting Defenses of Failure to State a Claim,
              Lack of Personal Jurisdiction and Improper Joinder, Under Rule 12(b),
              *Andrew v. Wells Fargo*, No. 2008 CA 008450 (D.C. Sup. Ct. Nov. 25,
              2009).

Exhibit E:  Response to Motion to Dismiss of Motor Vehicle Dealer Board,
              *Andrew v. Wells Fargo*, No. 2008 CA 008450 (D.C. Sup. Ct. Dec. 15, 2009).

Exhibit F:  Judgment, *Andrew v. Am. Import Ctr.*, No. 2008 CA 008450
              (D.C. Sup. Ct. Dec. 23, 2015).

Exhibit G:  Motion for Modified Order, *Andrew v. Am. Import Ctr.*, No. 2008 CA 008450
              (D.C. Sup. Ct. Aug. 9, 2016).

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Allstate Ins. Co. v. Hague*,
   449 U.S. 302 (1981) .................................................................................................... 20

*Andrew v. Cuccinelli*,
   No. 3:10-cv-353 (E.D. Va. Dec. 2, 2010) .............................................................. 5

*\*Arrington v. Fed. Pub. Defender*,
   75 F. Supp. 3d 340 (D.D.C. 2014) ........................................................................ 9

*Asahi Metal Indus. Co. v. Sup. Ct. of California*,
   480 U.S. 102 (1987) ........................................................................................... 14, 15

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................... 7

*Atchison, T. & S. F. R. Co. v. Sowers*,
   213 U.S. 55 (1909) .................................................................................................... 23

*Auto. Fin. Corp. v. Aberdeen Auto Sales, Inc.*,
   Case No. 1:07-cv-0055-DFH-TAB, 2007 U.S. Dist. LEXIS 60136
   (S.D. Ind. Aug. 15, 2007) ...................................................................................... 13

*Baker v. Gen. Motors Corp.*,
   522 U.S. 222 (1998)) ................................................................................................ 20

*Baker v. McCollan*,
   443 U.S. 137 (1979) ................................................................................................. 17

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................... 7

*Black v. City of Newark*,
   535 F. Supp. 2d 163 (D.D.C. 2008) ................................................................. 3, 7

*Bryden v. Motor Vehicle Dealer Bd.*,
   60 Va. Cir. 279 (Arlington Cty. 2002) ............................................................... 13

*Children's Healthcare is a Legal Duty, Inc. v. Deters*,
   92 F.3d 1412 (6th Cir. 1996) ............................................................................... 18

*Continental Bank, N.A. v. Everett*,
   964 F.2d 701 (7th Cir. 1992) ............................................................................... 13

*Covad Commc'ns Co. v. Bell Atl. Corp.*,
   407 F.3d 1220 (D.C. Cir. 2005) ............................................................................ 3

*Drake v. FAA*,
   291 F.3d 59 (D.C. Cir. 2002) ................................................................................. 9

*Dubin v. United States*,
    380 F.2d 813 (5th Cir. 1967) ................................................................................. 16, 17

*Eaton v. Weaver Mfg. Co.*,
    582 F.2d 1250 (10th Cir. 1978) .................................................................................... 9

*Emp'rs Reinsurance Corp. v. Bryant*,
    299 U.S. 374 (1937) .................................................................................................... 8

*Estin v. Estin*,
    334 U.S. 541 (1948) .................................................................................................. 20

*\*Forras v. Rauf*,
    812 F.3d 1102 (D.C. Cir. 2016) ............................................................................... 12

*Freeman v. Fallin*,
    254 F. Supp. 2d 52 (D.D.C. 2003) .............................................................................. 7

*Fromal v. Carrico*,
    50 F. App'x 1 (D.C. Cir. 2002) ................................................................................. 16

*Ga. Pac. Consumer Prods., LP v. Von Drehle Corp.*,
    710 F.3d 527 (4th Cir.),
    *cert. denied*, 134 S. Ct. 393 (2014) ......................................................................... 11

*GE v. Geutz AG*,
    270 F.3d 144 (3d Cir. 2001) ..................................................................................... 13

*GTE New Media Servs., Inc. v. BellSouth Corp.*,
    199 F.3d 1343 (D.C. Cir. 2000) ............................................................................ 8, 14

*Gustave-Schmidt v. Chao*,
    226 F. Supp. 2d 191 (D.D.C. 2002) ........................................................................... 8

*Hoffman v. Fairfax Cty. Redevelopment & Hous. Auth.*,
    276 F. Supp. 2d 14 (D.D.C. 2003) ........................................................................... 16

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945) .................................................................................................. 14

*Judicial Watch, Inc. v. Nat'l Archives & Records Admin.*,
    845 F. Supp. 2d 288 (D.D.C. 2012) ........................................................................... 8

*Kenney v. Supreme Lodge of The World*,
    252 U.S. 411 (1920) .................................................................................................. 23

*Khatib v. Alliance Bankshares Corp.*,
    846 F. Supp. 2d 18 (D.D.C. 2012) ............................................................................. 8

*Marshall Cty. Health Care Auth. v. Shalala*,
    988 F.2d 1221 (D.C. Cir. 1993) ................................................................................. 3

*\*Marshall v. Labor & Indus.*,
    89 F. Supp. 2d 4 (D.D.C. 2000) ..................................................................... 8, 14, 15

*Mayorga v. Missouri*,
    442 F.3d 1128 (8th Cir. 2006) .................................................................................. 17

*McBurney v. Cuccinelli,*
   616 F.3d 393 (4th Cir. 2010) ........................................................................... 19

*Milwaukee Cty. v. M. E. White Co.,*
   296 U.S. 268 (1935) ........................................................................................ 20

*Modaressi v. Vedadi,*
   441 F. Supp. 2d 51 (D.D.C. 2006) .................................................................... 7

*Moore v. Pemberton,*
   110 F.3d 22 (7th Cir. 1997) ............................................................................ 17

*Motor Vehicle Dealer Bd. v. Barton,*
   No. 0080-13-1, 2013 Va. App. LEXIS 362 (Dec. 10, 2013) ........................... 22

*Motor Vehicle Dealer Bd. v. Morgan,*
   38 Va. App. 665 (2002) ................................................................................... 22

*Naartex Consulting Corp. v. Watt,*
   722 F.2d 779 (D.C. Cir. 1983) ........................................................................ 16

*\*Neubrech v. Am. Nat'l Red Cross,*
   No. 04-0995, 2005 U.S. Dist. LEXIS 3587 (D.D.C. Mar. 2, 2005) ............ 16, 17

*\*New Hampshire v. Maine,*
   532 U.S. 742 (2001) ........................................................................................ 15

*Okpalobi v. Foster,*
   244 F.3d 405 (5th Cir. 2001) .......................................................................... 19

*\*Pac. Emp'rs Ins. Co. v. Indus. Accident Comm'n,*
   306 U.S. 493 (1939) ........................................................................................ 20

*Pennhurst State Sch. & Hosp. v. Halderman,*
   465 U.S. 89 (1984) .......................................................................................... 18

*Pickert v. Cambridge Sav. Bank,*
   618 F. Supp. 286 (D.D.C. 1985) ........................................................................ 9

*Polsby v. Thompson,*
   201 F. Supp. 2d 45 (D.D.C. 2002) ................................................................... 10

*Reuber v. United States,*
   750 F.2d 1039 (D.C. Cir. 1984) ...................................................................... 11

*Second Amendment Found. v. U.S. Conference of Mayors,*
   274 F.3d 521 (D.C. Cir. 2001) .......................................................................... 7

*Shell Oil Co. v. Noel,*
   608 F.2d 208 (1st Cir. 1979) ........................................................................... 18

*Smalls v. United States,*
   471 F.3d 186 (D.C. Cir. 2006) ........................................................................... 9

*Smith v. Beebe,*
   123 F. App'x 261 (8th Cir. 2005) .................................................................... 19

v

*State Bank of the Alleghenies v. Hudnall,*
  No. 94-1809, 1995 U.S. App. LEXIS 21448 (4th Cir. Aug. 9, 1995)...................................... 13

*Sunshine Anthracite Coal Co. v. Adkins,*
  310 U.S. 381 (1940) ......................................................................................................... 10

*Tenn. C. I. & R. Co. v. George,*
  233 U.S. 354 (1914) ......................................................................................................... 23

*U.S. ex rel. Crux Subsurface v. TK Constr. US, LLC,*
  No. 15-cv-01777, 2015 U.S. Dist. LEXIS 167550 (D. Colo. Dec. 15, 2015).......................... 17

*U.S. ex rel. Long v. SCS Bus. & Tech. Inst., Inc.,*
  173 F.3d 870 (D.C. Cir. 1999) ......................................................................................... 18

*United States v. Ferrara,*
  54 F.3d 825 (D.C. Cir. 1995) ...................................................................................... 8, 11

*\*V.L. v. E.L.,*
  136 S. Ct. 1017 (2016) ............................................................................................... 20, 23

*\*Walter E. Campbell Co. v. Gen. Ins.,*
  2013 D.C. Super. LEXIS 15 (Dec. 26, 2013)..................................................................... 13

*\*Waste Mgmt. Holdings, Inc. v. Gilmore,*
  252 F.3d 316 (4th Cir. 2001) ...................................................................................... 18, 19

*Will v. Mich. Dep't of State Police,*
  491 U.S. 58 (1989) ........................................................................................................... 18

*World-Wide Volkswagen Corp. v. Woodson,*
  444 U.S. 286 (1980) ......................................................................................................... 14

**Statutes**

28 U.S.C. § 1391(b) .............................................................................................................. 16

28 U.S.C. § 1406(a) .............................................................................................................. 16

28 U.S.C. § 1738 ................................................................................................................... 20

D.C. Code § 13-423 .............................................................................................................. 12

D.C. Code § 13-423(a)(4) ...................................................................................................... 12

D.C. Code § 13-423(a)(6) ...................................................................................................... 12

Va. Code Ann. § 8.01-465.1 *et seq.* ...................................................................................... 21

Va. Code Ann. §§ 46.2-1503–46.2-1503.7 ............................................................................ 13

Va. Code Ann. § 46.2-1503 (Supp. 2016) ............................................................................... 3

Va. Code Ann. § 46.2-1503.4 (2014).................................................................................. 3, 13

Va. Code Ann. § 46.2-1527.1 (Supp. 2016) ....................................................................... 3, 16

Va. Code Ann. § 46.2-1527.3 (Supp. 2016) ....................................................................... 3, 21

Va. Code Ann. § 46.2-1527.4 (2014).................................................................................. 3, 22

vi

Va. Code Ann. § 46.2-1527.5 (Supp. 2016) ........................................................ 3

**Constitutional Provisions**

U.S. Const. amend. XIV ................................................................................. 14

U.S. Const. art. IV, § 1 ............................................................................. 1, 19

**Rules**

Fed. R. Civ. P. 4(k)(1)(B) ............................................................................. 9

Fed. R. Civ. P. 12(b)(2) ............................................................................... 7

Fed. R. Civ. P. 12(b)(3) ........................................................................... 7, 16

Fed. R. Civ. P. 81(d) .................................................................................. 11

**Other Authorities**

Charles Alan Wright et al.,
   *Fed. Practice & Procedure* § 3826 (2d ed. 1986 & Supp. 2006) .............................. 7

## INTRODUCTION

This case is the latest iteration of Plaintiff Colin Andrew's attempt to invalidate a Virginia statutory program—the Motor Vehicle Recovery Fund (the "Fund"). The Fund protects victims of fraud who purchase motor vehicles from Virginia motor-vehicle dealers. Virginia's Motor Vehicle Dealer Board (the "Board") administers the Fund. To protect the Fund's integrity, Virginia law requires that a fraud claim be brought in a federal or State court in Virginia in order to afford the Board the opportunity to intervene, if necessary, to guard against unmeritorious judgments that could trigger a demand on the Fund.

In 2008, Andrew filed a case against a Virginia motor-vehicle dealer in the Superior Court for the District of Columbia. He tried unsuccessfully to join the Board, arguing that the Fund violated the Full Faith and Credit Clause by requiring that the underlying fraud suit against the dealer be brought in a federal or State court in Virginia. The Superior Court dismissed the Board for lack of personal jurisdiction, but the D.C. case remained pending against the dealer. Then, in 2010, Andrew filed a putative class action against the Virginia Attorney General and the Board members, raising the same Full Faith and Credit challenge, in the United States District Court for the Eastern District of Virginia. While that was the correct venue, the case was dismissed as unripe because Andrew had not yet obtained a judgment against the dealer.

Now, having finally obtained a judgment by default against the dealer in the original D.C. case, Andrew has filed a new class action against Defendants, also in the D.C. Superior Court, again raising his Full Faith and Credit claim against the Board, apparently forgetting that that court had already held that Defendants are not subject to personal jurisdiction in the District of Columbia. Defendants—all Virginia officials named in their official capacity—timely removed the case to this Court based on federal question jurisdiction.

1

Andrew's amended complaint should be dismissed because it is procedurally barred and fails to state a claim upon which relief can be granted.  There are two procedural bars.  First, as the Superior Court previously held, Defendants are not subject to personal jurisdiction in the District of Columbia.  And second, this judicial district is not a proper venue under 28 U.S.C. § 1391.

Even if Andrew could overcome those procedural bars, he nonetheless fails to state a claim upon which relief can be granted.  The Attorney General of Virginia is not a proper *Ex Parte Young* defendant and should be dismissed.  And while the individual Board members are proper *Ex Parte Young* parties with respect to the administration of the Fund, Andrew's Full Faith and Credit claim is meritless.  Virginia plainly would give full faith and credit to his D.C. Superior Court judgment by allowing Andrew, after domesticating that judgment in Virginia, to pursue post-judgment remedies against the defaulted dealer.  But the Fund is a different matter.  Because Virginia must have the opportunity to participate in and defend a case *before* it results in a judgment that leads to a claim on the Fund, and because the Full Faith and Credit Clause does not require Virginia to intervene to protect its interests in cases outside of the Commonwealth, Virginia is not required to pay fraud judgments entered in jurisdictions outside of Virginia.  Otherwise, Virginia would be subject to unreasonable burdens to intervene in cases throughout the country, a proposition not supported by any legal authority.

### STATEMENT OF FACTS

For purposes of their Rule 12(b)(6) motion, Defendants assume that the facts stated in Andrew's complaint are true.  With respect to Defendants' Rule 12(b)(2) and Rule 12(b)(3)

motions, however, the court may consider additional facts outside of Andrew's complaint.[1]

## A.  Virginia's Motor Vehicle Recovery Fund and Motor Vehicle Dealer Board.

Virginia's Motor Vehicle Recovery Fund was established by the Virginia General Assembly to pay certain claims involving motor vehicle sales predicated on fraud or other enumerated statutory violations.[2]  Motor vehicle dealers in Virginia pay fees that are deposited into the Fund, and a person who is "awarded a final judgment in a court of competent jurisdiction in the Commonwealth" can file a claim to recover from the Fund.[3]  The Board is tasked with managing the Fund as well as licensing and regulating Virginia motor-vehicle dealers.[4]

The Board "consist[s] of 19 members appointed by the Governor, subject to confirmation by the General Assembly."[5]  When a plaintiff files a case that may involve payment from the Fund, the Board must be served and has the right to intervene in the case.[6]  Regardless of whether the Board intervenes or whether the individual motor-vehicle dealer defends a particular case, the Board "shall make payment from the Fund" when the statutory requirements are met.[7]

---

[1] *See Black v. City of Newark*, 535 F. Supp. 2d 163, 165-66 (D.D.C. 2008) (citing *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990)).  This Court also may take "'judicial notice of facts on the public record.'"  *Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005); *see also Marshall Cty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1228 (D.C. Cir. 1993) ("This exception has made it possible for courts to avoid unnecessary proceedings when an undisputed fact on the public record makes it clear that the plaintiff does not state a claim upon which relief could be granted.").

[2] Va. Code Ann. § 46.2-1527.1 (Supp. 2016).  *See also* Va. Code Ann. § 46.2-1527.3 (Supp. 2016).

[3] Va. Code Ann. § 46.2-1527.3.

[4] Va. Code Ann. § 46.2-1503.4 (2014).

[5] Va. Code Ann. § 46.2-1503 (Supp. 2016).

[6] Va. Code Ann. § 46.2-1527.4 (2014).

[7] Va. Code Ann. § 46.2-1527.5 (Supp. 2016).

### B.   In 2008, Andrew files a lawsuit in the Superior Court for the District of Columbia against a Virginia motor vehicle dealer.

On December 2, 2008, Andrew filed a complaint in the Superior Court for the District of Columbia alleging fraud related to the purchase of a motor vehicle by American Import Center, a Virginia motor vehicle dealer based in Manassas, Virginia.[8]  Andrew alleged that American Import Center violated the District of Columbia's consumer protection laws.[9]  On September 14, 2009, Andrew filed a motion asking the court to issue a summons to add the Board to the case as an indispensable party.[10]  Andrew stated that the Board was a necessary party "because the Board has a recovery fund for judgments against Virginia auto dealers for fraud, a judgment that might be issued several years down the line in this case.  The Board has a requirement that it be given notice of any proceeding on which such a judgment might be based, although exactly how such notice is supposed to be given is not clear from the statute."[11]  The court granted the request and issued a summons to the Board.

On November 25, 2009, the Board moved to dismiss the action for lack of personal jurisdiction and failure to state a claim.[12]  In his reply, Andrew debuted his claim that it violates the Full Faith and Credit Clause for Virginia to condition payment from the Fund on obtaining a judgment in a case filed in a court of competent jurisdiction in Virginia.[13]  Thereafter, his case was repeatedly continued until a hearing on February 27, 2015.

---

[8] Ex. B ¶¶ 1-5.

[9] *See id.* ¶¶ 30-52.

[10] Ex. C.

[11] *Id.* at 1.

[12] Ex. D.

[13] Ex. E at 2-3.

At the February 27 hearing, the court orally ruled that the Board's motion to dismiss was granted "due to lack of personal jurisdiction over the [B]oard and that they are not an indispensable party to this law suit."[14]  American Import Center, the Virginia dealer, failed to contest the case, and a default judgment was entered against it on December 23, 2015.[15]

### C.  In 2010, Andrew files suit on behalf of a putative class in the United States District Court for the Eastern District of Virginia.

On May 26, 2010, while his D.C. Superior Court case was pending, Andrew filed a federal complaint under 42 U.S.C. § 1983 in the United States District Court for the Eastern District of Virginia.[16]  Naming the Virginia Attorney General and individual members of the Board, Andrew repeated his claim that Virginia's refusal to allow plaintiffs with out-of-state judgments against Virginia motor-vehicle dealers to recover from the Fund violated the Full Faith and Credit Clause.[17]  Andrew also pleaded that venue was proper in the Eastern District of Virginia, under 28 U.S.C. § 1391, "because the incident out of which the instant action arose, the sale of the vehicle in question to plaintiff, took place within this district."[18]  On December 2, 2010, the court dismissed the case without prejudice, holding that the case was not yet ripe for review.[19]  The court reasoned that, until Andrew received an out-of-state judgment against a

---

[14] Ex. A, Dkt. No. 61.

[15] *See id.*, Dkt. Nos. 6, 8, 35-38.

[16] Compl., *Andrew v. Cuccinelli*, No. 3:10-cv-353 (E.D. Va. May 26, 2010), No. 1.  *See also* Am. Compl., *Andrew v. Cuccinelli*, No. 3:10-cv-353 (E.D. Va. Oct. 6, 2010), No. 13.

[17] Am. Compl. ¶¶ 40-42, *Andrew v. Cuccinelli*, No. 3:10-cv-353.

[18] *Id.* ¶ 11.

[19] Mem. Op. at 4-5, *Andrew v. Cuccinelli*, No. 3:10-cv-353 (E.D. Va. Dec. 2, 2010), No. 24.

Virginia motor-vehicle dealer, his "claim lack[ed] the certainty and finality required of a justiciable controversy."[20]

### D. After obtaining a judgment against a Virginia motor vehicle dealer in December 2015, Andrew re-files this putative class action against the Defendants in D.C. Superior Court.

On June 20, 2016, Andrew filed this case in the D.C. Superior Court on behalf of a putative class, naming the same defendants as in his previous case in the Eastern District of Virginia.[21]  The apparent basis for re-filing his complaint at this time is that he now "has an unsatisfied judgment for fraud against a Virginia Auto Dealer."[22]  Contrary to the Virginia federal filing, however, which claimed that the underlying incident gave rise to venue in the Eastern District of Virginia, his new D.C. complaint alleges that the underlying incident gives rise to venue in D.C.[23]  (Though in fairness, Andrew appears to have simply copied the allegation from his previous federal case, pleading that "[v]enue is proper because the incident out of which the instant action arose, the sale of the vehicle in question to plaintiff, took place within this district."[24])  Andrew also repeats his substantive allegation that "[b]y failing to honor the judgments of the court of the District of Columbia, and other jurisdictions, the defendants are violating the constitutional rights of the class under the Full Faith and Credit Clause."[25]

---

[20] *Id.* at 5.

[21] D.C. Sup. Ct. Original File at 88-117, ¶¶ 5-7 & 41, ECF No. 3 [hereinafter "Compl."].

[22] *Id.* ¶ 20.  *See also* Am. Compl. ¶ 22, ECF No. 4.

[23] Compl. ¶ 10.  *See also* Am. Compl. ¶ 10.

[24] Compl. ¶ 10.  *See also* Am. Compl. ¶ 10.

[25] Compl. ¶ 41.  *See also* Am. Compl. ¶ 59.

On September 8, 2016, Andrew filed an amended complaint in this Court, expanding on his arguments and clarifying the relief requested.[26]

## STANDARDS OF REVIEW

Under Rule 12(b)(2), "the plaintiff bears the burden of establishing a factual basis for the court's exercise of personal jurisdiction over the defendant."[27] "[F]actual discrepancies appearing in the record" are resolved in the plaintiff's favor,[28] but "[b]are allegations and conclusory statements are insufficient."[29] "The plaintiff must allege specific acts connecting the defendant with the forum."[30]

Under Rule 12(b)(3), the "plaintiff must establish venue for each cause of action when a defendant objects."[31] If there are facts in dispute, it is for the court to resolve them.[32] Otherwise, "a challenge to venue presents a pure question of law."[33]

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"[34] "In

---

[26] *See generally* Am. Compl.

[27] *Black*, 535 F. Supp. 2d at 165-66.

[28] *Crane*, 894 F.2d at 456.

[29] *Black*, 535 F. Supp. 2d at 166 (citing *Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001)).

[30] *Id.*

[31] *Modaressi v. Vedadi*, 441 F. Supp. 2d 51, 53 (D.D.C. 2006).

[32] *Id.* at 54 n.1 (citing 15 Charles Alan Wright et al., *Fed. Practice & Procedure* § 3826, at 259 (2d ed. 1986 & Supp. 2006) ("The court, rather than a jury, decides contested fact issues relating to the venue question.")). *See also Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003) ("To prevail on a motion to dismiss for improper venue, facts must be presented that will defeat the plaintiff's assertion of venue.").

[33] *Modaressi*, 441 F. Supp. 2d at 54.

[34] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

ruling upon a motion to dismiss, a court may ordinarily consider only 'the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice.'"[35]

## ARGUMENT

### I.    This Court lacks personal jurisdiction over Defendants.

"The plaintiff has the burden of establishing a factual basis for the exercise of personal jurisdiction over the defendant."[36]  Because Andrew fails in his attempt to plead facts establishing personal jurisdiction over any of the Defendants, this case should be dismissed.  It is a "cardinal principle that the district court is 'powerless to proceed' in the absence of personal jurisdiction."[37]

In evaluating whether it has "personal jurisdiction over a non-resident," this Court should "engage in a two-part inquiry."[38]  First, this Court must "examine whether jurisdiction is applicable under the state's long-arm statute."[39]  Second, if the long-arm statute applies, this Court "then determine[s] whether a finding of jurisdiction satisfies the constitutional requirements of due process."[40]  Because the D.C. Superior Court has already determined that the Defendants are not subject to personal jurisdiction in the District of Columbia, however, res

---

[35] *Judicial Watch, Inc. v. Nat'l Archives & Records Admin.*, 845 F. Supp. 2d 288, 294 (D.D.C. 2012) (quoting *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002)).

[36] *Crane*, 894 F.2d at 456.

[37] *Khatib v. Alliance Bankshares Corp.*, 846 F. Supp. 2d 18, 25 (D.D.C. 2012) (quoting *Emp'rs Reinsurance Corp. v. Bryant*, 299 U.S. 374, 382 (1937)).

[38] *Marshall v. Labor & Indus.*, 89 F. Supp. 2d 4, 5 (D.D.C. 2000).

[39] *GTE New Media Servs., Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000); *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995) ("As there is no applicable federal long-arm statute, jurisdiction over [a person] must be determined by reference to District of Columbia law.").

[40] *GTE New Media Servs., Inc.*, 199 F.3d at 1347.

judicata bars Andrew's claim that personal jurisdiction here is proper.  But even if res judicata did not apply, Andrew has not made either showing required to establish personal jurisdiction over Defendants.[41]

### A. Andrew's argument that this Court has personal jurisdiction over Defendants is barred by res judicata.

"'Under the doctrine of res judicata, or claim preclusion, a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction.'"[42]  Put simply, "[t]he doctrine of res judicata 'precludes the parties . . . from relitigating issues that were or could have been raised in that action.'"[43]

"The res judicata principle also applies to a finding that personal jurisdiction over the defendant did not exist."[44]  And here, there is no question that the D.C. Superior Court

---

[41] Andrew's alternative argument that this Court has personal jurisdiction over all Defendants because they are "located within 100 miles of the Court" is meritless.  Am. Compl. ¶ 16.  First, Rule 4(k)(1)(B)'s 100-mile rule applies only to parties joined under Rules 14 or 19 of the Federal Rules of Civil Procedure.  Rule 14, "Third-Party Practice," is entirely inapplicable, and Andrew has not moved to join anyone under Rule 19.  Second, even if Rule 4(k)(1)(B) did apply, Andrew's argument that the Board is an indispensable party is barred by res judicata for the same reasons stated *infra* Part I.A.  And third, the majority of Defendants, including the Attorney General of Virginia and the Board's official address, are located more than 100 miles from the courthouse.  *See* Directions from 2201 W. Broad St., Richmond, VA 23219 to E. Barrett Prettyman United States Courthouse, goo.gl/11DksE (106 miles) (last visited Sept. 16, 2016); Directions from 202 N. 9th St., Richmond, VA 23219 to E. Barrett Prettyman United States Courthouse, https://goo.gl/CL85L5 (109 miles) (last visited Sept. 16, 2016).

[42] *Arrington v. Fed. Pub. Defender*, 75 F. Supp. 3d 340, 345 (D.D.C. 2014) (quoting *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006)).

[43] *Id.* (quoting *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002)).

[44] *Pickert v. Cambridge Sav. Bank*, 618 F. Supp. 286, 288 (D.D.C. 1985) (citing *Eaton v. Weaver Mfg. Co.*, 582 F.2d 1250, 1255-57 (10th Cir. 1978)).

conclusively determined in a prior iteration of this case that Defendants cannot be haled into court in the District of Columbia.  Indeed, all four res judicata elements are plainly satisfied.

First, this case presents the same claim raised by Andrew in the D.C. Superior Court.  In both cases, Andrew argues that Virginia's statutory scheme, as managed by Defendants, violates the Full Faith and Credit Clause by not allowing plaintiffs with out-of-state judgments to recover from the Fund.[45]  Because the claims are identical, the first prong of the res judicata analysis is satisfied.

Second, Andrew's D.C. Superior Court filings and the amended complaint in this case both name the Board or its individual members acting in their professional capacities.[46]  And the D.C. Superior Court order explicitly dismissed the Board for lack of personal jurisdiction.[47]  That Andrew did not name the Attorney General in his official capacity in the prior case has no effect on the analysis.  "[C]ourts have long held that 'parties nominally different may be, in legal effect, the same.'"[48]  As the Supreme Court has explained, "[t]here is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government."[49]  Thus, the second prong of the analysis is met.

---

[45] *Compare* Am. Compl. ¶ 59 ("By failing to honor the judgments of the court of the District of Columbia, and other jurisdictions, the defendants are violating the constitutional rights of the class under the Full Faith and Credit Clause."), *with* Ex. E at 2 ("The Board's interpretation of Section 46.2-15[27].3 is that *only* a judgment originating from a Virginia Court is sufficient. This is a patent violation of the Full Faith and Credit Clause of the US Constitution.").

[46] *Compare* Am. Compl. ¶¶ 5-7, *with* Ex. C.

[47] Ex. A, Dkt. No. 62.

[48] *Polsby v. Thompson*, 201 F. Supp. 2d 45, 49 (D.D.C. 2002) (quoting *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402 (1940)).

[49] *Sunshine Anthracite Coal*, 310 U.S. at 402-03 ("The crucial point is whether or not in the earlier litigation the representative of the [government] had the authority to represent its interests in a final adjudication of the issue in controversy.").

10

Third, the D.C. Superior Court is plainly a court of competent jurisdiction for determining whether the Defendants are subject to personal jurisdiction in the District of Columbia.[50]  Indeed, State courts are the final authority with respect to the interpretation of their own long-arm statutes.[51]  The D.C. Superior Court order therefore is controlling with respect to the application of the District of Columbia long-arm statute to the Defendants in this case.

Lastly, the D.C. Superior Court's order was a final order on the merits.  On February 27, 2015, Judge Nash entered an oral ruling "GRANTING Defendant MOTOR VEHICLE DEALER BOARD's Motion to Dismiss, Presenting Defenses of Failure to State a Claim, Lack of Personal Jurisdiction and Improper Joinder, Under Rule 12(b) . . . ."[52]  The docket entry for that day's hearing explains that the parties were informed "that the Motion was [g]ranted due to lack of personal jurisdiction over the [B]oard and that they were not an indispensable party to th[e] lawsuit."[53]  Andrew did not appeal the court's dismissal of the Defendants for lack of personal jurisdiction, and final judgment was entered in the case on December 23, 2015.[54]

In sum, because all four elements of the res judicata analysis are plainly satisfied, this case should be dismissed for lack of personal jurisdiction.

---

[50] *See Ferrara*, 54 F.3d at 828.

[51] *See Reuber v. United States*, 750 F.2d 1039, 1050 & n.13 (D.C. Cir. 1984) (describing how the court looks to "the District of Columbia court decisions construing the long-arm statute").  *See also* Fed. R. Civ. P. 81(d) ("The term 'state' includes, where appropriate, the District of Columbia . . . .").

[52] Ex. A, Dkt. No. 62.

[53] *Id.*, Dkt. No. 61.

[54] *Id.*, Dkt. Nos. 6, 8; *see also* Ex. F.  Even when a prior federal judgment is on appeal, the ruling is considered "final" for preclusion purposes.  *See Ga. Pac. Consumer Prods., LP v. Von Drehle Corp.*, 710 F.3d 527, 533 n.8 (4th Cir.), *cert. denied*, 134 S. Ct. 393 (2014).

**B.  The District of Columbia long-arm statute does not extend to Defendants.**

Even if this Court were to independently evaluate whether it has personal jurisdiction over the Defendants, Andrew has not shown that jurisdiction is proper under the District of Columbia long-arm statute, D.C. Code §§ 13-423(a)(4), (a)(6).  Because the Defendants do not fall within either section, this Court lacks personal jurisdiction over them.

In relevant part, D.C. Code § 13-423 states:

> (a)  A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's — . . .
>
> > (4)  causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia; . . .
> >
> > (6)  contracting to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting, unless the parties otherwise provide in writing;

Neither provision applies here.

First, as the D.C. Circuit recently explained in *Forras v. Rauf*, subsection (a)(4) of the District's long-arm statute does "not occupy all available constitutional space."[55]  Rather, "[t]he statute requires *both* an injury inside the District, and that the 'the defendant engages in some persistent course of conduct or derives substantial revenue from the District.'"[56]  The second requirement is fatal here.  Neither Defendant Herring nor the Board persistently conducts operations in the District or receives a "benefit tied to the District."[57]

---

[55] 812 F.3d 1102, 1107 (D.C. Cir. 2016) (citation omitted).

[56] *Id.* at 1107-08 (citation omitted).

[57] *Id.* at 1108.

Andrew ignores the difference between the members of the Board as individual motor vehicle dealers and in their official role as an appointed member of the Board.  He argues that the individual motor-vehicle dealers solicit business in the District.[58]  But regardless of whether an individual dealer who also serves as a member of the Board solicits business in the District, the relevant inquiry is whether *the Board* itself does so.  And as Virginia Code § 46.2-1503.4 makes clear, the Board's charge is limited to regulating motor vehicle dealers *in Virginia*.[59]  Because Andrew has not alleged how *the Board* conducts business in the District or receives a direct benefit from the District, subsection (a)(4) does not apply.

Second, subsection (a)(6) applies only where the nonresident defendant "contracted to insure a contract or to act as a surety."[60]  Andrew's argument therefore fails at its most basic level, because the Board has not entered into a contract with any motor-vehicle dealer "to insure a contract or to act as a surety."  The D.C. Superior Court has held that state statutes are not "the equivalent of an actual guaranty" for purposes of the long-arm statute.[61]  "[I]mputation[] of personal jurisdiction [is] not permitted" in the absence of an actual contract by the nonresident.[62]  As a result, that provision does not apply.

---

[58] *See* Am. Compl. ¶¶ 11-14.

[59] *See* Va. Code Ann. §§ 46.2-1503 to 46.2-1503.7 (creating and establishing the duties of the Board).  *See also Bryden v. Motor Vehicle Dealer Bd.*, 60 Va. Cir. 279, 283 (Arlington Cty. 2002) (noting that the Board is "the state regulatory board that oversees and licenses all motor vehicle dealers and salespersons in the Commonwealth").

[60] *Walter E. Campbell Co. v. Gen. Ins.*, 2013 D.C. Super. LEXIS 15, at *15 (Dec. 26, 2013).

[61] *Id.* (finding that the court did not have personal jurisdiction over an entity created and controlled by a Maryland statutory scheme).

[62] *Id.*  The cases cited by Andrew in his amended complaint are plainly distinguishable.  *See GE v. Geutz AG*, 270 F.3d 144, 152 (3d Cir. 2001) (signed guaranty between private parties); *State Bank of the Alleghenies v. Hudnall*, No. 94-1809, 1995 U.S. App. LEXIS 21448, at *4-5 (4th Cir. Aug. 9, 1995) (same); *Continental Bank, N.A. v. Everett*, 964 F.2d 701, 702 (7th Cir. 1992) (same); *Auto. Fin. Corp. v. Aberdeen Auto Sales, Inc.*, Case No. 1:07-cv-0055-DFH-TAB, 2007 U.S. Dist. LEXIS 60136, at *1 (S.D. Ind. Aug. 15, 2007) (same).

### C. Exercising jurisdiction over Defendants would offend traditional notions of due process.

Even if Andrew could demonstrate that Defendants fall within the scope of the District of Columbia long-arm statute, exercising personal jurisdiction in this case would not comport with the Due Process Clause.  For "the exercise of personal jurisdiction [to be] within the permissible bounds of the Due Process Clause . . . a plaintiff must show 'minimum contacts' between the defendant and the forum establishing that 'the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"[63]  "[C]ourts must insure that 'the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'"[64]  "Minimum contacts consist of 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'"[65]

This case is similar to *Marshall v. Labor & Industries*, where a plaintiff sued the Washington Department of Labor & Industries and the Washington Attorney General in the District of Columbia.[66]  Like Defendants in this case, the Washington officials "ha[d] no agencies or offices stationed in the District of Columbia, and they perform[ed] no commercial activities" in the District.[67]  The court found that it lacked personal jurisdiction over the Washington defendants because "the State of Washington cannot reasonably be expected to assume that one of the consequences of administering the state's workers' compensation system

---

[63] *GTE New Media Servs.*, 199 F.3d at 1347 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

[64] *Id.* (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

[65] *Marshall*, 89 F. Supp. 2d at 10 (quoting *Asahi Metal Indus. Co. v. Sup. Ct. of California*, 480 U.S. 102, 109 (1987)).

[66] *Id.*

[67] *Id.*

within the boundaries of Washington State would be a lawsuit in the District of Columbia."[68] The same is true here.

Defendants have no direct interaction with the District of Columbia in managing a Virginia statutory fund used to pay certain types of motor-vehicle-related claims. Nothing would lead Defendants to believe that their oversight of the Fund in Virginia opens them up to lawsuits in the District of Columbia.

## II. This Court is not a proper venue for this litigation.

Andrew alleges in his amended complaint that venue is proper in the District of Columbia "because the incident out of which the instant action arose, the sale of the vehicle in question to plaintiff, took place *within this district*."[69] But he made exactly the opposite claim when he filed suit in the Eastern District of Virginia in 2010, claiming that venue was proper there because the sale of the vehicle occurred *in Virginia*.[70] Andrew therefore should be judicially estopped from taking a contrary position now.[71] He clearly benefitted from his previous allegation by having his case heard in the Eastern District of Virginia. Thus for purposes of establishing venue, the

---

[68] *Id.* ("The concept of minimum contacts is designed to ensure that courts do not reach beyond the limits imposed on them by their status as co-equal sovereigns in a federal system." (quoting *Asahi*, 480 U.S. at 113)).

[69] Am. Compl. ¶ 10 (emphasis added).

[70] *See* Am. Compl. ¶ 11, *Andrew v. Cuccinelli*, No. 3:10-cv-353 ("Venue is proper because the incident out of which the instant action arose, the sale of the vehicle in question to plaintiff, *took place within this district*.") (emphasis added).

[71] *See, e.g.*, *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) ("'Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.' This rule, known as judicial estoppel, 'generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase.') (citations omitted).

transaction must be treated as having occurred in the territorial jurisdiction of the Eastern District of Virginia.

"Rule 12(b)(3) instructs the court to dismiss or transfer a case if venue is improper or inconvenient in the plaintiff's chosen forum."[72]  As relevant here, 28 U.S.C. § 1391(b) states that "[a] civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are resident of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is located . . . ."  In this case, there is no dispute that all Defendants reside in Virginia.  And as discussed above, based on judicial estoppel, Andrew cannot dispute that the transaction occurred in Virginia.  Finally, the property at issue, the Fund, is entirely located in Virginia.[73]  Venue therefore is not proper in the District of Columbia.

Although this Court has the discretion to transfer this case to a proper venue under 28 U.S.C. § 1406(a),[74] dismissal is appropriate here because Andrew intentionally filed in an improper district knowing that the D.C. Superior Court had previously dismissed his identical claim for lack of personal jurisdiction.[75]  And although his 2010 federal lawsuit in the Eastern

---

[72] *Hoffman v. Fairfax Cty. Redevelopment & Hous. Auth.*, 276 F. Supp. 2d 14, 18 (D.D.C. 2003).

[73] *See* Va. Code Ann. § 46.2-1527.1(A) ("The Fund shall be a special fund in the state treasury to pay claims against the Fund and for no other purpose . . . .").

[74] *See, e.g.*, *Neubrech v. Am. Nat'l Red Cross*, No. 04-0995, 2005 U.S. Dist. LEXIS 3587, at *4-5 (D.D.C. Mar. 2, 2005).  *See also Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983) ("A court may transfer a case to another district even though it lacks personal jurisdiction over the defendants.").

[75] *See, e.g.*, *Dubin v. United States*, 380 F.2d 813, 816 n.5 (5th Cir. 1967).  *See also Fromal v. Carrico*, 50 F. App'x 1, 2 (D.C. Cir. 2002) ("[B]ecause appellant's filing in the District of Columbia was not 'an erroneous guess' as to where venue ought to be, the district court did not abuse its discretion by dismissing rather than transferring Fromal's case."); *U.S. ex rel. Crux Subsurface v. TK Constr. US, LLC*, No. 15-cv-01777, 2015 U.S. Dist. LEXIS 167550, at *5-7

District of Virginia was dismissed as unripe, at least he knew that *personal jurisdiction* over the Defendants was not a problem in Virginia. "It is obviously not 'in the interest of justice' to allow [§ 1406] to be used to aid a non-diligent plaintiff who knowingly files a case in the wrong district."[76] Because this is not a case where "procedural obstacles [such as lack of personal jurisdiction, improper venue, and statute-of-limitations bars would] impede an expeditious and orderly adjudication on the merits," transfer is not warranted in light of Andrew's knowing decision to improperly file this case in the District of Columbia.[77]

If this Court believes, however, that transfer is preferable under § 1406(a), Defendants request that the case be transferred to the United States District Court for the Eastern District of Virginia, Richmond Division.

### III. Defendant Herring is not a proper party.

The Attorney General of Virginia, in his official capacity, is not a proper defendant in this proceeding. Under 42 U.S.C. § 1983, "a public official is liable . . . only 'if he *causes* the plaintiff to be subjected to deprivation of his constitutional rights.'"[78] Andrew's amended complaint contains no allegations showing how General Herring caused Andrew's alleged injury.

---

(D. Colo. Dec. 15, 2015) ("Decisions of other courts of appeal confirm that, where a plaintiff 'has failed to offer even one reason, plausible or not, for filing in what was obviously the wrong venue—and no reason at all for failing to file in the proper district'—the district court may dismiss rather than transfer the case under Section 1406.").

[76] *Dubin*, 380 F.2d at 816 n.5.

[77] *Neubrech*, 2005 U.S. Dist. LEXIS 3587, at *5 (citation omitted).

[78] *Baker v. McCollan*, 443 U.S. 137, 142 (1979) (emphasis added) (citation omitted). *See also Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."); *Moore v. Pemberton*, 110 F.3d 22, 23 (7th Cir. 1997) (per curiam) ("[T]he right defendants in a § 1983 lawsuit are the persons whose wrongful acts harmed the plaintiff.").

Moreover, a State is not considered a "person" subject to liability under § 1983.[79]  Admittedly, *Ex Parte Young* allows a plaintiff to sue for prospective injunctive relief against an *appropriate* State officer acting in his official capacity.[80]  In this case, however, Defendant Herring is not an appropriate State official because he has no involvement in the administration of the Fund. Under *Ex Parte Young*, there must be a "'special relation' between the state officer sued and the challenged statute."[81]  "General authority to enforce the law is not sufficient to make government officials the proper parties to litigation challenging the law."[82]

The Fourth Circuit addressed a similar situation in *Waste Management Holdings, Inc. v. Gilmore*.[83]  In *Waste Management*, the plaintiff argued that the Governor of Virginia "was a proper defendant because he actively and publicly defended the statutory provisions at issue."[84] The court rejected that argument, holding instead that "the mere fact that a governor is under a general duty to enforce state laws does not make him a proper defendant in every action attacking the constitutionality of a state statute."[85]  The court dismissed the Governor under *Ex Parte Young* because he lacked a "*specific duty* to enforce the challenged statutes."[86]  "The purpose of allowing suit against state officials to enjoin their enforcement of an unconstitutional

---

[79] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  *See also U.S. ex rel. Long v. SCS Bus. & Tech. Inst., Inc.*, 173 F.3d 870, 874 (D.C. Cir. 1999) ("[A]s the Supreme Court has remarked before, 'in common usage, the term person does not include the sovereign, [and] statutes employing the [word] are ordinarily construed to exclude it.") (quoting *Will*, 491 U.S. at 64).

[80] *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 144 n.25 (1984).

[81] *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 331 (4th Cir. 2001) (citation omitted).

[82] *Id.* (quoting *Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1416 (6th Cir. 1996)).

[83] 252 F.3d 316.

[84] *Id.* at 330-31.

[85] *Id.* at 331 (quoting *Shell Oil Co. v. Noel*, 608 F.2d 208, 211 (1st Cir. 1979)).

[86] *Id.* (emphasis added).

statute is not aided by enjoining the actions of a state official not directly involved in enforcing the action."[87]

The same is true here.  Defendant Herring, as the Attorney General of Virginia, is not a proper party to this suit because he lacks a special relation to the Virginia statute at issue.  Just as the Fourth Circuit concluded in connection with Virginia's Freedom of Information Act, "the Attorney General does not possess a specific statutory duty to enjoin violations of the Act."[88] And "his general authority to issue advisory opinions . . . is not sufficient to establish a 'special relation' for *Ex parte Young* purposes."[89]  Consequently, Defendant Herring should be dismissed from this case.

## IV.     Andrew fails to state a claim that Virginia's statutory scheme violates the Full Faith and Credit Clause of the U.S. Constitution.

The Constitution's Full Faith and Credit Clause provides that:

> Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.[90]

Pursuant to that Clause, Congress has prescribed:

> Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions

---

[87] *Id.*

[88] *McBurney v. Cuccinelli*, 616 F.3d 393, 400 (4th Cir. 2010).  *See also Okpalobi v. Foster*, 244 F.3d 405, 409, 414-15 (5th Cir. 2001) (en banc) (plurality op.) (finding that the *Ex Parte Young* exception did not apply to the Attorney General who did not have a special relation with the Act at issue); *Smith v. Beebe*, 123 F. App'x 261, 262 (8th Cir. 2005) ("the state attorney general has no special relation to the tolling provision challenged").

[89] *McBurney*, 616 F.3d at 401.

[90] U.S. Const. Art. IV, § 1.

as they have by law or usage in the courts of such State, Territory
or Possession from which they are taken.[91]

As the Supreme Court has explained, the animating purpose of the Clause was "'to alter
the status of the several states as independent foreign sovereignties, each free to ignore
obligations created under the laws or by the judicial proceedings of the others, and to make them
integral parts of a single nation.'"[92]  To that end, "'[a] final judgment in one State, if rendered by
a court with adjudicatory authority over the subject matter and persons governed by the
judgment, qualifies for recognition throughout the land.'"[93]  A State "may not disregard the
judgment of a sister State because it disagrees with the reasoning underlying the judgment or
deems it to be wrong on the merits."[94]

But the Supreme Court has made plain "that there are some limitations upon the extent to
which a state may be required by the full faith and credit clause to enforce even the judgment of
another state in contravention of its own statutes or policy."[95]  "[I]n view of the fact that the
forum State is also sovereign in its own right, in appropriate cases it may attach paramount
importance to its own legitimate interests."[96]

Virginia fully complies with its obligations under the Full Faith and Credit Clause.
Notably, Andrew does not argue that Virginia State courts have refused to accept and enforce the

---

[91] 28 U.S.C. § 1738.

[92] *V.L. v. E.L.*, 136 S. Ct. 1017, 1020 (2016) (per curiam) (quoting *Milwaukee Cty. v. M. E. White Co.*, 296 U.S. 268, 77 (1935)).  *See also Estin v. Estin*, 334 U.S. 541, 546 (1948) (noting that the Full Faith and Credit Clause "substituted a command for the earlier principles of comity and thus basically altered the status of the States as independent sovereigns").

[93] *V.L.*, 136 S. Ct. at 1020 (quoting *Baker v. Gen. Motors Corp.*, 522 U.S. 222, 233 (1998)).

[94] *Id.*

[95] *Pac. Emp'rs Ins. Co. v. Indus. Accident Comm'n*, 306 U.S. 493, 502 (1939).

[96] *Allstate Ins. Co. v. Hague*, 449 U.S. 302, 323 (1981) (Stevens, J., concurring).

judgment he received in the District of Columbia.[97]  Nothing prevents Andrew from taking his December 23, 2015 judgment from the D.C. Superior Court and domesticating that judgment in Virginia.[98]  He could then seek to enforce that judgment against American Import Center, the motor vehicle dealer that the D.C. Superior Court found liable in Andrew's case.[99]  Virginia's judgment-domestication process fully comports with the letter and the spirit of the Full Faith and Credit Clause.

What Andrew wants to do, however, is use his out-of-state judgment to access a Virginia statutory fund established to pay certain claims when the enumerated procedural requirements essential to protecting the Fund's integrity have not been satisfied.[100]  The Full Faith and Credit Clause does not require Virginia to open up its statutory funds to persons who choose not to follow the procedures for accessing those funds.  Here, a claimant must have a final judgment from "a court of competent jurisdiction in the Commonwealth" to qualify for payment from the Fund.[101]

That requirement is necessary because the Board, as manager of the Fund, determines when intervention in a case is necessary to prevent unmeritorious claims from resulting in a judgment that requires payment from the Fund.  When an alleged-fraud victim files in a court of competent jurisdiction in Virginia (be it federal or State court), it triggers a statutory obligation on the part of the plaintiff to ensure that the Board is served in "[a]ny action instituted by a

---

[97] *See* Am. Compl. ¶¶ 42-45.

[98] *See* Va. Code Ann. § 8.01-465.1 *et seq.*

[99] Ex. F.

[100] *See* Am. Compl. ¶¶ 1-4.

[101] Va. Code Ann. § 46.2-1527.3.

person against a licensed or registered dealer or a salesperson, which may become a claim against the Fund."[102]  The Board can then determine whether to intervene in the proceeding.[103]

The right to intervene is critical to the statutory scheme because "[t]he Board has no authority to retry" judgments against Virginia motor-vehicle dealers.[104]  The Board's "duty [is] limited to satisfaction of the judgment."[105]  As a result, if the Board is not served or is unable to intervene in the proceeding because the case was filed in a different State, the Board may be forced to pay a judgment that it would have defended against and that may not be meritorious.

Andrew's case is a prime example of the type of case in which the Board would intervene if it had been filed in federal or State court in Virginia.[106]  Because the Board was not subject to personal jurisdiction in the District of Columbia, however, and because Virginia is not required to intervene in cases outside of the Commonwealth, Andrew was able to obtain a default judgment against the Virginia motor-vehicle dealer.[107]  A default judgment like that necessarily precludes the fact-finding that would ordinarily have occurred in a contested case.[108]  Had Andrew filed his case in a federal or State court in Virginia, the Board could have intervened to

---

[102] Va. Code Ann. § 46.2-1527.4.

[103] *Id.*

[104] *Motor Vehicle Dealer Bd. v. Morgan*, 38 Va. App. 665, 670 (2002).

[105] *Id.*

[106] *See Motor Vehicle Dealer Bd. v. Barton*, No. 0080-13-1, 2013 Va. App. LEXIS 362, at *15-16 (Dec. 10, 2013) (noting the Board's argument that plaintiff's "failure to comply with Code § 46.2-1527.4 negatively influenced the Board's decision to forego its right to request to intervene in [plaintiff's] suit," which resulted in a declaratory judgment).

[107] *See* Ex. A, Dkt. Nos. 6, 8, 35-38.  After filing this case, Andrew moved the D.C. Superior Court to amend the default judgment to add a "specific reference to fraud," which the "Board requires . . . to make a payment."  Ex. G.  Aside from Andrew's unchallenged testimony at an ex parte proof hearing, there has been no testimony in the D.C. Superior Court case that would address fraud.  *See* Ex. A, Dkt. No. 23.

[108] *See Motor Vehicle Dealer Bd.*, 2013 Va. App. LEXIS 362, at *10-13 (describing the fact-finding concerns the Board has in default judgment cases).

22

protect against a default judgment and raise any defenses that may have been available to the now-defunct motor-vehicle dealer.  That the Board was summoned in the D.C. Superior Court proceeding but successfully won dismissal for lack of personal jurisdiction is irrelevant; the Full Faith and Credit Clause does not require State officials to waive personal jurisdiction.[109]  In sum, the Full Faith and Credit Clause is inapplicable here because Virginia "is not required . . . to afford full faith and credit to a judgment rendered by a court that 'did not have jurisdiction over . . . the relevant parties.'"[110]

Andrew's reliance on *Atchison, T. & S. F. R. Co. v. Sowers*,[111] *Tennessee C. I. & R. Co. v. George*,[112] and *Kenney v. Supreme Lodge of The World*[113] is misplaced.  In each case, the U.S. Supreme Court applied "the general rule that a transitory cause of action can be maintained in another State even though the statute creating the cause of action provides that the action must be brought in local domestic courts."[114]  But that rule does not apply where "the right and the remedy are . . . so inseparably united as to make the right dependent upon its being enforced in a particular tribunal."[115]  And as discussed above, the right to recover from the Fund is inextricably linked to the procedural safeguards embedded in the statute that ensure that the Board has notice of and the right to intervene and defend against the lawsuit.

---

[109] *See V.L.*, 136 S. Ct. at 1020.

[110] *Id.* (citation omitted).

[111] 213 U.S. 55 (1909).

[112] 233 U.S. 354 (1914).

[113] 252 U.S. 411 (1920).

[114] *George*, 233 U.S. at 361.  *See also Kenney*, 252 U.S. at 415-16; *Sowers*, 213 U.S. at 66-67.

[115] *George*, 233 U.S. at 359 ("For the rule is well settled that 'where the provision for the liability is coupled with a provision for a special remedy, that remedy, and that alone, must be employed.'" (citations omitted)).

In short, Virginia has properly created a limited administrative remedy for those persons who receive a fraud judgment in a federal or State court in Virginia against a Virginia motor-vehicle dealer, provided the Board has been given notice of the lawsuit and the opportunity to intervene.  Plaintiffs like Andrew are free to litigate in any forum of their choosing, but doing so eliminates access to the Fund when the statutory requirements are not satisfied.  Those plaintiffs are nonetheless able to domesticate their out-of-state judgments in Virginia and pursue post-judgment remedies against the motor-vehicle dealer.  Virginia's laws do not offend the Full Faith and Credit Clause.

## CONCLUSION

The Court should dismiss this case for lack of personal jurisdiction over any of the Defendants.  That issue was conclusively decided by the D.C. Superior Court in an earlier iteration of this case.  If the Court finds that it has jurisdiction, the Court should dismiss this case for improper venue under 28 U.S.C. § 1391.  Transfer is unwarranted because Andrew intentionally filed this case in the wrong federal district court.  Finally, if this Court concludes that it has jurisdiction and that venue is proper, the Defendants request that (1) Defendant Herring be dismissed as an improper party under *Ex Parte Young*, and (2) Plaintiff's amended complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted.

Dated: September 19, 2016

Respectfully submitted,

**MARK HERRING,** in his official capacity as Attorney General of Virginia;
**LARRY T. BAILEY,**
**ROY E. BOSWELL,**
**M. GARDNER BRITT, JR.,**
**DAVID P. DUNCAN,**
**L. STEVE FARMER,**
**DAVID GRIPSHOVER,**
**RICK HOLCOMB,**
**CLAY HUBER,**
**WILLIAM "ART" HUDGINS,**
**BRIAN P. HUTCHENS,**
**RONALD KODY,**
**CHIP LINDSAY,**
**CHRIS MAHER,**
**MATTHEW MCQUEEN,**
**JACQUES J. MOORE, JR.,**
**GEORGE R. PELTON,**
**JOE TATE,** in their professional capacities as members of the Virginia Motor Vehicle Dealer Board.

By: _____/s/_____

Stuart A. Raphael, D.C. Bar No. 425071
Solicitor General of Virginia
Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
(804) 786-7240 – Telephone
(804) 371-0200 – Facsimile
sraphael@oag.state.va.us

Mark R. Herring
Attorney General of Virginia

Trevor S. Cox, VSB # 78396
Deputy Solicitor General
E-mail: tcox@oag.state.va.us

Eric K. G. Fiske, VSB #15814
Senior Assistant Attorney General
E-mail: efiske@oag.state.va.us

Matthew R. McGuire, D.C. Bar No. 1016873
Assistant Attorney General
E-mail: mmcguire@oag.state.va.us

25

**CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2016, a true and accurate copy of this paper was

filed electronically with the Court's CM/ECF system, which will automatically effectuate service

on:

> Thomas C. Willcox
> 1717 K Street, N.W.
> Suite 900
> Washington, DC 20036
> tcw19law@gmail.com

By: /s/ _____
    Stuart A. Raphael

Docket Sheet
Summary

| Case Number | Status | Judge |
|---|---|---|
| 2008 CA 008450 B | Closed | NASH, STUART G |

| In The Matter Of | Action |
|---|---|
| ANDREW, COLIN  Vs. AMERICAN IMPORT CENTER et al | Complaint for Fraud Filed |

| Party | | Attorneys |
|---|---|---|
| ANDREW, COLIN | PLNTF | WILLCOX, Mr THOMAS C |
| AMERICAN IMPORT CENTER | DFNDT | MAHDAVI, Mr DAVID R R |
| GHASRI, TEHRAN | DFNDT | |
| WELLS FARGO AUTO FINANCE | DFNDT | MULERA, Mr RAYMOND R R |
| WELLS FARGO AUTO FINANCE | CIVXP | MULERA, Mr RAYMOND R R |
| AMERICAN IMPORT CENTER | CIVXD | |
| MOTOR VEHICLE DEALER BOARD | DFNDT | WHITESTONE, Mr HUNTER A |

| Opened | Disposed | Case Type |
|---|---|---|
| 12/02/2008 | Judgment-by Court Entered on Docket | Civil II |

Comments:

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr     Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 1 | 08/09/16 | Additional eFiling Document to Motion for Modified Order Filed submitted. 08/09/2016 22:10 pla Attorney: WILLCOX, Mr THOMAS C (445135) | 0.00 | 0.00 |
| 2 | 08/09/16 | Motion for Modified Order Filed submitted. 08/09/2016 22:10 pla Attorney: WILLCOX, Mr THOMAS C (445135) COLIN ANDREW (Plaintiff); | 0.00 | 0.00 |
| 3 | 01/05/16 | Order for Judgment Entered on: Mailed to: American Import Center Address: 9111 Antique Way Manassas, VA 20110 Returned to Court on: 1/5/2016 Reason: Return To Sender | 0.00 | 0.00 |
| 4 | 12/23/15 | Judgment Signed by Judge Nash on 12/23/15. Submitted 12/23/2015 14:56. mll | 0.00 | 0.00 |
| 5 | 12/23/15 | Judgment by Court Entered on Docket | 0.00 | 0.00 |

**Ex. A**

2008 CA 008450 B   ANDREW, COLIN  Vs. AMERICAN IMPORT CENTER et al

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|------------------------------------------|-------------------|-------------|
| 6 | 12/23/15 | Judgment entered on the docket, signed by<br>Judge Nash and e-filed, mailed and<br>e-served on parties of record on 12/23/15.<br> Judgment entered in favor of plaintiff<br>Colin Andrew and against defendant<br>American Import Center in the amount of $<br>28,205.00 plus post-judgment interest on<br>the entire amount at the statutory rate<br>until paid. | 0.00 | 0.00 |
| 7 | 12/11/15 | Oral Ruling GRANTING Plaintiff's Motion<br>for Attorneys Fees made by Judge Nash in<br>Open Court. Entered on the Docket 12/11/15. | 0.00 | 0.00 |
| 8 | 12/11/15 | Event Resulted:<br>The following event: Status Hearing<br>scheduled for 12/11/2015 at 10:30 am has<br>been resulted as follows:<br><br>Result: Status Hearing Held. Courtsmart<br>(Courtroom 200).  Plaintiff present only.<br>Plaintiff's Motion for Attorneys Fees<br>GRANTED by Judge Nash in Open Court.<br>Judgment entered in favor of Plaintiff<br>Colin Andrew and against Defendant<br>American Import Center in the amount of<br>$3,000.00, plus attorney fees of<br>$25,205.00 for a total of $28,205.00 with<br>interest thereon at the statutory rate and<br>thier costs of action.  Judgment Order to<br>be issued from Chambers.  JA<br><br>Judge: NASH, STUART G    Location:<br>Courtroom 200<br>Mr THOMAS C WILLCOX (Attorney) on behalf<br>of COLIN ANDREW (Plaintiff)<br> Participant(s): Judge STUART G NASH | 0.00 | 0.00 |
| 9 | 11/21/15 | Additional eFiling Document to Motion for<br>Attorneys Fees Filed submitted. 11/22/2015<br>18:22. pla<br>Attorney: WILLCOX, Mr THOMAS C (445135) | 0.00 | 0.00 |
| 10 | 11/21/15 | Motion for Attorneys Fees Filed submitted.<br>11/22/2015 18:22. pla<br>Attorney: WILLCOX, Mr THOMAS C (445135)<br>COLIN ANDREW (Plaintiff); | 0.00 | 0.00 |
| 11 | 11/06/15 | Notice of Hearing Mailed Next Business Day<br><br>Notice Of Hearing<br>Sent on: 11/06/2015  10:46:31.77 | 0.00 | 0.00 |
| 12 | 11/06/15 | Notice of Hearing Mailed Next Business Day<br><br>Notice Of Hearing<br>Sent on: 11/06/2015  07:40:12.06 | 0.00 | 0.00 |

**Ex. A**

CRTR5925                                    Summary

2008 CA 008450 B   ANDREW, COLIN  Vs. AMERICAN IMPORT CENTER et al

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr        Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|---|---|---|
| 13 | 11/05/15 | Order Sua Sponte Order Re: Ex Parte Proof<br>Hearing signed by J/Nash on 11/5/15.<br>submitted 11/05/2015 10:32. ksc | 0.00 | 0.00 |
| 14 | 11/05/15 | Event Scheduled<br>Event: Status Hearing<br>Date: 12/11/2015   Time: 10:30 am<br>Judge: NASH, STUART G   Location:<br>Courtroom 200 | 0.00 | 0.00 |
| 15 | 11/05/15 | Event Resulted:<br>The following event: Status Hearing<br>scheduled for 11/06/2015 at 10:30 am has<br>been resulted as follows:<br><br>Result: Status Hearing Continued<br>Judge: NASH, STUART G   Location:<br>Courtroom 200 | 0.00 | 0.00 |
| 16 | 11/05/15 | Order Sua Sponte to/for: continued status<br>hearing on 12/11/15 entered on docket,<br>signed by Judge Nash and e-filed, e-served<br>on parties of record on 11/05/15.<br>Plaintiff is directed to file an affidavit<br>in support of attorny's fees no later than<br>11/23/15.  awp | 0.00 | 0.00 |
| 17 | 10/29/15 | Additional eFiling Document to Proposed<br>Findings of Fact and Conclusions of Law<br>Filed. submitted 10/29/2015 09:27.rp | 0.00 | 0.00 |
| 18 | 10/29/15 | Proposed Findings of Fact and Conclusions<br>of Law Filed. submitted 10/29/2015 09:27.rp<br>Attorney: WILLCOX, Mr THOMAS C (445135) | 0.00 | 0.00 |
| 19 | 09/10/15 | Returned Mail: Status Hearing<br>Entered on: 8/31/15<br>Mailed to: American Import Center<br>Address: 9111 Antique Way Manassas VA 20110<br>Returned to Court on: 9/9/15<br>Reason: Return to Sender | 0.00 | 0.00 |
| 20 | 08/31/15 | Notice of Hearing Mailed Next Business Day<br><br>Notice Of Hearing<br>Sent on:  08/31/2015  07:05:33.83 | 0.00 | 0.00 |
| 21 | 08/28/15 | Event Scheduled<br>Event: Status Hearing<br>Date: 11/06/2015   Time: 10:30 am<br>Judge: NASH, STUART G   Location:<br>Courtroom 200 | 0.00 | 0.00 |
| 22 | 08/28/15 | Plaintiff's Exhibit Summary List | 0.00 | 0.00 |

**Ex. A**

Case 3:17-cv-00373-MHL   Document 7   Filed 09/19/16   Page 41 of 104 PageID# 267

CRTR5925                                Summary

2008 CA 008450 B   ANDREW, COLIN  Vs. AMERICAN IMPORT CENTER et al

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr     Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|---------------------------------------------------------------|-------------------------------|-------------|
| 23 | 08/28/15 | Event Resulted: The following event: Ex Parte Proof Hearing scheduled for 08/28/2015 at 10:30 am has been resulted as follows: Result: Ex Parte Proof Hearing Held. Courtsmart (Courtroom 200). Plaintiff present only. Witness Colin Andrew sworn-in and testimony heard in full. Defendant Tehran Ghasri dismissed as a Defendant by Plaintiff in Open Court. Plaintiff is to submit a proposed judgment order and their request for attorney fees to chambers.  Exhibits signed for and retained by Plaintiff.  Plaintiff is to attach a copy of them to their proposed order. Status Hearing set for November 6, 2015 at 10:30am.  Plaintiff's counsel advises the Court that his new address is 1717 K Street, NW, 9th Floor, Washington, D.C. 20036. JA | 0.00 | 0.00 |
|    |         | Judge: NASH, STUART G   Location: Courtroom 200 COLIN ANDREW (PLAINTIFF); ; Mr THOMAS C WILLCOX (Attorney) on behalf of COLIN ANDREW (PLAINTIFF); Judge STUART G NASH |      |      |
| 24 | 08/12/15 | Returned Mail: Ex Parte Proof Hearing Entered on: July 24, 2015 Mailed to: American Import Center Address: 9111 Antique Way Manassas VA 20110 Returned to Court on: August 11, 2015 Reason: Return To Sender | 0.00 | 0.00 |
| 25 | 07/24/15 | Notice of Hearing Mailed Next Business Day Notice Of Hearing Sent on:  07/24/2015  15:15:49.78 | 0.00 | 0.00 |
| 26 | 07/24/15 | Notice of Hearing Mailed Next Business Day Notice Of Hearing Sent on:  07/24/2015  07:11:30.52 | 0.00 | 0.00 |
| 27 | 07/23/15 | Ex Parte Proof Hearing Event: Ex Parte Proof Hearing Date: 08/28/2015   Time: 10:30 am Judge: NASH, STUART G   Location: Courtroom 200 | 0.00 | 0.00 |
| 28 | 07/22/15 | Event Resulted: The following event: Ex Parte Proof Hearing scheduled for 07/23/2015 at 9:30 am has been resulted as follows: Result: Ex Parte Proof Hearing Continued Judge: NASH, STUART G   Location: Courtroom 200 | 0.00 | 0.00 |

**Ex. A**

CRTR5925                              Summary

2008 CA 008450 B    ANDREW, COLIN  Vs. AMERICAN IMPORT CENTER et al

---

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr      Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|---|---|---|
| 29 | 07/15/15 | Notice Returned: STATUS HEARING<br>Issued on: June 30, 2015<br>Notice Mailed to:  TEHRAN GHASRI<br>Address: 113 JACKSON #113 FAIRFAX, VA 22030<br>Returned to Court on: July 14, 2015<br>Reason: Return to Sender Not Deliverable<br>As Addressed UNABLE TO FORWARD | 0.00 | 0.00 |
| 30 | 07/09/15 | Notice Returned: STATUS HEARING<br>Issued on: June 26, 2015<br>Notice Mailed to:  TEHRAN GHASRI<br>Address: 113 JACKSON #113 FAIRFAX, VA 22030<br>Returned to Court on: July 6, 2015<br>Reason: Return to Sender INSUFFICENT<br>ADDRESS UNABLE TO FORWARD | 0.00 | 0.00 |
| 31 | 07/09/15 | Notice Returned: STATUS HEARING<br>Issued on: June 30, 2015<br>Notice Mailed to:  MR THOMAS C WILLCOX<br>Address: 1750 K STREET NW SUITE 200<br>WASHINGTON DC 20006<br>Returned to Court on: July 6, 2015<br>Reason: Return to Sender | 0.00 | 0.00 |
| 32 | 07/09/15 | Notice of Hearing Mailed Next Business Day<br><br>Notice Of Hearing<br>Sent on:  07/09/2015  07:47:35.06 | 0.00 | 0.00 |
| 33 | 07/07/15 | Ex Parte Proof Hearing<br>Event: Ex Parte Proof Hearing<br>Date: 07/23/2015   Time: 9:30 am<br>Judge: NASH, STUART G    Location:<br>Courtroom 200 | 0.00 | 0.00 |
| 34 | 07/07/15 | Event Resulted:<br>The following event: Status Hearing<br>scheduled for 07/23/2015 at 9:30 am has<br>been resulted as follows:<br><br>Result: Event Cancelled.  Status Hearing<br>converted to an Ex Parte Proof Hearing. JA<br>Judge: NASH, STUART G    Location:<br>Courtroom 200 | 0.00 | 0.00 |
| 35 | 07/07/15 | Default Entered In the Courtroom by Judge<br>Nash<br>AMERICAN IMPORT CENTER (Defendant); TEHRAN<br>GHASRI (Defendant); | 0.00 | 0.00 |
| 36 | 07/07/15 | Oral Ruling GRANTING Defendant's Amended<br>Motion to Withdraw made by Judge Nash in<br>Open Court. Entered on the Docket 07/07/15. | 0.00 | 0.00 |

**Ex. A**

Case 3:17-cv-00373-MHL   Document 7   Filed 09/19/16   Page 43 of 104 PageID# 269

CRTR5925                                    Summary

2008 CA 008450 B   ANDREW, COLIN  Vs. AMERICAN IMPORT CENTER et al

---

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr        Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|---|---|---|

37   07/07/15  Oral Ruling DENYING AS MOOT Defendant's         0.00
                Motion to Withdraw made by Judge Nash in                              0.00
                Open Court.  Entered on the Docket
                07/07/15.

38   07/07/15  Event Resulted:                                 0.00
                The following event: Status Hearing                                   0.00
                scheduled for 07/07/2015 at 9:30 am has
                been resulted as follows:

                Result: Status Hearing Held. Courtsmart
                (Courtroom 200).  Both parties present.
                Defendant's Motion to Withdraw DENIED AS
                MOOT by Judge Nash in Open Court.
                Defendant's Amended Motion to Withdraw
                GRANTED by Judge Nash in Open Court.
                Atty. Mahdavi represents that he does not
                think that the Defendant's have an
                interest in participating in litigating
                this matter because the dealership
                (American Import Center) has not been a
                business entity for about three years now.
                 Defaults entered as to American Import
                Center and Tehran Ghasri by Judge Nash in
                Open Court.  Status Hearing set for July
                23, 2015 at 9:30am converted to an Ex
                Parte Proof Hearing. Notice sent to all
                parties. JA

                Judge: NASH, STUART G    Location:
                Courtroom 200
                Mr DAVID R R MAHDAVI (Attorney) on behalf
                of AMERICAN IMPORT CENTER (Defendant); Mr
                THOMAS C WILLCOX (Attorney) on behalf of
                COLIN ANDREW (PLAINTIFF)
                 Participant(s): Judge STUART G NASH

39   06/30/15  Notice of Hearing Mailed Next Business Day      0.00
                                                                                      0.00
                Notice Of Hearing
                Sent on:  06/30/2015  07:47:18.56

40   06/29/15  Event Scheduled                                 0.00
                Event: Status Hearing                                                 0.00
                Date: 07/07/2015    Time: 9:30 am
                Judge: NASH, STUART G    Location:
                Courtroom 200

41   06/29/15  Event Resulted:                                 0.00
                The following event: Status Hearing                                   0.00
                scheduled for 07/10/2015 at 10:30 am has
                been resulted as follows:

                Result: Status Hearing Vacated
                Judge: NASH, STUART G    Location:
                Courtroom 200

42   06/26/15  Order Sua Sponte Scheduling a Status            0.00
                Hearing Signed by Judge Nash on                                       0.00
                06/25/2015. Submitted 06/25/2015 17: **Ex. A**
                jhcs.

CRTR5925                              Summary

2008 CA 008450 B   ANDREW, COLIN   Vs. AMERICAN IMPORT CENTER et al

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr      Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|---|---|---|
| 43 | 06/26/15 | Notice of Hearing Mailed Next Business Day<br><br>Notice Of Hearing<br>Sent on:  06/26/2015  07:39:20.66 | 0.00 | 0.00 |
| 44 | 06/25/15 | Event Scheduled<br>Event: Status Hearing<br>Date: 07/10/2015   Time: 10:30 am<br>Judge: NASH, STUART G     Location:<br>Courtroom 200 | 0.00 | 0.00 |
| 45 | 06/25/15 | Order Sua Sponte to/for:  scheduled Status<br>Hearing on July 10, 2015 entered on<br>docket, signed by Judge Nash and e-filed,<br>mailed and e-served on parties of record<br>on 6/25/15. awp | 0.00 | 0.00 |
| 46 | 06/10/15 | Amended Motion to Withdraw Filed.<br>Submitted 06/10/2015 09:40 jhcs.<br>Attorney: MAHDAVI, Mr DAVID R R (478629)<br>AMERICAN IMPORT CENTER (Defendant);<br>Receipt: 312023  Date: 06/11/2015 | 20.00 | 0.00 |
| 47 | 06/02/15 | Additional eFiling Document to Motion to<br>Withdraw Filed. Submitted 06/02/2015 11:51<br>jhcs.<br>Attorney: MAHDAVI, Mr DAVID R R (478629)<br>AMERICAN IMPORT CENTER (Defendant); | 0.00 | 0.00 |
| 48 | 06/02/15 | Motion to Withdraw Filed. Submitted<br>06/02/2015 11:51 jhcs.<br>Attorney: MAHDAVI, Mr DAVID R R (478629)<br>AMERICAN IMPORT CENTER (Defendant);<br>Receipt: 311301  Date: 06/03/2015 | 20.00 | 0.00 |
| 49 | 05/05/15 | Mandate Issued on 2/26/2015 by Julio A.<br>Castillo, Clerk of the Court. Received and<br>docketed 5/5/2015. yb | 0.00 | 0.00 |
| 50 | 04/07/15 | Returned: Status Hearing<br>Notice Entered on: March 2, 2015<br>Notice Mailed to: Mr. David R. R. Mahdavi<br>Address: 1890 Preston White Drive, Ste<br>100, Reston, VA 20191<br>Returned to Court on: March 10, 2015<br>Reason: New Address 8133 Leesburg Pike,<br>Ste 400, Tysons Corner, VA 22182-2706 | 0.00 | 0.00 |

**Ex. A**

Date: 08/26/2016 17:23:00                    Docket Sheet

CRTR5925                                      Summary

2008 CA 008450 B   ANDREW, COLIN  Vs. AMERICAN IMPORT CENTER et al

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr      Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|---------------------------------------|---------------------|-------------|
| 51 | 04/07/15 | Returned: Status Hearing<br>Notice Entered on: March 2, 2015<br>Notice Mailed to: Mr. Thomas C. Willcox<br>Address: 1750 K. Street, N.W., Ste 200,<br>Washington, D.C. 20006<br>Returned to Court on: March 10, 2015<br>Reason: Return to sender Unable to forward | 0.00 | 0.00 |
| 52 | 04/07/15 | Returned: Status Hearing<br>Notice Entered on: January 29, 2015<br>Notice Mailed to: Tehran Ghasri<br>Address: 113 Jackson #113, Fairfax, VA<br>22030<br>Returned to Court on: March 3, 2015<br>Reason: Return to sender Unable to forward | 0.00 | 0.00 |
| 53 | 04/06/15 | Return Notice: STATUS HEARING      Issued<br>On: March 13, 2015<br>Notice Mailed to: MR THOMAS C WILLCOX<br>Address: 1717 K STREET NW, APTARTMENT 9,<br>WASHINGTON, DC 20006<br>Returned to Court on: APRIL 3 ,2015<br>Reason: Return To Sender: RETURN TO SENDER<br>NOT DELIVERABLE AS ADDRESSED UNABLE TO<br>FORWARD | 0.00 | 0.00 |
| 54 | 03/25/15 | Return Notice: Status Hearing<br>Issued on: March 2, 2015<br>Notice Mailed to: Tehran Gharsri<br>Address: 113 Jackson #113 Fairfax, VA 22030<br>Returned to Court on: March 16, 2015<br>Reason: Return to Sender/ No Such<br>Number/Unable to Forward | 0.00 | 0.00 |
| 55 | 03/25/15 | Docket Entry Error | 0.00 | 0.00 |
| 56 | 03/25/15 | Order for:<br>Entered on:<br>Mailed to:<br>Address:<br>Returned to Court on:<br>Reason: | 0.00 | 0.00 |
| 57 | 03/13/15 | Notice of Hearing Mailed Next Business Day<br><br>Notice Of Hearing<br>Sent on:  03/13/2015  15:27:02.89 | 0.00 | 0.00 |
| 58 | 03/13/15 | Notice of Hearing Mailed Next Business Day<br><br>Notice Of Hearing<br>Sent on:  03/13/2015  15:16:33.02 | 0.00 | 0.00 |

**Ex. A**

2008 CA 008450 B   ANDREW, COLIN  Vs. AMERICAN IMPORT CENTER et al

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr     Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|------------------------------------------------------------------|-------------------------------|-------------|
| 59 | 03/03/15 | DCCA Memorandum Opinion and Judgment Order issued 2/26/15. mg<br><br>*Received in branch 3/3/15. MG | 0.00 | 0.00 |
| 60 | 03/02/15 | Notice of Hearing Mailed Next Business Day<br><br>Notice Of Hearing<br>Sent on:  03/02/2015  07:11:48.16 | 0.00 | 0.00 |
| 61 | 02/27/15 | Event Resulted:<br>The following event: Status Hearing scheduled for 02/27/2015 at 10:30 am has been resulted as follows:<br><br>Result: Status Hearing Held. Courtroom 200 (Courtsmart}. Plaintiff Atty. Willcox present. Defendant Atty. Mahdavi present. Defendant Motor Vehicle Dealer Board Atty. Whitestone present. Preliminary Matters Discussed. Oral Ruling GRANTING Defendant MOTOR VEHICLE DEALER BOARD's Motion to Dismiss, Presenting Defenses of Failure to State a Claim, Lack of Personal Jurisdiction and Improper Joinder, Under Rule 12(b) by Judge Nash in open court 2/27/15. Defendant Motor Vehicle Dealer Board DISMISSED. Court informs parties that the Motion was Granted due to lack of personal jurisdiction over the board and that they are not an indispensible party to this law suit. Case continued for Status Hearing 7/23/15 at 9:30am. ss/jsn<br><br>Judge: NASH, STUART G   Location: Courtroom 200<br>Mr DAVID R R MAHDAVI (Attorney) on behalf of AMERICAN IMPORT CENTER (Defendant); Mr HUNTER A WHITESTONE (Attorney) on behalf of MOTOR VEHICLE DEALER BOARD (Defendant); Mr THOMAS C WILLCOX (Attorney) on behalf of COLIN ANDREW (PLAINTIFF) | 0.00 | 0.00 |
| 62 | 02/27/15 | Oral Ruling GRANTING Defendant MOTOR VEHICLE DEALER BOARD's Motion to Dismiss, Presenting Defenses of Failure to State a Claim, Lack of Personal Jurisdiction and Improper Joinder, Under Rule 12(b) by Judge Nash in open court 2/27/15. Entered on the Docket 2/27/15. | 0.00 | 0.00 |
| 63 | 02/27/15 | Event Scheduled<br>Event: Status Hearing<br>Date: 07/23/2015    Time: 9:30 am<br>Judge: NASH, STUART G    Location: Courtroom 200 | 0.00 | 0.00 |

**Ex. A**

CRTR5925                              Summary

2008 CA 008450 B    ANDREW, COLIN  Vs. AMERICAN IMPORT CENTER et al
_____

| No. | Date of | Pleadings Filed, Orders and Decrees | Amount Owed/ | Balance Due |
|-----|---------|-------------------------------------|--------------|-------------|
|     |         | Journal Book-Page-Nbr     Ref Nbr   | Amount Dismissed | |

---

| No. | Date of | Pleadings Filed, Orders and Decrees | Amount Owed/ | Balance Due |
|-----|---------|-------------------------------------|--------------|-------------|
| 64 | 02/06/15 | Returned STATUS HEARING notice<br>Issued on: JANUARY 29, 2015<br>Mailed to: DAVID R. R. MAHDAVI<br>Address: 1890 PRESTON WHITE DRIVE, STE 100, RESTON, VA 20191<br>Returned to Court on: FEBRUARY 6, 2015<br>Reason: FORWARD TIME EXPIRED | 0.00 | 0.00 |
| 65 | 01/29/15 | Notice of Hearing Mailed Next Business Day<br><br>Notice Of Hearing<br>Sent on: 01/29/2015  07:13:02.84 | 0.00 | 0.00 |
| 66 | 01/23/15 | Event Scheduled<br>Event: Status Hearing<br>Date: 02/27/2015   Time: 10:30 am<br>Judge: NASH, STUART G    Location:<br>Courtroom 200 | 0.00 | 0.00 |
| 67 | 01/23/15 | Event Resulted:<br>The following event: Status Hearing scheduled for 01/23/2015 at 9:30 am has been resulted as follows:<br><br>Result: Status Hearing Held. Courtsmart (Courtroom 200).  Defendant present only. Defendant's counsel represents that he spoke to Plaintiff's counsel, Mr. Willcox, who states was unaware of today's court hearing.  Status continued to February 27, 2015 at 9:30am.  JA<br>Judge: NASH, STUART G    Location:<br>Courtroom A-47<br>Mr HUNTER A WHITESTONE (Attorney) on behalf of MOTOR VEHICLE DEALER BOARD (Defendant)<br> Participant(s): Judge STUART G NASH | 0.00 | 0.00 |
| 68 | 01/08/15 | Returned: STATUS HEARING<br>Issued on:  12/15/2015<br>Mailed to: TEHRAN GHASRI<br>Address:113 JACKSON, #113, FAIRFAX, VA 22030<br>Returned to Court on: 12/24/2014<br>Reason: UNABLE TO FORWARD | 0.00 | 0.00 |
| 69 | 01/08/15 | Returned: STATUS HEARING<br>Issued on:  12/15/2015<br>Mailed to: CECILIO GILL<br>Address: 5302 8TH STREET, NW,  WASHINGTON, DC 20011<br>Returned to Court on: 12/24/2014<br>Reason: UNABLE TO FORWARD | 0.00 | 0.00 |

**Ex. A**

CRTR5925                                    Summary

2008 CA 008450 B   ANDREW, COLIN   Vs. AMERICAN IMPORT CENTER et al

| No. | Date of | Pleadings Filed, Orders and Decrees | Amount Owed/ | Balance Due |
|-----|---------|-------------------------------------|--------------|-------------|
|     |         | Journal Book-Page-Nbr    Ref Nbr    | Amount Dismissed | |

| 70 | 01/08/15 | Returned: Status Hearing<br>Issued on: 12/15/2014<br>Mailed to: David R Mahdavi<br>Address: 1890 Preston White Drive STE 100<br>Reston, VA 20191<br>Returned to Court on: 12/19/2014<br>Reason: return to sender (new address indicated) | 0.00 | 0.00 |
| 71 | 12/19/14 | Order Denying as moot Consent Motion Continuance of Status Hearing submitted 12/19/2014 09:21. ksc. signed by J/Nash on 12/19/14 | 0.00 | 0.00 |
| 72 | 12/19/14 | Order Denying as Moot Plaintiff's Consent Motion for Continuance of Status Hearing entered on the docket, signed by Judge Nash and e-filed, e-served to parties of record on 12/19/14. awp | 0.00 | 0.00 |
| 73 | 12/15/14 | Notice of Hearing Mailed Next Business Day<br><br>Notice Of Hearing<br>Sent on: 12/15/2014  07:24:09.53 | 0.00 | 0.00 |
| 74 | 12/12/14 | Event Scheduled<br>Event: Status Hearing<br>Date: 01/23/2015    Time: 9:30 am<br>Judge: NASH, STUART G    Location: Courtroom A-47 | 0.00 | 0.00 |
| 75 | 12/12/14 | Event Resulted:<br>The following event: Status Hearing scheduled for 12/12/2014 at 9:30 am has been resulted as follows:<br><br>Result: Status Hearing Held. Courtsmart (Courtroom A-47).  No appearance by either party.  Currently there is a pending interlocutory appeal.  Status Hearing is continued to January 23, 2015 at 9:30am. If the parties do not appear at the next hearing, the case will be dismissed. JA<br><br>Judge: NASH, STUART G    Location: Courtroom A-47 | 0.00 | 0.00 |
| 76 | 12/11/14 | Consent Motion Continuance of Status Hearing Filed. Submitted 12/11/2014 21:15. ts.<br>Attorney: WILLCOX, Mr THOMAS C (445135)<br>COLIN ANDREW (PLAINTIFF); | 0.00 | 0.00 |

**Ex. A**

Date: 08/26/2016

CRTR5925

Summary

2008 CA 008450 B   ANDREW, COLIN  Vs. AMERICAN IMPORT CENTER et al

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr      Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|---|---|---|
| 77 | 06/30/14 | Return Notice: Status Hearing Notice Issued on: 6/19/2014 Notice Mailed to:  Tehran Ghasri Address: 113 Jackson #113,Fairfax VA 22030 Notice Returned to Court on: JUNE 26, 2014 Reason: RETURN TO SENDER, INSUFFICIENT ADDRES UNABLE TO FORWARD | 0.00 | 0.00 |
| 78 | 06/26/14 | Order for: GRANTED Two Year Continuance of Status Hearing.    entered on:  06/18/14 Mailed to:Tehran Ghasri    Address:  113 Jackson Street, Fairfax, VA  22030 Returned to Court on:  6/25/14 Reason: No such street/ unable to forward | 0.00 | 0.00 |
| 79 | 06/18/14 | Order Granting Consent Motion for Two Year Continuance of Status Hearing Signed by Judge Nash on 06/18/2014. Submitted 06/18/2014 15:38 jhc. | 0.00 | 0.00 |
| 80 | 06/18/14 | Event Scheduled Event: Status Hearing Date: 12/12/2014    Time: 9:30 am Judge: NASH, STUART G    Location: Courtroom A-47 | 0.00 | 0.00 |
| 81 | 06/18/14 | Notice of Hearing Mailed Next Business Day Notice Of Hearing Sent on:  06/18/2014  13:58:05.65 | 0.00 | 0.00 |
| 82 | 06/18/14 | Consent Order Entered on Docket, signed by Judge Nash and e-filed, GRANTING plaintiff's Consent Motion for Two Year Continuance of Status Hearing, with copies mailed and e-served on parties of record on 6/18/15. awp | 0.00 | 0.00 |
| 83 | 06/12/14 | Consent Motion for Two Year Continuance of Status Hearing. Filed. Submitted. 06/12/2014 07:52. ncv. Attorney: WILLCOX, Mr THOMAS C (445135) COLIN ANDREW (PLAINTIFF); | 0.00 | 0.00 |
| 84 | 06/12/14 | Order for:    rescheduled status hearing on 6/13/14   entered on: 5/30/14 Mailed to:     Tehran Ghasri Address: 113 Jackson Street, #113, Fairfax, VA 22030 Returned to Court on: 6/6/14 Reason: No such street, unable to forward. | 0.00 | 0.00 |

**Ex. A**

Case 3:17-cv-00373-MHL   Document 7   Filed 09/19/16   Page 50 of 104 PageID# 276

CRTR5925                                    Summary

2008 CA 008450 B    ANDREW, COLIN  Vs. AMERICAN IMPORT CENTER et al

---

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|---|---|---|
| 85 | 06/12/14 | Event Resulted:<br>The following event: Status Hearing<br>scheduled for 06/13/2014 at 9:30 am has<br>been resulted as follows:<br><br>Result: Status Hearing Continued<br>Judge: NASH, STUART G    Location:<br>Courtroom A-47 | 0.00 | 0.00 |
| 86 | 06/11/14 | Returned Status Hearing notice issued on<br>June 2, 2014<br>Mailed to: Tehran Gharsri   Address: 113<br>Jackson #113, Fairfax, VA 22030<br>Returned to Court on: June 11, 2014<br>Reason: Attempted not known | 0.00 | 0.00 |
| 87 | 05/30/14 | Order Sua Sponte Continuing Status Hearing<br>Signed by Judge Nash on 05/30/2014.<br>Submitted 05/30/2014 13:44 jhc. | 0.00 | 0.00 |
| 88 | 05/30/14 | Order Sua Sponte to/for:  Rescheduled<br>Status Hearing on 6/13/14, entered on<br>docket, signed by Judge Nash and e-filed,<br>with copies mailed and e-served on parties<br>of record on 5/30/14. | 0.00 | 0.00 |
| 89 | 05/30/14 | Event Scheduled<br>Event: Status Hearing<br>Date: 06/13/2014    Time: 9:30 am<br>Judge: NASH, STUART G    Location:<br>Courtroom A-47 | 0.00 | 0.00 |
| 90 | 05/30/14 | Notice of Hearing Mailed Next Business Day<br><br>Notice Of Hearing<br>Sent on:  05/30/2014  12:59:58.71 | 0.00 | 0.00 |
| 91 | 05/30/14 | Event Resulted:<br>The following event: Status Hearing<br>scheduled for 06/06/2014 at 9:30 am has<br>been resulted as follows:<br><br>Result: Status Hearing Vacated<br>Judge: NASH, STUART G    Location:<br>Courtroom A-47 | 0.00 | 0.00 |
| 92 | 01/01/14 | Judge Caseload Transfer<br>The judge was changed from EPSTEIN,<br>ANTHONY C to NASH, STUART G | 0.00 | 0.00 |

**Ex. A**

Case 3:17-cv-00373-MHL   Document 7   Filed 09/19/16   Page 51 of 104 PageID# 277

CRTR5925                                  Summary

2008 CA 008450 B    ANDREW, COLIN  Vs. AMERICAN IMPORT CENTER et al

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr      Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 93 | 12/11/13 | Stipulation for Dismissal With Prejudice of Wells Fargo Bank, N.A. Filed. submitted 12/11/2013 14:02. tw<br>Attorney: MULERA, Mr RAYMOND R R (459403) Mr RAYMOND R R MULERA (Attorney) on behalf of WELLS FARGO AUTO FINANCE (Defendant); Mr THOMAS C WILLCOX (Attorney) on behalf of COLIN ANDREW (PLAINTIFF)  Receipt: 269105  Date: 12/12/2013 | 20.00 | 0.00 |
| 94 | 06/27/12 | Returned: Status Hearing<br>                    Issued on:<br>June 13,2012<br>Notice Mailed to: Tehran Ghasri<br>Address:113 Jackson #113, FairFax,VA 22030<br>Notice Returned to Court on: June 20,2012<br>Reason: Return to sender Unable to forward | 0.00 | 0.00 |
| 95 | 06/12/12 | Event Scheduled<br>Event: Status Hearing<br>Date: 06/06/2014   Time: 9:30 am<br>Judge: EPSTEIN, ANTHONY C    Location: Courtroom A-47 | 0.00 | 0.00 |
| 96 | 06/12/12 | Notice of Hearing Mailed Next Business Day<br><br>Notice Of Hearing<br>Sent on:  06/12/2012  11:51:30.97 | 0.00 | 0.00 |
| 97 | 06/08/12 | Event Resulted:<br>The following event: Status Hearing scheduled for 06/08/2012 at 10:30 am has been resulted as follows:<br><br>Result: Status Hearing Held<br>Judge: EPSTEIN, ANTHONY C    Location: Courtroom A-47 (Courtsmart)  All Counsel, and Ms. Lachina present.  Status hearing held.  Plaintiff filed appeal of Stay in Court of appeals.  Status hearing set for 6/6/2014 at 9:30 am.  AM<br>Mr RAYMOND R R MULERA (Attorney) on behalf of WELLS FARGO AUTO FINANCE (Defendant); Mr HUNTER A WHITESTONE (Attorney) on behalf of MOTOR VEHICLE DEALER BOARD (Defendant); Mr THOMAS C WILLCOX (Attorney) on behalf of COLIN ANDREW (PLAINTIFF)<br> Participant(s): Judge ANTHONY C EPSTEIN | 0.00 | 0.00 |
| 98 | 12/30/11 | Judge Caseload Transfer<br>The judge was changed from JOSEY-HERRING, ANITA to EPSTEIN, ANTHONY . | 0.00 | 0.00 |
| 99 | 12/30/11 | Event Scheduled<br>Event: Status Hearing<br>Date: 06/08/2012   Time: 10:30 am<br>Judge: EPSTEIN, ANTHONY C    Location: Courtroom A-47 | 0.00 | 0.00 |

**Ex. A**

```
Date: 08/26/2016 3:17:23                    Spanner Sheet

CRTR5925                                     Summary

2008 CA 008450 B   ANDREW, COLIN  Vs. AMERICAN IMPORT CENTER et al
```

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr     Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|---------|---------|---------|
| 100 | 07/07/11 | Returned Status Hearing notice issued on: June 20, 2011 Mailed to: TEHRAN GHASRI                    Address: 113 Jackson #113 FAIRFAX VA, 22030 Returned to Court on: June 8, 2012 Reason: NO SUCH STREET | 0.00 | 0.00 |
| 101 | 06/29/11 | Returned Status Hearing Notice issued on: June 20,2011 Mailed to: American Import Center            Address:9111 Antique Way, Manassas, VA 20110 Returned to Court on: June 28, 2011 Reason: Attempted-Not Known | 0.00 | 0.00 |
| 102 | 05/17/11 | Proof of Service to Order Granting Joint Motion to Continue Hearing submitted 05/17/2011 16:15. ajm. Signed by Judge Josey-Herring on May 17, 2011. | 0.00 | 0.00 |
| 103 | 05/17/11 | Order Granting Joint Motion to Continue Hearing submitted 05/17/2011 16:15. ajm. Signed by Judge Josey-Herring on May 17, 2011. | 0.00 | 0.00 |
| 104 | 05/17/11 | Order Granting Joint Motion to Continue Hearing. Submitted 5/17/2011. Signed by Judge Josey-Herring 5/17/2011. Efiled and Eserved 5/17/2011. edo | 0.00 | 0.00 |
| 105 | 05/17/11 | Event Resulted: The following event: Status Hearing scheduled for 06/03/2011 at 9:30 am has been resulted as follows: Result: Status Hearing Continued Judge: JOSEY-HERRING, ANITA    Location: Courtroom 219 | 0.00 | 0.00 |
| 106 | 05/17/11 | Event Scheduled Event: Status Hearing Date: 06/08/2012    Time: 9:30 am Judge: JOSEY-HERRING, ANITA    Location: Courtroom 219 | 0.00 | 0.00 |
| 107 | 05/17/11 | Notice of Hearing Mailed Next Business Day Notice Of Hearing Sent on:  05/17/2011  10:37:48.86 | 0.00 | 0.00 |

**Ex. A**

CRTR5925                                    Summary

2008 CA 008450 B   ANDREW, COLIN   Vs. AMERICAN IMPORT CENTER et al

---

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr      Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|---------------------------------------------------------------------------|---------------------------------|-------------|

108  05/12/11  Joint Motion to Continue Hearing Filed.          20.00
               submitted 05/12/2011 11:17. atm                                            0.00
               Attorney: MULERA, Mr RAYMOND R R (459403)
               Attorney: MAHDAVI, Mr DAVID R R (478629)
               Attorney: WILLCOX, Mr THOMAS C (445135)
               Attorney: WHITESTONE, Mr HUNTER A (454321)
               COLIN ANDREW (PLAINTIFF); AMERICAN IMPORT
               CENTER (Defendant); WELLS FARGO AUTO
               FINANCE (Defendant); MOTOR VEHICLE DEALER
               BOARD (Defendant);  Receipt: 195105  Date:
               05/13/2011

109  09/23/10  Default Vacated Pursuant to SCR 60(a)             0.00
               TEHRAN GHASRI (Defendant);                                                 0.00

110  09/23/10  Dismissal Vacated Pursuant to SCR 60(a)           0.00
               TEHRAN GHASRI (Defendant);                                                 0.00

111  09/08/10  Returned Order of Dismissal notice issued         0.00
               on August 25, 2010                                                        0.00
               Mailed to Tehran Ghasri      Address: 113
               Jackson, 113, Fairfax, VA 22030
               Returned to Court on September 7, 2010
               Reason: Insufficient address

112  08/25/10  (VACATED) Dismissed for Failure to Obtain         0.00
               a Default Judgment.  Notice Mailed                                        0.00
               TEHRAN GHASRI (Defendant);

113  06/30/10  Returned: Order of Default Notice                 0.00
                                          Entered on:                                    0.00
               June 17, 2010
               Notice Mailed to: Tehran Ghasri
                                          Address:
               113 Jackson #113 Fairfax, VA 22030
               Notice Returned to Court on: June 30, 2010

               Reason: No Such Street

114  06/21/10  Returned: Status Hearing  Notice                  0.00
                                                                                         0.00
               entered on: June 4, 2010
               Notice Mailed to: American Import Center
                                          Address:
               9111 Amtique Way Manassas, VA 20110
               Notice Returned to Court on: June 21 ,2010

               Reason: Not deliverable as addressed

115  06/17/10  (VACATED) Default Issued.    Notice Mailed        0.00
               TEHRAN GHASRI (Defendant);                                                0.00

**Ex. A**

CRTR5925                                          Summary

2008 CA 008450 B    ANDREW, COLIN  Vs. AMERICAN IMPORT CENTER et al

---

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr      Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|------|------|------|

116  06/15/10  Returned: Status Hearing Notice                    0.00
                        Entered on: June 4, 2010                                  0.00
              Notice Mailed to: Tehran Ghasri
                        Address: 113 Jackson
              #113 Fairfax, VA 22030
              Notice Returned to Court on: June 14, 2010
              Reason: No Such Street

117  06/04/10  Event Resulted:                                    0.00
              The following event: Status Hearing                              0.00
              scheduled for 06/04/2010 at 9:30 am has
              been resulted as follows:

              Result: Status Hearing Held
              Court Smart 219. Parties present. Further
              Status Hearing June 3, 2011 at 9:30 am.
              Judge: JOSEY-HERRING, ANITA    Location:
              Courtroom 219
              Mr DAVID R R MAHDAVI (Attorney) on behalf
              of AMERICAN IMPORT CENTER (Defendant); Mr
              RAYMOND R R MULERA (Attorney) on behalf of
              WELLS FARGO AUTO FINANCE (Defendant); Mr
              HUNTER A WHITESTONE (Attorney) on behalf
              of MOTOR VEHICLE DEALER BOARD (Defendant);
              Mr THOMAS C WILLCOX (Attorney) on behalf
              of COLIN ANDREW (PLAINTIFF)
               Participant(s): Judge ANITA JOSEY-HERRING

118  06/04/10  Notice of Hearing Mailed Next Business Day         0.00
                                                                               0.00
              Notice Of Hearing
              Sent on:  06/04/2010  10:02:36

119  06/04/10  Event Scheduled                                    0.00
              Event: Status Hearing                                            0.00
              Date: 06/03/2011    Time: 9:30 am
              Judge: JOSEY-HERRING, ANITA    Location:
              Courtroom 219

120  12/24/09  RETURNED NOTICE for: STATUS HEARING                0.00
                        Eentered on: 12/14/09                                  0.00
              NOTICE Mailed to:  TEHRAN GHASRI
                        Address: 113 JACKSON
              #113
              NOTICE Returned to Court on: 12/24/09

              FAIRFAX, VA. 22030
              Reason: NO SUCH STREET

121  12/15/09  Response to Motion to Dismiss of Motor             0.00
              vehicle Dealer Board. Filed. Submitted.                          0.00
              12/15/2009 11:43 ars.
              Attorney: WILLCOX, Mr THOMAS C (445135)

**Ex. A**

CRTR5925                                    Summary

2008 CA 008450 B    ANDREW, COLIN   Vs. AMERICAN IMPORT CENTER et al

---

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr      Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|---|---|---|

---

| 122 | 12/11/09 | Event Resulted:<br>The following event: Status Hearing<br>scheduled for 12/11/2009 at 9:30 am has<br>been resulted as follows:<br><br>Result: Status Conference Held<br>Court Smart 415. Parties present. Further<br>Status Hearing 6/4/2010 at 9:30am.<br>Plaintiff to respond to Defendants Motion<br>to Dismiss. Parties to check and see if<br>the DCCA stay has been lifted.<br>Judge: JOSEY-HERRING, ANITA     Location:<br>Courtroom 415<br>Mr DAVID R R MAHDAVI (Attorney) on behalf<br>of AMERICAN IMPORT CENTER (Defendant); Mr<br>THOMAS C WILLCOX (Attorney) on behalf of<br>COLIN ANDREW (PLAINTIFF)<br> Participant(s): Judge ANITA JOSEY-HERRING | 0.00 | 0.00 |
| 123 | 12/11/09 | Event Scheduled<br>Event: Status Hearing<br>Date: 06/04/2010    Time: 9:30 am<br>Judge: JOSEY-HERRING, ANITA     Location:<br>Courtroom 415 | 0.00 | 0.00 |
| 124 | 12/11/09 | Notice of Hearing Mailed Next Business Day<br><br>Notice Of Hearing<br>Sent on:  12/11/2009  13:36:57 | 0.00 | 0.00 |
| 125 | 11/25/09 | Additional eFiling Document to Motion to<br>Dismiss, Presenting Defenses of Failure to<br>State a Claim, Lack of Personal<br>Jurisdiction and Improper Joinder, Under<br>Rule 12(b)  Filed submitted. 11/25/2009<br>14:35. plt.<br>Attorney: WHITESTONE, Mr HUNTER A (454321)<br>MOTOR VEHICLE DEALER BOARD (Defendant);<br>Receipt: 151431  Date: 11/30/2009 | 0.00 | 0.00 |
| 126 | 11/25/09 | Motion to Dismiss, Presenting Defenses of<br>Failure to State a Claim, Lack of Personal<br>Jurisdiction and Improper Joinder, Under<br>Rule 12(b)  Filed submitted. 11/25/2009<br>14:35. plt.<br>Attorney: WHITESTONE, Mr HUNTER A (454321)<br>MOTOR VEHICLE DEALER BOARD (Defendant);<br>Receipt: 151431  Date: 11/30/2009 | 20.00 | 0.00 |
| 127 | 11/05/09 | Re-Issue Summons on MOTOR VEHICLE DEALER<br>BOARD Filed<br>Attorney: WILLCOX, Mr THOMAS C (445135)<br>Receipt: 149595  Date: 11/05/2009<br>COLIN ANDREW (PLAINTIFF); | 10.00 | 0.00 |

**Ex. A**

Case 3:17-cv-00373-MHL   Document 7   Filed 09/19/16   Page 56 of 104 PageID# 282

CRTR5925                                  Summary

2008 CA 008450 B   ANDREW, COLIN  Vs. AMERICAN IMPORT CENTER et al

---

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr        Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|-----------------------------------|------------------|-------------|
| 128 | 10/23/09 | Proof of Service to Order Granting Plaintiff's Consent Motion for Issuance of Summons for the Virginia Motor Vehicle Dealer Board to be Brought in as an Indispensible Party Filed. Submitted 10/23/2009 15:06. jmv. Signed by Judge Josey-Herring on 10/23/09. | 0.00 | 0.00 |
| 129 | 10/23/09 | Order Granting Plaintiff's Consent Motion for Issuance of Summons for the Virginia Motor Vehicle Dealer Board to be Brought in as an Indispensible Party Filed. Submitted 10/23/2009 15:06. jmv. Signed by Judge Josey-Herring on 10/23/09. | 0.00 | 0.00 |
| 130 | 10/23/09 | Order Granting Plaintiff's Consent Motion for Issuance of Summons  for the Virginia Motor Vehicle Dealer Board to be Brought in as an Indispensible Party. Entered on the Docket 10/23/09.  Signed by Judge Josey-Herring on 10/23/09.  E-filed on 10/23/09. CH | 0.00 | 0.00 |
| 131 | 09/14/09 | Motion for Issuance of Summons for the Virginia Motor Vehicle Dealer Board to Be Brought in as an Indispensable Party Filed: submitted. 09/14/2009 18:17. plt. Attorney: WILLCOX, Mr THOMAS C (445135) COLIN ANDREW (PLAINTIFF); | 20.00 | 0.00 |
|     |          |                                   | 20.00 |      |
| 132 | 08/28/09 | Proof of Service to Order Denying Without Prejudice Ex Parte Motion for Issuance of Summons for the Virginia Motor Vehicle Dealer Board to be brought in as an Indispensable Party Filed. Submitted 08/28/2009 16:56. jmv. Signed by Judge Josey-Herring on 8/28/09. | 0.00 | 0.00 |
| 133 | 08/28/09 | Order Denying Without Prejudice Ex Parte Motion for Issuance of Summons for the Virginia Motor Vehicle Dealer Board to be brought in as an Indispensable Party Filed. Submitted 08/28/2009 16:56. jmv. Signed by Judge Josey-Herring on 8/28/09. | 0.00 | 0.00 |
| 134 | 08/28/09 | Order Denying without prejudice Motion for Issuance of Summons Entered on the Docket 8/28/09.  Signed by Judge Josey-Herring on 8/28/09.  E-filed on 8/28/09. CH | 0.00 | 0.00 |

**Ex. A**

CRTR5925                                    Summary

2008 CA 008450 B    ANDREW, COLIN  Vs. AMERICAN IMPORT CENTER et al

---

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|---------------------------------|------------------|-------------|
| 135 | 08/26/09 | Ex Parte Motion for Issuance of Summons<br>for The Virginia Motor Vehicle Dealer<br>Board to be Brought in as an Indispensable<br>Party Filed: submitted. 08/26/2009 16:15.<br>plt.<br>Attorney: WILLCOX, Mr THOMAS C (445135)<br>COLIN ANDREW (PLAINTIFF);  Receipt: 143221<br> Date: 08/27/2009 | 20.00 | 0.00 |
| 136 | 07/16/09 | Notice of Appeal Filed by Colin Andrew<br>from order entered June 17,2009.<br>submitted 07/16/2009 14:35.  cms.<br>Notice of Appeal mailed to interested<br>parties<br>Attorney: WILLCOX, Mr THOMAS C (445135)<br>COLIN ANDREW (PLAINTIFF); | 100.00 | 0.00 |
|  |  |  | 100.00 |  |
| 137 | 07/16/09 | (ELECTRONIC ERROR) Informa Pauperis Notice<br>of Appeal Filed.  Submitted 07/16/2009<br>14:35.  cms.<br>Attorney: WILLCOX, Mr THOMAS C (445135)<br>COLIN ANDREW (PLAINTIFF); | 0.00 | 0.00 |
| 138 | 06/30/09 | RETURNED NOTICE for: Status Hearing<br>            entered on: June 18, 2009<br>NOTICE Mailed to: American Import Center<br>NOTICE Returned to Court on: June 30, 2009<br>Reason: Forward Time Exp | 0.00 | 0.00 |
| 139 | 06/26/09 | Returned Status Hearing notice issue on<br>June 18, 2009<br>Mailed to Tehran Ghasri<br>Returned to Court on: June 26, 2009<br>Reason: No such street | 0.00 | 0.00 |
| 140 | 06/17/09 | Proof of service on Order Omnibus Order<br>submitted. 06/17/2009 16:42. plt. signed<br>by J/Josey-Herring, 06/17/09 | 0.00 | 0.00 |
| 141 | 06/17/09 | Order Omnibus Order submitted. 06/17/2009<br>16:42. plt. signed by J/Josey-Herring,<br>06/17/09 | 0.00 | 0.00 |
| 142 | 06/17/09 | (Omnibus Order) Order Denying Plainttifs<br>Motion to Continue Entered on the Docket<br>6/17/09.  Signed by Judge Josey-Herring on<br>6/17/09.  E-Filed on 6/17/09. CH | 0.00 | 0.00 |
| 143 | 06/17/09 | (Omnibus Order) Order Denying as Moot<br>Motion for Partial Reconsideration Entered<br>on the Docket 6/17/09.  Signed by Judge<br>Josey-Herring on 6/17/09.  E-filed on<br>6/17/09. CH | 0.00 | 0.00 |

**Ex. A**

Date: 08/26/2016 3:17:21 PM       Copies Sheet

CRTR5925                                    Summary

2008 CA 008450 B   ANDREW, COLIN  Vs. AMERICAN IMPORT CENTER et al

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr      Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 144 | 06/17/09 | (Omnibus Order) Order Granting Defendants Motion to Compel Arbitration Entered on the Docket 6/17/09.  Signed by Judge Josey-Herring on 6/17/09. E-filed on 6/17/09. CH | 0.00 | 0.00 |
| 145 | 06/17/09 | (Omnibus Order) Order Denying Defendant's Motion to Dismiss Entered on the Docket 6/17/09.  Signed by Judge Josey-Herring on 6/17/09.  E-filed on 6/17/09. CH | 0.00 | 0.00 |
| 146 | 06/17/09 | (Omnibus Order) Order Granting In Part Motion to Join Co-Defendant AIC'S Motion to Dismiss and to Compel Arbitration Entered on the Docket 6/17/09.  Signed by Judge Josey-Herring on 6/17/09.  E-filed on 6/17/09. CH | 0.00 | 0.00 |
| 147 | 06/17/09 | Event Resulted:<br>The following event: Scheduling Conference Hearing scheduled for 06/18/2009 at 9:30 am has been resulted as follows:<br><br>Result: Scheduling Conference Hearing Vacated<br>Judge: JOSEY-HERRING, ANITA    Location: Courtroom 415 | 0.00 | 0.00 |
| 148 | 06/17/09 | Event Scheduled<br>Event: Status Hearing<br>Date: 12/11/2009    Time: 9:30 am<br>Judge: JOSEY-HERRING, ANITA    Location: Courtroom 415 | 0.00 | 0.00 |
| 149 | 06/17/09 | Notice of Hearing Mailed Next Business Day<br><br>Notice Of Hearing<br>Sent on:  06/17/2009  15:10:06 | 0.00 | 0.00 |
| 150 | 06/11/09 | Wells Fargo Bank, NA' S Response In Opposition to Plaintiff's Motion for Partial Reconsideration of this court?s Order Denying Plaintiff Leave to Take Discovery Filed submitted 06/11/2009 16:58 wjw.<br>Attorney: MULERA, Mr. RAYMOND R R (459403) | 0.00 | 0.00 |
| 151 | 06/10/09 | Event Scheduled<br>Event: Scheduling Conference Hearing<br>Date: 06/18/2009    Time: 9:30 am<br>Judge: JOSEY-HERRING, ANITA    Location: Courtroom 415 | 0.00 | 0.00 |

**Ex. A**

CRTR5925                                    Summary

2008 CA 008450 B   ANDREW, COLIN  Vs. AMERICAN IMPORT CENTER et al

---

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr      Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|---|---|---|
| 152 | 06/10/09 | Event Resulted:<br>The following event: Scheduling Conference Hearing scheduled for 06/19/2009 at 9:30 am has been resulted as follows:<br><br>Result: Event Cancelled<br>Judge: JOSEY-HERRING, ANITA    Location: Courtroom 415 | 0.00 | 0.00 |
| 153 | 06/01/09 | Motion for Continuance of Status Conference While Discovery on Arbitration Issues is Conducted. Filed. Submitted. 06/01/2009 15:46. ncv.<br>Attorney: WILLCOX, Mr THOMAS C (445135)<br>COLIN ANDREW (PLAINTIFF); | 0.00 | 0.00 |
| 154 | 06/01/09 | Motion for Partial Reconsideration of Motion Denying Plaintiff Leave to Take Discovery. Filed. Submitted. 06/01/2009 15:43. ncv.<br>Attorney: WILLCOX, Mr THOMAS C (445135)<br>COLIN ANDREW (PLAINTIFF); | 0.00 | 0.00 |
| 155 | 06/01/09 | Motion for continuation of Status Conference while Discovery on Arbitration Issues is conducted Filed submitted 06/01/2009 15:46 wjw.<br>Attorney: WILLCOX, THOMAS (445135) | 0.00 | 0.00 |
| 156 | 05/11/09 | Notice to Bring When With  You When You Appear:<br>                entered on: 05/01/09<br>Mailed to: American Import Center<br>Returned to Court on: 05/11/09<br>Reason: Forward Time Expired | 0.00 | 0.00 |
| 157 | 05/05/09 | Proof of Service to Omnibus Order submitted 05/05/2009 16:53. ajm. signed by Judge Josey-Herring on April 28, 2009. | 0.00 | 0.00 |
| 158 | 05/05/09 | Omnibus Order submitted 05/05/2009 16:53. ajm. signed by Judge Josey-Herring on April 28, 2009. | 0.00 | 0.00 |
| 159 | 05/04/09 | Wells Fargo Bank, N.A.'s Reply in Support of Its Motion to Join Co-Defendant American Import Center, Inc's Motion Dismiss and to Compel Arbitration. Filed. Submitted. 05/04/2009 17:51. ncv.<br>Attorney: MULERA, Mr RAYMOND R R (459403)<br>WELLS FARGO AUTO FINANCE (Defendant); | 0.00 | 0.00 |

**Ex. A**

CRTR5925                                    Summary

2008 CA 008450 B   ANDREW, COLIN  Vs. AMERICAN IMPORT CENTER et al

---

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr     Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|---|---|---|

---

| 160 | 05/04/09 | Proof of Service to Omnibus Order Granting Motion for One Week Extension of Time to Respond to Defendant AIC's Motiont to Dismiss. Signed by Judge A. Josey-Herring on 04/28/09. Submitted. 05/04/2009 12:15. ncv. | 0.00 | 0.00 |
| 161 | 05/04/09 | Omnibus Order Granting Motion for One Week Extension of Time to Respond to Defendant AIC's Motiont to Dismiss. Signed by Judge A. Josey-Herring on 04/28/09. Submitted. 05/04/2009 12:15. ncv. | 0.00 | 0.00 |
| 162 | 05/01/09 | American Import Center's Reply Memorandum in Support of Its Motion to Dismiss or Stay Pending Arbitration Filed. Submitted 05/01/2009 14:18. ts.<br>Attorney: MAHDAVI, Mr DAVID R R (478629) | 0.00 | 0.00 |
| 163 | 05/01/09 | Event Resulted:<br>The following event: Scheduling Conference Hearing scheduled for 05/01/2009 at 9:30 am has been resulted as follows:<br><br>Result: Scheduling Conference Hearing Continued<br>Courtroom #415 (CourtSmart).  All parties present.  Plaintiff counsel Thomas Willcox Oral Request for Discovery Denied in Open Court and Oral Request for Default to be Entered against defendant Tehran Ghasri Denied in Open Court.  Further Scheduling Conference set for June 19, 2009 at 9:30AM.  EM<br>Judge: JOSEY-HERRING, ANITA    Location: Courtroom 415<br>Mr DAVID R R MAHDAVI (Attorney) on behalf of AMERICAN IMPORT CENTER (Defendant); Mr THOMAS C WILLCOX (Attorney) on behalf of COLIN ANDREW (PLAINTIFF)<br> Participant(s): Judge ANITA JOSEY-HERRING | 0.00 | 0.00 |
| 164 | 05/01/09 | Event Scheduled<br>Event: Scheduling Conference Hearing<br>Date: 06/19/2009  Time: 9:30 am<br>Judge: JOSEY-HERRING, ANITA    Location: Courtroom 415 | 0.00 | 0.00 |
| 165 | 05/01/09 | Notice of Hearing Mailed Next Business Day<br><br>Notice Of Hearing<br>Sent on:  05/01/2009  11:21:40 | 0.00 | 0.00 |
| 166 | 04/30/09 | Response to Motions to Dismiss of AIC and Wells Fargo. Filed. Submitted. 04/30/2009 17:40. ars.<br>Attorney: WILLCOX, Mr THOMAS C (445135)<br>COLIN ANDREW (PLAINTIFF); | 0.00 | 0.00 |

**Ex. A**

CRTR5925                      Summary

2008 CA 008450 B    ANDREW, COLIN   Vs. AMERICAN IMPORT CENTER et al

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 167 | 04/28/09 | ORDERED that plaintiff's motion for a two day extension of time to file the motion for one week extension is denied as moot | 0.00 | 0.00 |
| 168 | 04/28/09 | Order Granting Plaintiff's Motion for Extension of Time to Respond and Entered on the Docket<br>Plaintiff may file a response on or before May 4, 2009 | 0.00 | 0.00 |
| 169 | 04/25/09 | Motion for Two Day Extension of Time to File Motion for One Week Extention to Respond to Motion to Dismiss to AIC Automotive for Good Cause Shown. Filed. Submitted. 04/25/2009 03:56. ncv.<br>Attorney: WILLCOX, Mr THOMAS C (445135) COLIN ANDREW (PLAINTIFF); | 0.00 | 0.00 |
| 170 | 04/25/09 | Motion for Week Extension of Time to Respond to Motion to Dismiss of AIC Automotive. Filed. Submitted. 04/25/2009 03:52. ncv.<br>Attorney: WILLCOX, Mr THOMAS C (445135) COLIN ANDREW (PLAINTIFF); | 0.00 | 0.00 |
| 171 | 04/08/09 | Memorandum in Support of Wells Fargo Bank, NA's Motion to Join Co-Defendant American Import Center, Inc's Motion to Dismiss and Compel Arbitration. Filed. Submtited. 04/08/2009 10:30. ncv.<br>Attorney: MULERA, Mr RAYMOND R R (459403) WELLS FARGO AUTO FINANCE (Defendant); | 0.00 | 0.00 |
| 172 | 04/08/09 | Additional eFiling Document to Motion to Join Co-Defendant American Import Center, Inc's Motion to Dismiss and to Compel Arbitration. Filed. Submitted. 04/08/2009 10:26. ncv.<br>Attorney: MULERA, Mr RAYMOND R R (459403) | 0.00 | 0.00 |
| 173 | 04/08/09 | Motion to Join Co-Defendant American Import Center, Inc's Motion to Dismiss and to Compel Arbitration. Filed. Submitted. 04/08/2009 10:26. ncv.<br>Attorney: MULERA, Mr RAYMOND R R (459403) WELLS FARGO AUTO FINANCE (Defendant); Receipt: 131330   Date: 04/09/2009 | 20.00 | 0.00 |
| 174 | 04/07/09 | Additional eFiling Document to Motion to Dismiss and to Compel Arbitration. Filed. Submitted. 04/07/2009 18:02. ncv.<br>Attorney: MAHDAVI, Mr DAVID R R (478629) | 0.00 | 0.00 |

**Ex. A**

CRTR5925                                          Summary

2008 CA 008450 B    ANDREW, COLIN  Vs. AMERICAN IMPORT CENTER et al

---

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr      Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|---------------------------------------|------------------|-------------|

---

| 175 | 04/07/09 | Motion to Dismiss and to Compel<br>Arbitration. Filed. Submitted. 04/07/2009<br>18:02. ncv.<br>Attorney: MAHDAVI, Mr DAVID R R (478629)<br>AMERICAN IMPORT CENTER (Defendant);<br>Receipt: 131229  Date: 04/09/2009 | 20.00 | 0.00 |
| 176 | 03/26/09 | Answer with Cross Claim. Filed. Submitted.<br>03/26/2009 10:34. ncv.<br>Attorney: MULERA, Mr RAYMOND R R (459403)<br>WELLS FARGO AUTO FINANCE (Defendant,<br>Defendant Cross Plaintiff);  Receipt:<br>129900  Date: 03/27/2009 | 20.00 | 0.00 |
| 177 | 03/12/09 | RETURNED NOTICE  for: SCHEDULING<br>CONFERENCE HEARING<br>entered on: 3/4/09<br>NOTICE Mailed to: TEHRAN GHASRI<br>NOTICE Returned to Court on: 3/11/09<br>Reason: NOT SUCH STREET | 0.00 | 0.00 |
| 178 | 03/11/09 | Proof of Service<br>        Method   : Service Issued<br>        Issued   : 12/03/2008<br>        Service  : Summons Issued<br>        Served   : 03/03/2009<br>        Return   : 03/11/2009<br>        On       : AMERICAN IMPORT CENTER<br>        Signed By : Adel Tajdar<br><br>        Reason   : Proof of Service<br>        Comment  :<br><br>        Tracking #: 5000055804 | 0.00 | 0.00 |
| 179 | 03/11/09 | Affidavit of Service of Summons &<br>Complaint on<br>AMERICAN IMPORT CENTER (Defendant); | 0.00 | 0.00 |
| 180 | 03/03/09 | Event Resulted:<br>The following event: Initial Scheduling<br>Conference-60 scheduled for 03/06/2009 at<br>9:30 am has been resulted as follows:<br><br>Result: Scheduling Conference Hearing<br>Vacated<br>Judge: JOSEY-HERRING, ANITA    Location:<br>Courtroom 415 | 0.00 | 0.00 |
| 181 | 03/03/09 | Event Scheduled<br>Event: Scheduling Conference Hearing<br>Date: 05/01/2009    Time: 9:30 am<br>Judge: JOSEY-HERRING, ANITA    Location:<br>Courtroom 415 | 0.00 | 0.00 |

**Ex. A**

CRTR5925                                    Summary

2008 CA 008450 B   ANDREW, COLIN  Vs. AMERICAN IMPORT CENTER et al

---

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|-----|-----|-----|
| 182 | 03/03/09 | Notice of Hearing Mailed Next Business Day<br><br>Notice Of Hearing<br>Sent on:  03/03/2009  14:36:31 | 0.00 | 0.00 |
| 183 | 03/02/09 | Motion for Sixty Day Extension of Scheduling Conference. Filed. Submitted. 03/02/2009 20:23. ars.<br>Attorney: WILLCOX, Mr THOMAS C (445135)<br>COLIN ANDREW (PLAINTIFF); | 0.00 | 0.00 |
| 184 | 02/27/09 | Additional eFiling Document to Order Granting Ex Parte Motion for Extension of Time to Servce AIC Automotive. Signed by Judge A. Josey-Herring on02/26/09. Submitted. 02/27/2009 12:49. ncv. | 0.00 | 0.00 |
| 185 | 02/27/09 | Order Granting Ex Parte Motion for Extension of Time to Servce AIC Automotive. Signed by Judge A. Josey-Herring on02/26/09. Submitted. 02/27/2009 12:49. ncv. | 0.00 | 0.00 |
| 186 | 02/27/09 | Order Granting Plaintiff's Exparte Motion to Extend Time to Serve Entered on the Docket 2/27/09.  Signed by Judge Josey-Herring 2/26/09.  E-filed on 2/27/09. CH | 0.00 | 0.00 |
| 187 | 02/02/09 | Proof of Service<br>        Method   : Service Issued<br>        Issued   : 12/03/2008<br>        Service  : Summons Issued<br>        Served   : 01/14/2009<br>        Return   : 02/02/2009<br>        On       : WELLS FARGO AUTO FINANCE<br>        Signed By :<br><br>        Reason   : Proof of Service<br>        Comment  :<br><br>        Tracking #: 5000055806 | 0.00 | 0.00 |
| 188 | 02/02/09 | Affidavit of Service of Summons & Complaint by Mail on WELLS FARGO AUTO FINANCE (Defendant); | 0.00 | 0.00 |
| 189 | 01/29/09 | Ex Parte Motion for Extension of Time to Serve AIC Automotive. Filed. Submitted. 01/29/2009 19:29. ars.<br>Attorney: WILLCOX, Mr THOMAS C (445135)<br>COLIN ANDREW (PLAINTIFF); | 0.00 | 0.00 |

**Ex. A**

CRTR5925                                    Summary

2008 CA 008450 B   ANDREW, COLIN  Vs. AMERICAN IMPORT CENTER et al

---

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr      Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|---------------------------------------------------|---------------------------------|-------------|

---

| 190 | 01/07/09 | Proof of Service | 0.00 | |
| | | Method   : Service Issued | | 0.00 |
| | | Issued   : 12/03/2008 | | |
| | | Service  : Summons Issued | | |
| | | Served   : 12/27/2008 | | |
| | | Return   : 01/07/2009 | | |
| | | On       : GHASRI, TEHRAN | | |
| | | Signed By : | | |
| | | | | |
| | | Reason   : Proof of Service | | |
| | | Comment  : | | |
| | | | | |
| | | Tracking #: 5000055805 | | |

| 191 | 01/07/09 | Affidavit of Service of Summons & | 0.00 | |
| | | Complaint on | | 0.00 |
| | | TEHRAN GHASRI (Defendant); | | |

| 192 | 12/31/08 | Event Scheduled | 0.00 | |
| | | Event: Initial Scheduling Conference-60 | | 0.00 |
| | | Date: 03/06/2009   Time: 9:30 am | | |
| | | Judge: JOSEY-HERRING, ANITA    Location: | | |
| | | Courtroom 415 | | |
| | | | | |
| | | Result: Scheduling Conference Hearing | | |
| | | Vacated | | |

| 193 | 12/31/08 | Judge Caseload Transfer | 0.00 | |
| | | The judge was changed from LEIBOVITZ, LYNN | | 0.00 |
| | | to JOSEY-HERRING, ANITA . | | |

| 194 | 12/03/08 | Issue Date: 12/03/2008 | 0.00 | |
| | | Service:  Summons Issued | | 0.00 |
| | | Method:  Service Issued | | |
| | | Cost Per: $ | | |

AMERICAN IMPORT CENTER
9111 Antique Way
MANASSAS, VA   20110
Tracking No: 5000055804

GHASRI, TEHRAN
113 Jackson #113
FAIRFAX, VA   22030
Tracking No: 5000055805

WELLS FARGO AUTO FINANCE
PO Box 53439
PHOENIX, AZ   85072
Tracking No: 5000055806

**Ex. A**

CRTR5925                                  Summary

2008 CA 008450 B    ANDREW, COLIN   Vs. AMERICAN IMPORT CENTER et al

---

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr      Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|---------------------------------------------|------------------|-------------|
| 195 | 12/02/08 | Event Scheduled<br>Event: Initial Scheduling Conference-60<br>Date: 03/06/2009   Time: 9:30 am<br>Judge: LEIBOVITZ, LYNN    Location:<br>Courtroom A-47 | 0.00 | 0.00 |
| 196 | 12/02/08 | Order Granting Exparte Motion to Proceed<br>In Forma Pauperis Entered on the Docket on<br>12/02/08 signed by J/Abrecht, 11/25/08 | 0.00 | 0.00 |
| 197 | 12/02/08 | Exparte Motion to Proceed In Forma<br>Pauperis Filed<br>Attorney: WILLCOX, Mr THOMAS C (445135)<br>COLIN ANDREW (PLAINTIFF); | 0.00 | 0.00 |
| 198 | 12/02/08 | Complaint for Fraud Filed | 120.00 | 0.00 |
|     |         |                           | 120.00 | |

---

|  | Totals By:  Cost | 430.00 | 0.00 |
|--|------------------|--------|------|
|  | Information | 0.00 | 0.00 |

*** End of Report ***

**Ex. A**

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

Colin Andrew                            Civil Action No.
48 New York Ave                         Cal
Washington DC   20001                   Sched Conf:

v.

American Import Center
9111 Antique Way
Manassas VA   20110
REGISTERED AGENT
ADEL TAJDAR
 9111 ANTIQUE WAY
MANASSAS : VA   20110

Tehran Ghasri
113 JACKSON #113
FAIRFAX, VA 22030

Wells Fargo Auto Finance
PO Box 53439
Phoenix AZ 85072
REGISTERED AGENT:
CORPORATION SERVICE COMPANY
1090 VERMONT AVE., N.W.,
Washington, DC 20005


Defendants

## COMPLAINT
### (Unlawful Trade Practices, and Breaches of Common Law Duties)

1. Colin Andrew  ("Mr. Andrew"), through his counsel, alleges as follows:

### Nature of the Case

The fraud involved constitutes a violation of several provisions of the District of

Columbia Consumer Protection Procedures Act, D.C. Code 28-3901 et seq., as well as a breach



**Ex. B**

of various common law duties.  Plaintiff has been injured and is entitled to statutory and punitive

compensatory damages and attorneys fees and other appropriate relief

**Jurisdiction**

2.Jurisdiction of this Court is founded on D.C. Code (1981 Edition) §§ 11-921 and

28–3905

**Personal Jurisdiction Over the Defendants**

This Court has personal jurisdiction over all of the Defendants because each defendant

has done one or more of the following actions, any one of which would submit said defendant to

the lawful exercise of personal jurisdiction in the District of Columbia, pursuant to Section 13-

423 of the D.C. Code:

Transacts any business in the District of Columbia;

Causes tortious injury in the District of Columbia by an act or omission in the District

of Columbia;

Causes tortious injury in the District of Columbia by an act or omission outside the

District of Columbia, when the Defendant regularly does or solicits business, engages in any

other persistent course of conduct, or derives substantial revenue from goods used or consumed

or services rendered in the District of Columbia;

Has an interest in real property in the District of Columbia; and/or

Contracts to supply services in the District of Columbia.

3. In addition, because each defendant's activities would  lead it to reasonably expect to

be  haled into a District of Columbia Court, such exercise of in personam jurisdiction is in

keeping with the Due Process requirements of the U.S. Constitution.

K:\Daily Backup\active\ANDREW aic\Pleadings\08_11_21_Complaint\08_11_25 Draft.wpd  11/25/8,  1:49 pm          -2-

**Ex. B**

**Parties**

4.  Plaintiff Colin Andrew is a resident of the District of Columbia, living at 48 New York Avenue.

5.  Defendant American Import Center Inc has a principal place of business at 9111 Antique Way, Manassas, Virginia  20110.

6.  Defendant Tehran Ghasri is an individual whose last known address is 113 Jackson Street, No 113, Fairfax VA 22030

7.  Wells Fargo Auto Finance has a principal place of business in Phoenix Arizona.

## FACTS

8.  Mr. Andrew is a 27  year old recent graduate of the University of Maryland, Eastern Shore, single with one child, for whom he provides substantial financial assistance.  At all times relevant to this complaint, he was a student at the U of M, working as a waiter to make ends meet.

9.  Mr. Baback Fadavi is a 26 year old high school graduate, cell phone salesmen, single and physically disabled, in that he is 90% blind. He does not have a driver's license. In December 2006, Mr. Fadavi was earning approximately $26,000.

10. Mrs. Fadavis, Mr. Fadavi's mother, is a 51 year old high school graduate, profession homemaker, disabled with a fused spine, requiring constant medication for her pain. Mrs. Fadavi's husband lives permanently in California.

11.  In December 2006, Mr. Fadavi wanted a car so his mother could drive him to work and do errands.

**Ex. B**

12. Mr. Fadavi knew a Tehran Ghasri, with whom Mr. Fadavi had gone to school many years ago. Mr Fadavi knew Mr. Ghasri worked at AIC as a sales person.

13. From his DC residence, Mr. Fadavi Mr. Ghasri and told him of his needs of a car.

14. Mr. Ghasri suggested Mr. Fadavi buy a 2006 Nissan Ultima for $27,784.72.

15. Mr. Fadavi agreed.

16. Mr. Ghasi ran a credit check on Mr. Fadvai, and Mr. Fadavi was approved.

17. However, at some point during the telephone conversations, Mr. Ghasri learned Mr. Fadavi did not have a driver's license, and therefore could not own a car.

18. Mr. Fadavi therefore said Ms. Fadavi would purchase the car.

19. However, Ms. Fadavi had poor credit, a fact of which Mr. Ghasri informed Mr. Fadavi.

20. Mr. Fadavi then asked his friend Mr. Andrew to guarantee the purchase so that the purchase would be completed.

21. Mr. Andrew, then working at TGIF in Bethesda, MD, agreed.

22. On December 15 2006, Mr. Ghasri stopped by TGIF, where Mr. Andrew was working at the time, and asked Mr. Andrew to sign the papers.

23. Mr. Andrew relied on Mr. Fadavi to structure the transaction properly.

24. He knew Mr Fadavi knew Mr Ghasri well, and therefore trusted the two old friends

25. Mr Ghasri took all papers to Mr. Fadavi, telling Mr. Andrew that he, Mr. Fadavi, had to sign the paperwork he would leave the papers with Mr. Fadavi.

26. On the same night, Mr. Ghasri appeared at Mr. Fadavi's residence,  Davis Place, DC, and delivered the car.

**Ex. B**

27.  Soon after the purchase,  when Mr and Mrs Fadavi went to the the DC Department of Motor Vehicles, they were told they could not obtain a parking permit for their zone, as the owner of the vehicle lived in a different zone.

28.  They then realized Mr. Ghasri, had prepared the papers so that Mr. Andrew was the owner of the vehicle.

29.  An inspection of the papers submitted by Mr. Ghasri to qualify Mr. Andrew for the purchase demonstrates that Mr. Ghasri falsified Mr. Andrew's income in order to have the same completed.

Count I
Violations of The District of Columbia Consumer Protection Procedures Act
D.C. Code Section 3901 et. seq.
The Dealer and Mr. Ghasri

30.  Plaintiff realleges and reincorporates paragraphs 1 through 28 as if set forth herein.

31.  The Dealer's acts of soliciting the business of the residents of the District of Columbia, and selling a vehicle to a resident of the District of Columbia, which vehicle was registered and operated in the District of Columbia, constitute "trade practices" that are regulated by and are within the meaning of the District of Columbia Consumer Protection Procedures Act, D.C. Code Sections 28-3901 et, seq. (the "DCCPPA").

32.  It is a violation of D.C. Code Sec. 28-3904, whether or not any consumer is in fact misled, deceived or damaged thereby,  for any person to, inter alia:

Misrepresent a material fact which has a tendency to mislead (subsection (e));

Fail to state a material fact if such failure tends to mislead (subsection (f));

**Ex. B**

33. The Dealer violated the DCCPPA in numerous ways, including, but not limited to, the following;

Falsifying Mr Fadavi's income on the loan application

Representing to Mr. Andrew he would be the guarantor, not the owner, then having him sign documents committing himself to ownership of the vehicle.

34. The Dealer's violations of the DCCPPA were wanton, willful and intentional.

35. Due to the Dealer's violations of the DCCPPA, Mr. Andrew is entitled to statutory and/or treble and/or punitive damages, and attorneys fees, and any other relief this Court deems just and proper

Count II
Breach of Contract

36. Plaintiff realleges and reincorporate paragraphs 1 through 28 as if fully set forth herein.

37. In order prove a breach of contract under District of Columbia law, a plaintiff must prove that a contract existed between the plaintiff and the defendant, that the defendant has certain duties pursuant to the contract, that the defendant failed to perform or otherwise breached those duties, and that the plaintiff was approximately damaged thereby.

38. The Dealer and Mr. Andrew entered into a contracts whereby the Dealer agreed to sell Mr. Andrew the Vehicle.

39. As part of the contract, the Dealer agreed to sell the automobile in question in accordance with its own written representations and the laws of the District of Columbia

40. By falsifying loan information and fraudulently inducing an intended guarantor to sign the ownership papers, the Dealer failed to comply with any of the contractual requirements set forth above.

**Ex. B**

41. Mr. Andrew has been damaged by the Dealer's breach of contract.

42. Accordingly, Mr. Andrew is entitled to compensatory damages, and any other relief this Court deems proper.

Count III
Fraud/constructive Fraud ("fraud")
The Dealer and Mr. Ghasari

43. Plaintiff realleges and reincorporates paragraphs 1 through 28 as if fully set forth herein.

44. A person has committed common law fraud in the District of Columbia if that person has made a false representation or willful omission with respect to a material fact with knowledge of its falsity and with intent to deceive the plaintiff, and the plaintiff acts in reliance on the false representation, or if such representations were made in reckless disregard of the truth.

45. The Dealer committed numerous fraudulent omissions to Mr. Andrew, including but not limited to, those set forth in the DCCPA count, supra.

46. These omissions were made in reckless disregard of the truth, and were made with the intention of having Ms. Andrew purchase the vehicles in reliance on the misinformation made available to him.

47. Mr. Andrew has been damaged by the Dealer's fraud.

48. Accordingly, Mr. Andrew is entitled to compensatory and punitive damages, and any other relief this Court deems proper.

**Ex. B**

Count VI
Well Fargo Auto Finance
All claims against the Dealer
D.C. Code §§ 28-3808 and 3809 and 16 C.F.R. §433

49.  Plaintiff realleges and reincorporates paragraphs 1 through 28 as if fully set forth herein.

50.  In accordance with the requirements of D.C. Code §§ 28-3808 and 3809 and the Federal Trade Commission's Rule of Preservation of Consumer Claims and Defenses, 16 C.F.R. §433, the Retail Installment Contract which the Dealer assigned to Wells Fargo Auto Finance provided in pertinent part:

> **ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOOD OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER**

51.  Plaintiff asserts and hereby reasserts against Wells Fargo all claims and defenses he has against the Dealer.

52.  As Plaintiff is entitled to rescission and/or damages against the Dealer, he requests all appropriate relief against Wells Fargo Auto Finance.

WHEREFORE, Plaintiff Colin Andrew requests judgment against the Dealer and Wells Fargo Auto Finance

As to Count I, that this court award Mr. Andrew statutory and treble and punitive damages and attorneys fees against the Dealer as allowed by D.C. Code Section 28-3905 for the

**Ex. B**

breaches of the DCCPPA, and that this court declare the sale of the Altima be  rescinded, and

award compensatory damages against the Dealer to Mr. Andrew;

As to Counts II III, that this Court award compensatory and punitive damages;

As to Count IV, that this Court award all relief sought above against the Dealer

against Wells Fargo Auto Finance as the assignee of a consumer contract; and

and

As to all counts, that this Court award any other relief it deems proper.

**Ex. B**

JURY DEMAND

Plaintiff demands trial by jury on all issues.

Respectfully submitted

Thomas C. Willcox, #445135
1020 19th Street, N.W., Suite 400
Washington, D.C. 20004
202 223-0090
tcw963@consumerandantitrustlaw.com

**Ex. B**

Filed
D.C. Superior Court
09 Sep 14 P06:17
Clerk of Court

## DISTRICT OF COLUMBIA SUPERIOR COURT
## CIVIL DIVISION

Colin Andrew
Plaintiff

v.

Wells Fargo et al
Defendants-Appellees

Civil Action No. 2008 CA 008450 B

Judge Josey Herring

Next Court Date: December 11 2009

### MOTION FOR ISSUANCE OF SUMMONS FOR THE VIRGINIA MOTOR VEHICLE DEALER BOARD TO BE BROUGHT IN AS AN INDISPENSABLE PARTY

Plaintiff, by undersigned counsel, hereby asks this court for leave to issue a summons to bring the Virginia Motor Vehicle Board (VMVB) into this case as an indispensable party. Plaintiff makes this request because the Board has a recovery fund for judgments against Virginia Auto Dealers for fraud, a judgment that might be issued several years down the line in this case. The Board has a requirement that it be given notice of any proceeding on which such a judgment might be based, although exactly how such notice is supposed to be given is not clear from the statute.

Wells Fargo consents to the inclusion of the Auto Dealer Board, but only to the extent its consent is not viewed as a waiver of the arbitration clause and Wells Fargo position that this dispute must proceed to arbitration. AIC consents only to the extent it in no way affects its arbitration rights

WHEREFORE, for the reasons set fort above and for those set forth in the accompanying memorandum of law, Plaintiff asks that this court issue a summons so that the VMVBD can be

**Ex. C**

brought into this action as an indispensable party.

Respectfully submitted

*/s/ Thomas C. Willcox*
Thomas C. Willcox, #445135
5101 Wisconsin Avenue, N.W., Suite 210
Washington, D.C. 20016
202 223-0090
tomwillcox87@yahoo.com

CERTIFICATE OF SERVICE

I hereby certify that today I filed the foregoing Motion via CaseFileExpress,

and emailed a copy of the proposed order to:

judgejosey-herringeserve@dcsc.gov , dmahdavi@fmsrlaw.com, and Ray.Mulera@RCIS.COM

Today,

September 14, 2009

*/s/ Thomas C. Willcox*
Thomas C. Willcox

**Ex. C**

Filed
D.C. Superior Court
09 Nov 25 P02:35
Clerk of Court

## DISTRICT OF COLUMBIA SUPERIOR COURT
## CIVIL DIVISION

|  |  |  |
|---|---|---|
| COLIN ANDREW | ) |  |
| Plaintiff, | ) | Civil Action No. 2008 CA 008450 B |
| v. | ) |  |
|  | ) | Judge Josey Herring |
| WELLS FARGO ET AL | ) |  |
| Defendants. | ) | Next Court Date: December 11, 2009 |

## MOTIONS TO DISMISS, PRESENTING DEFENSES OF FAILURE TO STATE A CLAIM, LACK OF PERSONAL JURISDICTION AND IMPROPER JOINDER, UNDER RULE 12(b)

The Defendant moves the Court as follows:

1.      To dismiss the action as to the Motor Vehicle Dealer Board because the Complaint fails to state a claim against the Motor Vehicle Dealer Board upon which relief can be granted.

2.      To dismiss the action as to the Motor Vehicle Dealer Board because the court lacks personal jurisdiction over the Virginia Motor Vehicle Dealer Board under D.C. Code §13-421 et. seq.

3.      To dismiss the Motor Vehicle Dealer Board as a party to the action because it is not an indispensable party under Rule 19 and has been improperly joined in this matter.

WHEREFORE, for the reasons set forth above and for those set forth in the accompanying memorandum of points and authorities, The Virginia Motor Vehicle Dealer Board asks this court to dismiss it as a party, and dismiss the action as to it.

1

**Ex. D**

Respectfully submitted,
By counsel

WHITESTONE, BRENT,
 YOUNG & MERRIL, P.C.

Oral Hearing Requested

_/s/ Hunter A. Whitestone_____
Hunter A. Whitestone, Bar #454321
10513 Judicial Drive, #300
Fairfax, Virginia 22030
703/591-0200
Hunter.Whitestone@wbymlawfirm.com
Counsel for the Virginia Motor Vehicle Dealer Board

<u>CERTIFICATES</u>

I hereby certify that good faith efforts to resolve the issue in dispute have

been made and that despite diligent efforts consent could not be obtained and

that today I filed the foregoing Motion via CaseFileXpress and emailed a copy to

tomwillcox87@yahoo.com, Judgejosey-herringeserve@dcsc.gov,

dmahdavi@fmsrlaw.com and Ray.Mulera@RCIS.com

Today,

November 25, 2009

_/s/ Hunter A. Whitestone_____
Hunter A. Whitestone

2

**Ex. D**

**DISTRICT OF COLUMBIA SUPERIOR COURT**
**CIVIL DIVISION**

|  |  |  |
|---|---|---|
| COLIN ANDREW | ) | |
| Plaintiff, | ) | Civil Action No. 2008 CA 008450 B |
| v. | ) | |
| | ) | Judge Josey Herring |
| WELLS FARGO ET AL | ) | |
| Defendants. | ) | Next Court Date: December 11, 2009 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE VIRGINIA MOTOR VEHICLE DEALER BOARD'S MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM, LACK OF PERSONAL JURISDICTION AND IMPROPER JOINDER**

## FAILURE TO STATE A CLAIM

1. The Complaint filed in this action against American Import Center, Tehran Ghasri, and Wells Fargo Auto Finance does not seek any relief against the Virginia Motor Vehicle Dealer Board, and does not state any facts which would support a claim for relief against the Board.

2. Additionally, the Memorandum in Support of Plaintiff's Ex Parte Motion for Issuance of Summons for the Motor Vehicle Dealer Board to be joined as an Indispensable party states that the Board has a fund that pays up to $20,000 for judgments against Virginia auto dealers which the dealer does not satisfy. However, the Virginia statute which allows for recovery from the fund, Va. Code §46.2-1527.3, requires that a claimant be awarded a final judgment in a court in Virginia for fraud against a dealer. The case before this Court obviously is not proceeding in Virginia.

1

**Ex. D**

3. Dismissal under Rule 12(b)(6) is warranted "when it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim which would entitle them to relief" Cauman v. George Washington University, 630 A.2d 1104 (1993).  There is no doubt that the Plaintiff has failed to allege, and can prove no facts, to support a direct claim against the Board.

<u>LACK OF PERSONAL JURISDICTION</u>

4. The bases of personal jurisdiction of this Court over persons outside the District of Columbia jurisdiction is established in D.C. Code §§13-421 to 13-423.  The Board has neither an enduring relationship in the District of Columbia nor has it engaged in any conduct as defined by D.C. Code §13-423 which would allow this Court to exercise jurisdiction.

5. Plaintiff bears the burden of establishing an adequate factual basis for long-arm jurisdiction.  Naartex Consulting Corp. v. Watt, 232 U.S. App. D.C. 293, 722 F.2d 779, 785 (D..C. Cir 1983).  In Coalition on Sensible Transportation Inc. v. Dole 631 F. Supp 1382 (D.D.C. 1986), the court found jurisdiction was not established against the Maryland Department of Transportation and its administrator where the Department had no office in D.C. and conducted no business in D.C..  Similarly, in the case at hand, the Virginia Motor Vehicle Dealer Board has no office, nor does it conduct any business in the District of Columbia.  Therefore, jurisdiction cannot be exercised over the Board and this Court should dismiss the Board as a Party

2

**Ex. D**

## IMPROPER JOINDER UNDER RULE 19

6. The Plaintiff claims that the Board is an indispensable party under Rule 19. However, under the terms of that Rule, it is manifest that the Board is not a person needed for just adjudication. "A party is 'indispensable' when he has an interest in the proceeding not distinct and severable, and a final decree cannot be made in the party's absence without having an injurious effect on that interest; when the Court cannot do complete and final justice without affecting the party's interest; or when the final determination of the controversy in the party's absence will be inconsistent with equity and good conscience" Flack v. Laster 417 A.2d 393 (1980). None of the requirements under the Rule, or pertinent case law, have been established to join the Board as an indispensable party.

7. Further, under Rule 19(a), when a person is joined, they must be joined either as a plaintiff, defendant or an involuntary plaintiff. There is no other status for a party to be joined. However, The Plaintiff has in no way established, or even alleged, that the Board is any of these statuses. Therefore, the Board has been improperly joined as an indispensable party, and should be dismissed as a party.


Respectfully submitted,

By counsel

WHITESTONE, BRENT,
  YOUNG & MERRIL, P.C.

3

**Ex. D**

_/s/ Hunter A. Whitestone_
Hunter A. Whitestone, Bar # 454321
10513 Judicial Drive, #300
Fairfax, Virginia 22030
703/591-0200
Hunter.Whitestone@wbymlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that today I filed the foregoing Memorandum of Points &

Authorities via CaseFileXpress and e-mailed a copy to

Tomwillcox87@yahoo.com, Judgejosey-herringeserve@dcsc.gov,

dmahdavi@fmsrlaw.com and Ray.Mulera@RCIS.com

Today,

November 25, 2009

_/s/ Hunter A. Whitestone_
Hunter A. Whitestone

4

**Ex. D**

**DISTRICT OF COLUMBIA SUPERIOR COURT**
**CIVIL DIVISION**

|  |  |
|---|---|
| COLIN ANDREW<br>　　　　Plaintiff,<br>v.<br><br>WELLS FARGO ET AL<br>　　　　　Defendants. | )<br>)<br>)　Civil Action No. 2008 CA 008450 B<br>)<br>)　Judge Josey Herring<br>)<br>)<br>) Next Court Date December 11, 2009 |

**ORDER**

Upon consideration of the Motor Vehicle Board's Motions for Dismissal of

the action, it is by the Court this _____ day of _____, 2009, hereby

ORDERED that the clerk of court shall dismiss the action as to the Motor

Vehicle Board.

_____
Anita Josey-Herring
Associate Judge

1

**Ex. D**

Filed
D.C. Superior Court
09 Dec 15 A11:43
Clerk of Court

DISTRICT OF COLUMBIA SUPERIOR COURT
CIVIL DIVISION

Colin Andrew                                  Civil Action No. 2008 CA 008450 B
Plaintiff

                                              Judge Josey Herring
v.
                                              Next Court Date: June 4th 2009
Wells Fargo et al
Defendants-Appellees

RESPONSE TO MOTION TO DISMISS OF MOTOR VEHICLE DEALER BOARD

Plaintiff, by undersigned counsel, hereby responds to the Motion to Dismiss of the

Virginia Motor Vehicle Board (VMVB or the "Board") as follows:

The Board says it cannot be joined because the statute in question requires "a final

judgment in a court for Virginia".  Such requirement is a patent violation of the US Full Faith

and Credit Clause, which requires states to honor out of state judgments.

Second, as a de facto guarantor of a company that is subject to personal jurisdiction in

DC, the VMVB is subject to jurisdiction in DC.  Alternatively, as an indispensable party located

within 100 miles of DC, the VMVB may be brought in regardless of whether personal

jurisdiction may be asserted under DC law and the Due Process Clause of the US Constitution.

Finally, as te VMVB itself admits, Rule 19 has a broad standard for the definition of a

third party.  The Virginia Statute making the VMVB a de facto guarantor under certain

circumstances of a judgment for fraud against a Virginia Auto Dealer requires notice to the

VMVB of any lawsuit, plus service of all pleadings.  Moreover, the VMVB stresses such notice,

as it might exercise its right to intervene, if it views the judgment as being obtain improperly.

Therefore, the VMDB is an indispensable party to these proceedings.

I.  The Board's Interpretation of Section   is Unconstitutional, as a Violation of the Full Faith and
Credit Clause

**Ex. E**

The requirements of the Board at issue in this litigation are set forth below:  § 46.2-1527.3 "Recovery from Fund" ("Section Three"), generally.

> Except as otherwise provided in this chapter, whenever any person is awarded a final judgment **in a court of competent jurisdiction in the Commonwealth** for (i) any loss or damage in connection with the purchase or lease of a motor vehicle by reason of any fraud practiced on him or fraudulent representation made to him by a licensed or registered motor vehicle dealer participating in the Motor Vehicle Transaction Recovery Fund or one of a dealer's salespersons acting for the dealer or within the scope of his employment or (ii) any loss or damage by reason of the violation by a dealer or salesperson participating in the Motor Vehicle Transaction Recovery Fund of any of the provisions of this chapter in connection with the purchase of a motor vehicle on or after January 1, 1989, . . . .

In addition, § 46.2-1527.4 requires that the claimant have given notice of the lawsuit to the Board, so that it could intervene if it desired:

> Any action instituted by a person against a licensed or registered dealer or a salesperson, which may become a claim against the Fund, shall be served to the Board in the manner prescribed by law. All subsequent pleadings and documents shall also be served to the Board. Included in such service shall be an affidavit stating all acts constituting fraud or violations of this chapter. Upon service of process, the Board, or duly authorized representative, shall have the right to request leave of the court to intervene. The person shall submit such pleadings or documents to the Board by certified mail or the equivalent . . .

The Board's interpretation of Section 46.2-1572.3 is that <u>only</u> a judgment originating from a Virginia Court is sufficient.  This is a patent violation of the Full Faith and Credit Clause of the US Constitution.

The Full Faith and Credit Clause — Article IV, Section 1, of the U.S. Constitution — provides, "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State."   Under the Full Faith and Credit Clause, a state may

**Ex. E**

not discriminate against out of state judgments. U.S.C.A. Const. Art. 4, § 1.  Scott v. Com., 54

Va.App. 142, 676 S.E.2d 343 (Va.App.,2009).

      As a general rule, a court, when asked to give effect to the judgment of a court in another

state, may inquire into that court's jurisdiction without offending the Full Faith and Credit

Clause; only if the second court's inquiry discloses that those jurisdictional questions have been

fully and fairly litigated and finally decided in the court which rendered the original judgment, is

the second court precluded from re-examining the jurisdiction of the court rendering the original

judgment. Scott, *supra* , 54 Va. App.  SE 2d at 148 (Virginia court declined to honor Ohio

judgment because issue of jurisdiction not "fully and fairly litigated" in Ohio court).

      From its motion to dismiss, the Board views a judgment from a DC court registered in

Virginia as inferior to one originally brought in Virginia. This is a patent violation of the Full

Faith and Credit Clause.

      The Supreme Court has held that enforcement by sister states of a cause of action created

by another state does not deny full faith and credit to the original state's law.  See, e.g.,

Tennessee Coal Iron & RR Co v. Georgia, 223 U.S. 354 (1914) (Permitting enforcement by the

Georgia Courts of a cause of action give by Code Ala 1907, § 3910, to a servant for injuries

caused by defective machinery, as not denying full faith and credit to provision of section 6115

of that Code, which code specified that all actions brought under § 3910 must be brought in a

court of competent jurisdiction in the state of Alabama and commenting:

> The courts of the sister state, trying the case, would be bound to give
> full faith and credit to all those substantial provisions of the statute
> which inhered in the cause of action, or which name conditions on
> which the right to sue depend.  But venue is no part of the right, and
> a state cannot create a transitory cause of action and at the same time

**Ex. E**

> destroy the right to sue on that transitory cause of action in any court
> having jurisdiction. That jurisdiction is to be determined by the law
> of the court's creation, and cannot be defeated by the extraterritorial
> operation of a statute of another state, even though it created the right
> of action"

233 US at 354.

  Another case demonstrating that the Full Faith and Credit Clause trumps efforts of states

such as Virginia in the present case to express preference for the judgments of its own courts is

Atchison . S.F.R. Co. v  Sowers, 213 U.S. 55, 70 (1909).  In Atchison, the Supreme Court

permitted the enforcement in Texas Courts of a New Mexico statute giving a right of action for

personal injuries.  The New Mexico statute provided that such suits be brought after certain form

of notice in a particular district and was preceded by the recital that 'it has become customary for

persons claiming damages for personal injuries received in this territory to institute and maintain

suits for the recovery thereof in other states and territories to the increased cost and annoyance

and manifest injury and oppression of the business interests of business interests of this territory

and the derogation of the dignity of the courts thereof". 213 U.S. at 56.

  Despite this statement of the public policy of the territory, the Atchison court affirmed

the judgment affirmed by the plaintiff in Texas, noting:

>   When it is shown that the court in the other jurisdiction
> observed such conditions and that a recovery was permitted after
> such conditions had been complied with, the jurisdiction thus invoked
> is not defeated because of the provision of the statute 'requiring the
> suit to be brought in the district where the plaintiff resides or where
> the defendant, if a corporation, has its principal place of business'"

213 US at 50.  See also, Kenney v. Supreme Lodge, 252 U.S 411, 40 S.Ct 371, 64 L.Ed  638
(1920) (When a state creates a cause of action for death occurring therein, it cannot limit the
jurisdiction of the courts of other states to enforce it).

**Ex. E**

Therefore, the Board's interpretation of the statute as discriminating against judgments issued by DC courts and registered in Virginia is unconstitutional.

II.   The Board is Subject to the Jurisdiction of The DC Courts Because It Is A Guarantor of A Entity That Has Subjected Itself To the Jurisdiction of the DC Courts.

A.      AIC is subject to the jurisdiction of the DC courts per the DC long arm statute

In the present case, the complaint alleged that AIC, by causing tortious injury in the District of Columbia and by deriving a significant portion of revenues from DC, subjected itself to the jurisdiction of DC.

Such allegations were so compelling that AIC did not raise any defenses related to personal jurisdiction in its Motion to Dismiss.  Therefore, AIC has waived any such defenses, and is subject to the jurisdiction of the DC courts.

B.      As a guarantor of the debts of a corporation that derives significant revenues from DC, and is alleged to have caused tortious injury in DC, the Board is subject to jurisdiction in DC.

The law of Virginia and other jurisdictions is quite clear that a guarantor of a debtor is subject to jurisdiction wherever the debtor has done business in order to subject itself to the obligation in question.  *See, e.g,* General Electric Company v.  Deutz, 270 F. 3d 144, 152 (3rd Cir. 2001); Continental Bank v. Everett, 964 F.2d 701, 701 (7th Cir 1002); The State Bank of The Alleghenies v. Hudnall, 62 F.3d 1415 (4th Cir 1993, unpublished).  Therefore, by agreeing to guarantee the potential obligations of businesses that regularly subject themselves to the

Ex. E

jurisdiction of jurisdiction of the District of Columbia, the Board has subjected itself to the

jurisdiction of the District of Columbia.[1]

> C Alternatively, the Board is subject to jurisdiction pursuant to Sup Ct R
> 4(K)(1)B).
>
> (k) Territorial limits of effective service.
> (1) Service of a summons, complaint and initial order or filing an
> acknowledgment of service is effective to establish jurisdiction over
> the person of a defendant
> (A) who could be subjected to the jurisdiction of this Court, or
> (B) who is a party joined under Rule 14 or Rule 19 and is served at
> a place not more than 100 miles from the place of hearing or trial,

The Plaintiff asks the court to take judicial notice of the fact that Richmond is 98 miles

from the District of Columbia.  Therefore, the Board is subject to the jurisdiction of this court.

III.  The Board is Property Joined Under SupCtRCivPro 19.

In the present case, the Board is joined under Rule 19.  By its own statutes, it requires a

plaintiff who is suing a Virginia auto dealer for fraud to serve it with all pleadings in a case.  By

this same statute, the purpose of such service is so that the Board may intervene in the action to

protect its interests.  If the Board does not receive notice of such action, its statutes (and the law

of res judicata and issue preclusion) would mean that the Board could invoke such lack of notice

if the plaintiff were to obtain a judgment for fraud against AIC, then, if AIC were to fail to pay

the judgment, present the judgment to the Board for payment.

---

[1]The Board cites Coalition on Sensible Transportation v. Dole, 631 F. Supp 1382
(USDC 1986) to the contrary.  Coalition did not involve a governmental entity that guaranteed
obligations of businesses which obligations subjected said businesses to the jurisdiction of the
District of Columbia.

The Board's statutory framework means the plaintiff could be severely prejudiced if the Board were not named as an indispensable party to the action.  Therefore, Rule 19 dictates it be named as a party.

Respectfully submitted

*/s/ Thomas C. Willcox*
Thomas C. Willcox, #445135
5101 Wisconsin Avenue, N.W., Suite 210
Washington, D.C. 20016
202 223-0090
tomwillcox87@yahoo.com

CERTIFICATE OF SERVICE

I hereby certify that today I filed the foregoing document via CaseFileExpress, which indicated service had been effectuated electronically upon:

| | | |
|---|---|---|
| Hunter Whitestone | Ray Mulera | David R. Mahdavi |
| 10513 Judicial Drive, #300 | Levin & Rosenstein, P.C. | Francassi Firm |
| Fairfax Virginia   22030 | 1395 Piccard Drive, Suite | 1890 Preston White Drive |
| hunter.whitestone@wbymlawfirm.com | 110 | Suite 100 |
| | Rockville, MD 20850 | Reston VA 20191 |
| | ray.mulera@rcis.com | DMAHDAVI@FMSRLAW.COM |

The Hon Anita Josey-Herring
500 Indiana Avenue, N.W.
Washington DC 20001
judgejosey-herringeserve@dcsc.gov

Today,

December 15, 2009

*/s/ Thomas C. Willcox*
Thomas C. Willcox

Ex. E

Filed
D.C. Superior Court
12/23/2015 14:56PM
Clerk of the Court

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

| | |
|---|---|
| COLIN ANDREW,<br>            Plaintiff<br><br>        v.<br><br>AMERICAN IMPORT CENTER, *et al.*,<br>            Defendant | Docket No.    2008  CA 008450 B<br>Civil 2 Calendar #11<br>Judge Stuart G. Nash |

## JUDGMENT

The Court has entered default against defendant American Import Center, and heard evidence at an *ex parte* proof hearing on August 28, 2015.  On December 11, 2015, the Court granted plaintiff's motion for attorney's fees.

Accordingly, it is this  23rd  day of December, 2015,

**ORDERED** that judgment be, and it hereby is, **ENTERED** in favor of plaintiff Colin Andrew and against defendant American Import Center in the amount of $28,205.00 plus post-judgment interest on the entire amount at the statutory rate until paid.

The Court is aware that the attorney fee award in this case is a significant multiple of the actual damages being assessed in favor of plaintiff.   However, the Court has carefully reviewed the attorney fee request and finds that the fees requested in this case, which involved a substantial interlocutory appeal in which plaintiff prevailed, were necessary and reasonable to secure the result that plaintiff obtained.

**SO ORDERED.**

_____
Stuart G. Nash
Judge
Signed In Chambers

1

**Ex. F**

**Copies provided via Case File Xpress**:

Thomas Willcox
*Counsel for Plaintiff*

**Copies provided via First-Class Mail:**

American Import Center
9111 Antique Way
Manassas, VA 20110
*Defendant*

2

**Ex. F**

Filed
D.C. Superior Court
08/09/2016 22:10PM
Clerk of the Court

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

Colin Andrew,                     Civil Action No. 2008 CA 008450 B
   Plaintiff                      Calendar #11
v.                            Hon. Stuart Nash
                               Next Court date: N/A
American Import Center,
   Defendant

MOTION FOR MODIFIED ORDER

Plaintiff Colin Andrew, through undersigned counsel, hereby moves this court for a modified order regarding the Defendant's liability in the above-referenced action.

Plaintiff makes this request because the court's December 23rd 2015 Order did not make specific reference to fraud.  Further, the Virginia Motor Vehicle Dealer Board requires a finding to fraud to make a payment.

Pursuant to Sup Ct R 12-I, Plaintiff has not been able to obtain Defendant's consent to this motion.

**Ex. G**

WHEREFORE, for the reasons set forth above and in the accompanying memorandum of law, Plaintiff Colin Andrew asks that this court issue the proposed order making specific reference to fraud in the transactions at issue therein, and any other relief this court deems just and proper.

Respectfully submitted

*/s/ Thomas C. Willcox*
Thomas C. Willcox, #445135
1717 K Street, N.W., Suite 900
Washington DC 20036
(t)202.338.0818
(m) 202.617.4210
tcw19law@gmail.com
Counsel for Plaintiff Colin Andrew

**Ex. G**

CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing Motion and supporting documents via Casefile express. As the Defendant is in default, I mailed a copy to his last known address:

American Import Center
9111 Antique Way
Manassas VA 20110

Today

August 9, 2016

*/s/Thomas C. Willcox*
Thomas C. Willcox

**Ex. G**

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

Colin Andrew,                        Civil Action No. 2008 CA 008450 B
   Plaintiff                         Calendar #11
v.                                   Hon. Stuart Nash
                                     Next Court date: N/A
American Import Center,
   Defendant


MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AMENDED ORDER

FACTS

1)      This action was commenced in December 2008

2)      The action alleged that in 2006. Mr. Andrew agreed to guarantee a car purchase by his Friend

Barack Fadavi from American Import Center ("AIC") in Manassas Virginia.

3)      The Defendant defaulted in the case, and a hearing as to damages was held on August 28 2015.

4)      At said hearing, Mr. Andrew testified in a manner that was consistent with the Proposed Finding

of Fact and Conclusions of law filed with this court on October 29, 2015 (and attached as Exhibit A to

this Memorandum), while Mr. Andrew believed he was guaranteeing the transaction, in fact, the

anticipated sale was hampered by the fact Mr. Fadavi did not have a driver's license.

5)      Therefore, AIC, without the consent of either Mr. Andrew or Mr. Fadavi, structured the

transaction so that Mr. Andrew was the purchaser.

6)      The operative documents demonstrate that Mr. Andrew did not consent to the to the terms of the

transaction.

7)      Further, AIC's agent showed up at Mr. Andrew's place of work and failed to disclose that the

documents had him, and not Mr. Fadavi, as the owner of the vehicle.

8)      On December 23rd 2015, this court entered an order, granting Mr. Andrew $3000 in statutory

damages, plus attorneys fees.

1

**Ex. G**

9)      However, the order made no specific reference to fraud.

10)     The undersigned sought to request a transcript of the default hearing to facilitate the process of obtaining this order. However, the Court Reporting Division could not locate the recording sought.

11)     The undersigned will be submitting the court's order to the Virginia Motor Vehicle Board.

12)     The Board requires that the aggrieved consumer find fraud.

13)     As the December 23rd Order does not contain a specific reference to fraud, the undersigned is not sure the Board will consider it sufficient.

14)     The attached Proposed Order makes such references.


CONCLUSION

For these reasons, the undersigned asks that this court grant the instant Motion.

Respectfully submitted

*/s/ Thomas C. Willcox*
Thomas C. Willcox, #445135
1717 K Street, N.W., Suite 900
Washington DC 20036
202.338.0818
mobile 202.617.4210
tcw19law@gmail.com
Counsel for Plaintiff Colin Andrew

2

**Ex. G**

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

Colin Andrew,                          Civil Action No. 2008 CA 8450 B
    Plaintiff                          Calender 11
v.                                      Hon. Stuart Nash
                                        Next Court date: November 6, 2015
American Import Center,
    Defendant

### PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.    Colin Andrew  ("Mr. Andrew"), through his counsel, sets forth the following proposed findings of fact and conclusions of law based on the hearing that took place before this court on Friday, August 28 2015

2.    Mr. Andrew testified to the following facts, all as of late 2006, unless otherwise stated.

3.    Mr. Andrew was a resident of the District of Columbia, living on New York Avenue.  He was a student and earning no more than $800 a month.  He had a $400 per month car payment, and paid his child's mother a large portion of the balance.

4.    Also as of 2007, Defendant American Import Center Inc (AIC) has a principal place of business at 9111 Antique Way, Manassas, Virginia   20110.  AIC is now defunct. One Tehran Ghasri was an employee of AIC.

5.    Also as of 2007, Mr. Baback Fadavi was a 26 year old high school graduate, cell phone salesmen, single and physically disabled, in that he was 90% blind. He did not have a driver's license. In December 2006, Mr. Fadavi was earning approximately $26,000.

6.    Mrs. Fadavis, Baback's, mother, was a 51 year old high school graduate, profession homemaker, disabled with a fused spine, requiring constant medication for her pain. Baback and his mother shared the same residence on Davis Place, Northwest Washington DC.

**Ex. G**

8. In December 2006, Mr. Fadavi wanted a car so his mother could drive him to work and do errands.

9. Mr. Fadavi knew Mr. Ghasri, with whom Mr. Fadavi had gone to school many years ago. Mr Fadavi knew Mr. Ghasri worked at AIC as a sales person.

10. From his DC residence, Mr. Fadavi Mr. Ghasri and told him of his needs of a car.

11. Mr. Fadavi agreed to buy a 2006 Nissan Ultima for approximately $20,000.

12. Mr. Ghasi ran a credit check on Mr. Fadvai, and Mr. Fadavi was approved.

13. However, at some point during the telephone conversations, Mr. Ghasri learned Mr. Fadavi did not have a driver's license, and therefore could not own a car.

14. Barack agreed that instead Mrs. Fadavi would purchase the car.

15. However, Mrs. Fadavi had poor credit.

16. Mr. Andrew, a friend of Barack, agreed to guarantee the purchase so that the purchase would be completed.

17. On December 15 2006, Mr. Andrew was working at TGIF Fridays when Mr. Ghasari stopped by and and asked Mr. Andrew to sign the papers.

18. Mr. Andrew relied on Mr. Fadavi to structure the transaction properly.

19. He knew Mr Fadavi knew Mr Ghasri well, and therefore trusted the two old friends

20. Mr Ghasri took all papers to Mr. Fadavi, telling Mr. Andrew that he, Mr. Fadavi, had to sign the paperwork he would leave the papers with Mr. Fadavi.

21.On the same night, Mr. Ghasri appeared at Mr. Fadavi's residence,   Davis Place, DC, and delivered the car.

22. Soon after the purchase,  when Mr and Mrs Fadavi went to the the DC Department of Motor

2

**Ex. G**

Vehicles, they were told they could not obtain a parking permit for their zone, as the owner of the vehicle lived in a different zone.

23. They then realized Mr. Ghasri, had prepared the papers so that Mr. Andrew was the owner of the vehicle.

24. An inspection of the papers (all introduced at the hearing) submitted by Mr. Ghasri to qualify Mr. Andrew for the purchase confirmed that AIC had indeed made Mr. Andrew the owner. Exhibit A (Retail Installment Contract and Security Agreement), Exhibit B (Odometer Disclosure Statement), Exhibit C (Agreement to provide Accidental Physical Damage Insurance) , and Exhibit D (Waiver of Benefits).

25. The inherent contradiction in AIC's intent with respect to the transaction is demonstrated by Exhibit E, "Verification of Insurance for Sheren Fadavi"), wherein it is contemplated that Ms. Fadavi be the owner of the vehicle.

26.Even further, documents obtained by Mr. Andrew after the transaction demonstrate AIC made material misrepresentations on the relevant papers in order to consummate the transaction.  For example, on the loan application, Mr. Fadavi is listed as having a rent payment per month of $395 – over $1000 less than what Mr. Fadavi actually paid. Further, the monthly income of Ms. Fadavi, unemployed, is identified as $6000. Exhibit I-2.

27.  Finally, while Mr. Andrew was not able to obtain from AIC documentation his income was falsified, his net monthly income of $800, car payment of $400 and familial obligation leaves the inescapable conclusion that AIC must have misstated his income for him to qualify for the $372 monthly payment (see Ex A) for the vehicle.

28.  When Mr. Fadvai tried to obtain registration papers for the vehicle, he realized title for the

3

vehicle was in Mr. Andrew's name.

29.  As a result, the only parking sticker Mr. Fadavi could obtain was for Mr. Andrew's address, where there was no room for parking.

30.  As the car could not be parked by Mr. Fadavit's home, it was ultimately towed. Because Mr. Fadavi could not park it, he could not use it.  The car was ticketed multiple times, and Mr. Andrew had to pay storage and towing fees.   See Exhibit F ($900 in parking tickets, ($980 in storage fees and $100 in towing fees).

31. It was ultimately repossessed.

32.  Mr. Andrew also faced damage to his credit report.  See Exhibit G, pp 6-7.

33.  Had Mr. Andrew known that he was signing to own, as opposed to guarantee the purchase of, the vehicle, he would refused to complete the deal.

### CONCLUSIONS OF LAW AS TO MR. ANDREW AND AIC

30.  The District of Columbia Consumer Protection Procedures Act, D.C. Code Sections 28-3901 et, seq. (the "DCCPPA") governs transactions between consumers and merchants which take place in the District of Columbia or which damage consumers located in the District of Columbia.

31.  AIC was a merchant, and Mr. Andrew was a consumer for the transaction in question. Because Mr. Andrew was a resident of the District of Columbia, and was damaged when the vehicle was delivered to his address in the District of Columbia, District of Columbia law applies to this transaction.

32. It is a violation of D.C. Code Sec. 28-3904, whether or not any consumer is in fact misled, deceived or damaged thereby,  for any person to, inter alia:

4

**Ex. G**

Misrepresent a material fact which has a tendency to mislead (subsection (e));

Fail to state a material fact if such failure tends to mislead (subsection (f));

33. AIC violated the DCCPPA in numerous ways, including, but not limited to, the following;

Falsifying Mr. Andrew's income on the loan application

Representing to Mr. Andrew he would be the guarantor, not the owner, then having him sign documents committing himself to ownership of the vehicle.

34. The Dealer's violations of the DCCPPA were wanton, willful and intentional.

35. Mr. Andrew is entitled to two statutory damages in the amount of $1500 each, or $3000.[1]

Respectfully submitted

*/s/ Thomas C. Willcox*
Thomas C. Willcox, #445135
1717 K Street, N.W., Suite 900
Washington DC 20036
202.617.4210
tcw19law@gmail.com
Counsel for Plaintiff Colin Andrew

---

[1] Under the DC Consumer Protection Act, Mr. Andrew is also entitled to attorneys fees. A separate Motion for this relief will be filed after the court's ruling on the instant filing.

5

**Ex. G**

CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document via CasefileExpress, and mailed a copy to a party in default:

American Import Center
9111 Antique Way
Manassas VA 20110

Today,

10/27/15

*/s/ Thomas C. Willcox*

6

**Ex. G**