IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**COLIN ANDREW,**

    **Plaintiff,**

**v.**                                                                                          **Civil Action No. 3:17cv373**

**MARK HERRING, *et al.*,**

    **Defendants.**

## MEMORANDUM OPINION

This matter comes before the Court on Defendants'[1] Amended Motion to Dismiss.[2] (ECF No. 27.) Plaintiff Colin Andrew responded, and Defendants replied. (ECF Nos. 34, 35.) The matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. For the reasons that follow, the Court finds that Andrew lacks standing and will remand the case to the Superior Court of the District of Columbia.

---

[1] Andrew named eighteen defendants: Mark Herring, in his official capacity as Attorney General of Virginia; and Larry T. Bailey, Roy E. Boswell, M. Gardner Britt, Jr., David P. Duncan, L. Steve Farmer, David Gripshover, Rick Holcomb, Clay Huber, William "Art" Hudgins, Brian P. Hutchens, Ronald Kody, Chip Linsday, Chris Maher, Matthew McQueen, Jacques J. Moore, Jr., George R. Pelton, and Joe Tate, each in his professional capacity as a member of the Virginia Motor Vehicle Dealer Board. The Court will refer to them collectively as "Defendants."

[2] On September 19, 2016, Defendants filed a Motion to Dismiss in the United States District Court of the District of Columbia (the "D.C. District Court"). (ECF No. 7.) On May 5, 2017, the D.C. District Court transferred the case to the United States District Court for the Eastern District of Virginia. (ECF No. 15.) On May 17, 2017, Defendants moved to amend their Motion to Dismiss in light of the change in venue and other procedural developments. (ECF No. 20.) Andrew did not oppose the motion. The Court granted the Motion to Amend, (ECF No. 24), and Defendants submitted the Amended Motion to Dismiss now before the Court.

## I. Procedural and Factual Background

### A. Procedural History

In 2008, Andrew filed a claim in the Superior Court of the District of Columbia (the "D.C. Superior Court") against a Virginia-based motor vehicle dealer alleging fraud related to the purchase of a vehicle.[3] In 2015, Andrew obtained a default judgment against the dealer. Because the dealership was no longer in business, Andrew filed a claim with the Virginia Motor Vehicle Dealer Board (the "Board") seeking compensation for the unpaid judgment from the Virginia Motor Vehicle Transaction Recovery Fund (the "Fund"), which the Board administers. The Board denied the claim after determining that Andrew did not meet the Fund's statutory requirements.

In June 2016, Andrew filed a second suit in D.C. Superior Court, this time as a purported class action. (2016 D.C. Superior Ct. R., 88–103, ECF No. 3.) Andrew, on behalf of himself and others similarly situated, challenged the Board's interpretation of the statutory scheme governing the Fund as unconstitutional. On September 2, 2016, Defendants timely removed the case to the D.C. District Court. (ECF No. 1.)

On September 8, 2016, Andrew filed an Amended Complaint. (ECF No. 4.) In his Amended Complaint, Andrew alleges that "Defendants incorrectly interpret a statutory scheme

---

[3] Defendants submit various exhibits to provide procedural background about the litigation proceedings to this point, as well as support for their motion to dismiss. When a trial court is considering a 12(b)(1) motion challenging the existence of subject-matter jurisdiction in fact, apart from the pleadings, the court may weigh evidence to determine the existence of jurisdiction. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Int'l Longshoremen's Ass'n, S.S. Clerks Local 1624, AFL-CIO v. Virginia Int'l Terminals, Inc.*, 914 F. Supp. 1335, 1338 (E.D. Va. 1996) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

Andrew does not dispute the authenticity of the documents. Indeed, many documents appear to be duplicates Andrew filed in the D.C. Superior Court, the D.C. District Court, or both. The Court will refer to the exhibits, and other exhibits in the record, as appropriate.

so as to favor judgments of the Commonwealth of Virginia over judgments of other states" in violation of the Constitution's Full Faith and Credit Clause.[4] (Am. Compl. 1, ECF No. 4.) Andrew argues that the statute should be interpreted to treat Virginia and non-Virginia judgments identically in order to avoid an unconstitutional application.

On May 5, 2017, the D.C. District Court transferred the case to this Court because the legally relevant events—particularly, the Board's denial of Andrew's claim—would take place in Virginia. Defendants seek dismissal of Andrew's Amended Complaint.

### B. **Factual Background**

Because Andrew's claim relies on the manner in which the Fund operates, a description of the Fund and relevant aspects of its operation follows. The Court limits this description to facts that neither party disputes.

The Fund is part of a Virginia statutory scheme designed to protect consumers from fraudulent business practices related to the purchase or lease of a motor vehicle. Va. Code § 46.2-1527.3.[5] Claims must meet certain requirements to be eligible for compensation from the

---

[4] The Full Faith and Credit Clause states, in relevant part: "Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state." U.S. Const. Art. IV, § 1.

[5] Va. Code § 46.2-1527.3 states, in pertinent part:

[W]henever any person is awarded a final judgment in a court of competent jurisdiction in the Commonwealth for (i) any loss or damage in connection with the purchase or lease of a motor vehicle by reason of any fraud practiced on him or fraudulent representation made to him by a licensed or registered motor vehicle dealer participating in the Motor Vehicle Transaction Recovery Fund or one of a dealer's salespersons acting for the dealer or within the scope of his employment . . . the judgment creditor may file a verified claim with the Board, requesting payment from the Fund of the amount unpaid on the judgment subject to [listed conditions].

Va. Code § 46.2-1527.3.

Fund: a claimant must have a valid, final judgment for fraud related to the purchase or lease of a motor vehicle; the claimant can only request payment for the unpaid balance on the judgment; and the judgment must be awarded by a "court of competent jurisdiction in the Commonwealth." *Id.* The statutory scheme outlines additional procedures for eligibility. Va. Code §§ 46.2-1527.1–46.2-1527.8. The Board manages the Fund and determines whether claims are approved or denied. Va. Code §§ 46.2-1527.1–46.2-1527.8.

### 1. In 2016, Andrew Obtained a Default Judgment in the D.C. Superior Court Against American Import Center, a Virginia Motor Vehicle Dealer

On December 2, 2008, Andrew filed a complaint in the D.C. Superior Court against American Import Center, a Virginia motor vehicle dealer (the "2008 D.C. Complaint"). (ECF No. 28-2.) The 2008 D.C. Complaint accused American Import Center of fraud in violation of the District of Columbia's consumer protection laws. Andrew alleged that he agreed to be the co-signer on loan for a vehicle his friend intended to purchase. Andrew claimed the auto dealer understood this, but nevertheless prepared and induced Andrew to sign paperwork naming Andrew as the vehicle owner. Further, according to Andrew, the auto dealer inaccurately reported Andrew's income and expenses to ensure the bank approved Andrew's loan. Andrew alleged a bank would not have approved the car loan if accurate data had been submitted. Because Andrew was the legal owner, his friend could not to register the vehicle and subsequently failed to make any payments on the vehicle. The car ultimately was repossessed and Andrew claims the damage to his credit score negatively affected his employment opportunities and existing lines of credit, with lingering effects.

The case was continued repeatedly until July 2015. During a July 2015 Status Hearing, the D.C. Superior Court orally entered a default judgment against American Import Center.

Counsel for American Import Center, during that same hearing, stated on the record that he did "not think that the Defendant's [sic] have an interest in participating in litigating this matter because the dealership (American Import Center) has not been a business entity for about three years now." (D.C. Docket 6, ECF No. 28–1.) Approximately one month later, in August 2015, Andrew testified as the only witness in an *ex parte* hearing, submitting a motion for attorney's fees and related documentation. During a December 11, 2015 Status Hearing, the D.C. Superior Court orally awarded Andrew $3,000 in statutory damages and $25,205 in attorney's fees. On January 5, 2016, the D.C. Superior Court issued a judgment to that effect. The D.C. Superior Court Judgment does not reference fraud.

### 2. In 2017, the Fund Denied Andrew Compensation Because the D.C. Superior Court Judgment Was Not Obtained in Virginia and Did Not Rest on a Finding of Fraud

In January 2017, after obtaining the D.C. Superior Court Judgment, Andrew filed a claim with the Board. The claim requested payment for the unpaid judgment from the Fund, which the Board administers.

In a letter dated March 17, 2017 (the "Board Denial"), the Board denied Andrew's claim on two separate grounds: "(1) the final judgment was not awarded in a court of competent jurisdiction in the Commonwealth of Virginia and (2) the final judgment was not for fraud." (Board Denial 2, ECF No. 28-9.) The Board noted that "the reasoning of the Court's decision needs to be evident from the judgment itself" because the Fund is limited to compensating fraud judgments related to the sale or lease of a vehicle. (*Id.* at 2.) The Board Denial described Andrew's right to appeal in state court and the procedure, including applicable deadlines to do so. Although Andrew submitted a Notice of Appeal, he never perfected his appeal. The time to do so expired.

5

## II. Analysis

Defendants seek dismissal of Andrew's class action Amended Complaint on either of two grounds: (1) for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1);[6] or (2) for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).[7] The Court begins, as it must, by addressing Defendants' motion to dismiss for want of subject-matter jurisdiction.[8] Because Andrew has no valid judgment for fraud, the Court finds that he lacks standing to proceed in federal court.[9] Therefore, the Court will remand this case to the D.C. Superior Court.[10]

### A. The Three-Part Test Used to Evaluate Article III Standing

Federal district courts are courts of limited subject-matter jurisdiction. *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009) (citing *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005)). This Court must, as a result, determine whether it has jurisdiction over the claims at issue. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) ("The requirement that jurisdiction be established as a threshold

---

[6] "[A] party may assert the following defense[ ] by motion: (1) lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1).

[7] Rule 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

[8] Defendants move, in the alternative, to dismiss Mark Herring as an improper party to this suit. Of course, if the Court lacks subject-matter jurisdiction over Andrew's claims, Defendants' alternative bases for dismissal become moot. *Harrison v. U.S. Social Sec. Admin.*, No. 3:13cv435, 2014 WL 29042, at *1 (E.D. Va. Jan. 2, 2014). Andrew's inability to establish standing renders moot this alternative basis for the motion to dismiss.

[9] The Court's finding that Andrew has no judgment for fraud in no way implicates the Full Faith and Credit Clause of the Constitution, so the Court need not address that constitutional argument.

[10] "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added).

matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'") (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). "The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation . . . ." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing Fed. R. Civ. P. 12(b)(1)).

Article III, Section 2, clause 1 of the Constitution limits federal court jurisdiction to "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. As the United States Supreme Court has explained, an "essential and unchanging part of the case-or-controversy requirement" is that a plaintiff must establish Article III standing to sue. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). In *Spokeo, Inc. v. Robins*, the Supreme Court reiterated that, in order to establish standing, a plaintiff must have: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant;[11] and[,] (3) that is likely to be redressed by a favorable judicial decision.[12]" 136 S. Ct. at 1547 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

### B. Federal Rule of Civil Procedure 12(b)(1) Standard

In a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenging the Court's subject-matter jurisdiction, the burden rests with the party asserting jurisdiction to prove that federal jurisdiction is proper. *See Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338 (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d

---

[11] To show a causal connection, "the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court.'" *Lujan*, 504 U.S. at 560–61 (quoting *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 41–42 (1976)).

[12] A party may establish the third element of standing by showing "that the injury will be [likely] 'redressed by a favorable decision.'" *Lujan*, 504 U.S. at 561 (quoting *Simon*, 426 U.S. at 38, 43). A plaintiff cannot have standing where redressability of an injury is merely "speculative." *Id.*

1213, 1219 (4th Cir. 1982)). A motion to dismiss pursuant to Rule 12(b)(1) can attack subject-matter jurisdiction in two ways.

First, a Rule 12(b)(1) motion may attack the complaint on its face, asserting that the complaint fails to state a claim upon which subject-matter jurisdiction can lie. *See Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219. In such a challenge, a court assumes the truth of the facts alleged by plaintiff, thereby functionally affording the plaintiff the same procedural protection he or she would receive under Rule 12(b)(6) consideration. *See Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219.

A Rule 12(b)(1) motion also may, as Defendants do here, challenge the existence of subject-matter jurisdiction in fact, apart from the pleadings. *See Richmond, Fredericksburg & Potomac R.R. Co.*, 945 F.2d at 768; *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219. In such a case, because a party challenges the court's "'very power to hear the case,'" the trial court is free to weigh evidence to determine the existence of jurisdiction. *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *See id.*; *see also Adams*, 697 F.2d at 1219.

If the facts necessary to determine jurisdiction intertwine with those facts central to the merits of the dispute, the proper course of action is for the court to find that jurisdiction exists and then to resolve the factual dispute on the merits unless the claim is made solely for the

purpose of obtaining jurisdiction, or is determined to be wholly insubstantial and frivolous.[13]

*Bell v. Hood*, 327 U.S. 678, 682–83 (1946); *United States v. North Carolina*, 180 F.3d 574, 580 (4th Cir. 1999); *Adams*, 697 F.2d at 1219.

### C. Procedural Developments Require the Court to Look Beyond the Pleadings to Determine the Existence or Absence of Subject-Matter Jurisdiction

Defendants' Rule 12(b)(1) motion amounts to a challenge to the court's "very power to hear the case." *See Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338 (internal citations omitted). In light of the procedural developments in the case, this Court looks beyond Andrew's allegations and reviews the evidence as a whole. *See Richmond, Fredericksburg & Potomac R.R. Co.*, 945 F.2d at 768 (4th Cir. 1991) ("In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as *mere evidence* on the issue, and *may consider evidence outside the pleadings* without converting the proceeding to one for summary judgment." (emphasis added)).

Recently, Defendants removed the action to federal court from the D.C. Superior Court pursuant to 28 U.S.C. § 1441[14] because Andrew challenged the constitutionality of a Virginia statute in his D.C. Complaint. Andrew did not oppose the removal and instead filed an Amended Complaint asserting that this federal Court "has subject matter jurisdiction as this case is

---

[13] This test does not apply because the parties here do not dispute the *facts* related to subject-matter jurisdiction. Instead, the crux of the controversy rests on the *legal significance* of the D.C. Superior Court Judgment.

[14] Section 1441(a) provides, in pertinent part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

grounded entirely on claims brought exclusively under 28 U.S.C. Section 1983[15] seeking enforcement of constitutional rights under the Full Faith and Credit Clause of the United States Constitution." (Am. Compl. 2.) But having removed the case to a federal court, Defendants now pursue dismissal of the case under Federal Rule of Civil Procedure 12(b)(1) for want of Article III standing.

The docket materials properly before the Court dispel any concern about Defendants taking inconsistent positions. Defendants' removal arguments do not directly conflict with their current standing arguments. At first, Defendants argued that removal was proper because Andrew alleged that Virginia Code § 46.2-1527.3 violated the Constitution's Full Faith & Credit Clause. Andrew persists in this argument in his federal Complaint. Defendants now contend that Andrew lacks standing, but they do so based on developments that occurred after the removal to federal court: specifically, strong evidence that Andrew lacks standing because he presents no judgment for fraud.

Andrew's claim has evolved as it trod its path along the three courts addressing it. At the time of removal, the D.C. Superior Court had entered a default judgment in Andrew's favor related to claims Andrew brought against a Virginia automobile dealer, which Andrew claimed was a judgment for fraud. The default judgment made no reference to fraud. In the summer of

---

[15] 42 U.S.C. § 1983 provides a private right of action for a violation of constitutional rights by persons acting under the color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

2016,[16] months before filing this federal Amended Complaint, Andrew filed a motion for a modified order, asking the D.C. Superior Court to explicitly refer to fraud. On October 24, 2016, the D.C. Superior Court denied the motion for a modified order, expressly declining to make or recognize a finding of fraud. "This court listened to the proceeding on December 11, 2015, and Judge Nash did not make a specific finding on the record as to fraud (or as to any other claim for that matter); therefore, this Court declines to amend Judge Nash's previous Order to make a specific finding." (Oct. 2016 Order 1, ECF No. 28-8.) In light of this development, Defendants filed an Amended Motion to Dismiss appropriately raising the question of subject-matter jurisdiction, despite having removed the case to a federal court under different procedural facts.[17] Finding it necessary and appropriate to do so, the Court considers the evidentiary record as a whole to make its determination. *See Adams*, 697 F.2d at 1219.

### D. Andrew Lacks Standing Because He Cannot Show That a Favorable Judicial Decision Would Redress His Alleged Injury

The parties do not dispute whether Andrew meets the first two prongs of standing: (1) an injury in fact, (2) that is fairly traceable to Defendants' conduct. *See Spokeo*, 136 S. Ct. at 1547. Assuming, without deciding, that Andrew meets the first two prongs of standing, he nevertheless fails to show that a favorable judicial decision would redress his alleged injury. *Id.*

Andrew asks this Court to compel the Board to interpret the statutory scheme governing the Fund in a way that would compensate judgments for fraud that are obtained outside of the

---

[16] The record is unclear about exactly when Andrew filed this motion for a modified order: Andrew claims to have filed the motion on June 22, 2016, but Defendants claim and the D.C. Superior Court docket sheet shows that the motion was submitted on August 9, 2016. In either case, all parties and documents agree that Andrew requested the modification to the judgment *before* he filed his Amended Complaint in federal court.

[17] The Court notes that all parties have had sufficient opportunity to brief subject-matter jurisdiction. Defendants raised the issue under Rule 12(b)(1) in their Motion to Dismiss, and Andrew responded, including counter-arguments to the 12(b)(1) motion. The materials before the Court therefore adequately address the issue.

Commonwealth of Virginia. He asks this so that he may be compensated for the default judgment he obtained in the D.C. Superior Court in 2015. Even if the Court took such action, Andrew would not benefit because the Board Denial rested not only on the grounds that his judgment was obtained outside of Virginia, but also on Andrew's failure to present a judgment for fraud. Because the D.C. Superior Court Judgment does not cite fraud, and that court on motion expressly declined to make or recognize a finding of fraud, the Board correctly interpreted the D.C. Superior Court Judgment. Andrew is ineligible for compensation from the Fund. *See* Va. Code § 46.2-1527.3.

In the Amended Complaint at bar, Andrew claims he has "obtained a DC judgment for fraud against a defunct Virginia Auto dealer." (Am. Compl. ¶ 49.) He has not. Andrew has obtained a default judgment that makes no reference to fraud. Apparently recognizing this fact, and *before* filing his Amended Complaint in federal court, Andrew filed a motion for a modified order in the D.C. Superior Court, requesting that it modify the order to specifically refer to fraud. In his motion, Andrew acknowledged that the D.C. Superior Court's "Order [entering the default judgment] did not make a specific reference for fraud. Further, the Virginia Motor Vehicle Dealer Board requires a finding of fraud to make a payment." (Mot. for Modified Order 1.)

If any doubt existed about whether the original judgment *might* qualify as a judgment for fraud for purposes of qualifying for compensation from the Fund, subsequent court action removed any doubt. On October 24, 2016, the D.C. Superior Court denied the motion to modify the judgment and expressly declined to recognize a finding of fraud. The D.C. Superior Court was clear: Andrew's 2015 Judgment from the D.C. Superior Court does not constitute a judgment for fraud. Nothing in the extensive record countermands this conclusion. Indeed, this conclusion is only bolstered by other evidence: the transcript of the August 28, 2015

proceedings; the transcript of the December 11, 2015 proceedings; Andrew's own attempts to modify the D.C. Superior Court Judgment; the Board's March 17, 2016 letter denying the claim because the judgment was not a judgment for fraud; and the plain language of the D.C. Superior Court Judgment itself all point to the same outcome. Although Andrew alleges that the D.C. Superior Court Judgment is "tantamount to a finding that [the auto dealer] committed fraud," he cites no legal support for this claim and does not attach any exhibits that would persuade the Court to adopt his interpretation. (Resp. 25.)

Because Andrew lacks a judgment for fraud, he fails to meet the statutory requirements to apply for relief from the Fund. Because he is ineligible for relief from the Fund, a favorable outcome in this case would not redress his alleged injury. Consequently, Andrew lacks standing to proceed.

### E. Because the Court Lacks Subject-Matter Jurisdiction, the Court Must Remand the Case to the D.C. Superior Court

Removal jurisdiction must be strictly construed because it raises significant federalism concerns. *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)). When a court finds that it lacks subject-matter jurisdiction, it must remand the case. 28 U.S.C. § 1447(c).[18]

In their Amended Motion to Dismiss, Defendants request that the Court dismiss the Complaint for lack of subject-matter jurisdiction. Although the Court doubts that Andrew's claim can survive a standing challenge in any court due to the lack of a judgment for fraud, the Court is not in a position to dismiss the case. Rather, the statutory mandate is clear: the Court must remand the case to the D.C. Superior Court. 28 U.S.C. § 1447(c).

---

[18] "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added).

13

### III. Conclusion

For the foregoing reasons, the Court finds that it lacks subject-matter jurisdiction. Therefore, the Court will remand this civil action to the D.C. Superior Court.

An appropriate Order will issue.

/s/
M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date: 7/11/18